# 18-691-CR

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
--------------------------------------------------X

UNITED STATES OF AMERICA,                    Docket No. 18-691

                    Appellee,

          -v-

Ross William Ulbricht, aka Dread Pirate Roberts, aka Silk Road,
      aka Sealed Defendant 1, aka DPR,

              Defendant-Appellant.

_____

*On Appeal from the United States District Court*
*for the Southern District of New York (New York City)*

## BRIEF AND APPENDIX FOR DEFENDANT-APPELLANT

Paul Grant
Counsel for Mr. Ulbricht
Law Office of Paul Grant
P.O. Box 2720
Parker, CO 80134
303-909-6133

# TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES     i

JURISDICTIONAL STATEMENT     1

ISSUES PRESENTED     1

STATEMENT OF THE CASE     2

SUMMARY OF ARGUMENT     4

ARGUMENT     9

**I.    The Court Abused its Discretion When it Denied the Request for Extension of Time to Submit Rule 33 Motion.**     9

**II.    The Court Abused its Discretion When it Denied the Petition for Rehearing re Denial of Request for Extension of Time to Submit Rule 33 Motion**     18

CONCLUSION     23

CERTIFICATE OF COMPLIANCE     24

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*Brady v. Maryland*, 373 U.S. 83 (1963)                                    15

*Davidson v. Keenan*, 740 F.2d 129 (2d Cir. 1984)                          16

*Fuentes v. T. Griffin*, 829 F.3d 233 (2d Cir. 2016)                       15

*Koon v. United States*, 518 U.S. 81 (1996)                                16

*Pescatore v. Pan Am. World Airways Inc.*, 97 F.3d 1 (2d Cir. 1996)        23

*Sims v. Blot*, 534 F.3d 117 (2d Cir. 2008)                                16

*Smith v. Hogan*, 794 F.3d 249 (2d Cir. 2015)                             22

*United States v. Bagley*, 473 U.S. 667 (1985)                            15

*United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001)                     15

*United States v. DeMott*, 513 F.3d 55 (2d Cir. 2008)                     22

*United States v. Middlemiss*, 217 F.3d 112 (2d Cir. 2000)               14

*United States v. O'Connor*, 650 F.3d 839 (2d Cir. 2011)                 16

## Statutes

18 U.S.C. § 3123                                                          14

## Rules

Rule 16 (a)(1)(E), Fed.R.Crim.P.                                          15

Rule 33(a), Fed.R.Crim.P.                                    21

Rule 33(b), Fed.R.Crim.P.                                     9

Rule 45(a)(1)(C), Fed.R.Crim.P.                               9

# JURISDICTIONAL STATEMENT

The District Court's jurisdiction is based on 18 U.S.C. §3231. This Court's jurisdiction is based on 28 U.S.C. §1291. This appeal is from the District Court's February 5, 2018, Order denying the Request for Extension of Time to Submit Rule 33 Motion. A38[1]; A52. A petition for rehearing was filed on February 20, 2018, and denied on February 21, 2018. A39-40; A83-93; A94. A timely Notice of Appeal was filed March 9, 2018. A40; A95. That Notice was shipped on March 6, 2018, via Federal Express for Express Overnight Delivery to the Clerk of the SDNY. A96-97. The SDNY courthouse was closed due to a snowstorm on March 7, 2018 and Federal Express then delivered the Notice to the Clerk's office on March 9, 2018. A95-97. Ulbricht is appealing the final order of the Court, the order denying his Request for Extension of Time to Submit Rule 33 Motion.

## ISSUES PRESENTED

1. Whether the trial court abused its discretion in denying Mr. Ulbricht's Request for Extension of Time to Submit Rule 33 Motion for a new trial based on newly discovered evidence.

2. Whether the trial court abused its discretion in denying Mr. Ulbricht's

---

[1] "A" refers to the Appendix filed with this brief. "Tr" refers to references to the trial transcripts.

Petition for Rehearing Re Request for Extension of Time to Submit Rule 33 Motion.

## STATEMENT OF THE CASE

On the afternoon of February 5, 2018, Mr. Ulbricht submitted to the district court, the Honorable Katherine B. Forrest, his timely Request for Extension of Time to Submit Rule 33 Motion. A41-46.  Within less than an hour, Mr. Ulbricht received by email from NYSD_ECF_Pool@nysd.uscourts.gov,  a copy of the Endorsed Letter from the district court, denying the request for extension of time. A52.

Also on the afternoon of  February 5, 2018, Mr. Ulbricht submitted his Motion requesting Partial Unsealing of Magistrate Files. A53-59. In a handwritten order dated that same day, February 5, 2018, the district court denied the request for Partial Unsealing, stating that since the court had just denied the extension of time to submit the Rule 33 motion, the request for partial unsealing of the three magistrate files was denied as Moot. A60.

Mr. Ulbricht requested the partial unsealing of three magistrate files because those three files should contain pen register and trap and trace ("PRTT")  data obtained pursuant to three separate pen-trap orders requested and received by the FBI.  A53-56. That FBI pen-trap data was never disclosed to the defense, despite

2

the defense request for all pen-trap data, and despite the government's statement
that it had produced all relevant and material pen register [*sic*] data. A54. The
government responded to the defense discovery request:

> *"The Government has provided all available pen register data used to*
> *detect Ulbricht's email and Internet activity in September 2013, as well as pen*
> *register data received from Icelandic law enforcement authorities concerning the*
> *SR Server and the server described in the Tarbell Declaration as Server-1. To the*
> *extent any other pen register information was obtained in the course of the*
> *investigation, the Government objects to this request on the ground that such*
> *information is not material to the defense or otherwise required to be produced*
> *under Rule 16."* A54; A65 (re 9/23/2014 letter from AUSA Serrin Turner to
> Joshua Dratel).

The data allegedly obtained from the three FBI pen-trap orders was relied
upon by the government in its applications for search warrants for Ulbricht's
laptop and residence. A42-43; A55. That data was never disclosed. The searches
of Mr. Ulbricht's laptop and of his residence yielded evidence vital to identifying
Mr. Ulbricht as the supposed creator of the Silk Road, and to the government's
case against him at trial.

Ulbricht showed the district court that the data supposedly obtained from

the three FBI pen-trap orders, and descriptions of the methods used to obtain that data, should be contained in the three sealed magistrate files, because that is required by statute where the government relies on its own methods and hardware to conduct pen-trap data collection.  A43-44; A56.

Mr. Ulbricht also submitted his Motion for Recusal on the afternoon of February 5, 2018.  A69-81.  That, too, was denied, in a handwritten order dated February 5, 2018. A82.

On Feb 20, 2018, Mr. Ulbricht submitted his petition for rehearing regarding the court's denial of his request for an extension of time.  A83-93. The court denied that petition on February 21, 2018, without comment.  A94.  Mr. Ulbricht filed his timely notice of appeal on March 9, 2018. A40; A95-97.

## SUMMARY OF THE ARGUMENT

Mr. Ulbricht submits this brief to challenge the ruling of the district court in denying him the opportunity to discover relevant evidence and to challenge the judgment of the district court which denied him an extension of time he needed to obtain his client file from prior counsel, to obtain and review newly discovered evidence, and to submit his Rule 33 motion for a new trial based on newly discovered evidence.  The district court abused its discretion in denying the requested extension of time.

4

Mr. Ulbricht was convicted at trial and sentenced to serve a sentence to life imprisonment. See A25; Doc. 183. His direct appeal was denied and he then sought to discover new evidence that might help him challenge his convictions.

Mr. Ulbricht sought post-trial access to three sealed magistrate's files which should contain "pen-trap" evidence relevant to the issue whether the government violated Mr. Ulbricht's Fourth Amendment rights against unreasonable search and seizure. Mr. Ulbricht showed that the government had failed to disclose FBI-collected pen register and trap and trace evidence prior to trial, despite the defense's timely request for such evidence, and despite the fact that the government's search and arrest warrants in this case relied on claims that the PRTT data the government collected had established that Mr. Ulbricht was Dread Pirate Roberts, creator of the Silk Road, and on claims that the government had used the FBI-collected PRTT data to monitor and identify Mr. Ulbricht's laptop.

Despite the fact that Ulbricht showed in his request for extension of time that three sealed magistrate files likely contained the evidence the government claimed to have collected and relied upon to get its warrants, and despite the fact that the government had failed to produce this important evidence before trial, the district court denied Mr. Ulbricht's request to examine the evidence contained in the three magistrate files. That denial became a component of the Court's

5

coordinated response to Ulbricht's request for extension of time. First, the Request for Extension of Time to Submit Rule 33 Motion was denied, then (on the same afternoon), the request to examine the magistrate files was denied as moot, since Ulbricht would not have any time in which to submit his Rule 33 Motion.

 Prior to trial,  Mr. Ulbricht requested prior to trial that the government disclose any additional, previously undisclosed, pen register and trap and trace ("PRTT") evidence in possession or control of the government. Post-conviction counsel has also sought any undisclosed PRTT data from the government. In response to that request, the government recently located additional PRTT evidence. On February 2, 2018, the government informed Mr. Ulbricht's post-conviction counsel that they would be sending that evidence to counsel.

On February 5, 2018, three days later, Mr. Ulbricht submitted to the district court his request for an extension of time to allow counsel time to receive and examine the new evidence being produced by the government; time to receive and examine the evidence in the sealed magistrate's records; and time to investigate newly discovered and previously undisclosed evidence that the government had, without obtaining a search warrant, used electronic surveillance of Mr. Ulbricht's movements and actions in his home.

Mr. Ulbricht also explained in his motion that he needed the extension of

6

time in order to obtain the client file from his trial counsel, counsel who had refused to provide the entire client file to post-conviction counsel. Mr. Ulbricht, through counsel, asked the district court to order trial counsel to provide the entire client file to post-conviction counsel. That complete client file was needed for researching the Rule 33 Motion.

In the district court's handwritten order denying the Motion for Extension of Time, the court said it did not matter that post-conviction counsel had been unable to obtain the entire client file from prior counsel, because whatever was in the client file was necessarily known to prior [trial] counsel - implying that trial counsel would have submitted the Rule 33 Motion for a New Trial if there had been any new evidence. The district court ignored the fact that Mr. Ulbricht showed that he had terminated prior counsel, Joshua Dratel, eight months before submitting his request for extension of time, and also ignored that Ulbricht had shown that trial counsel had announced that he had abandoned his duties to Mr. Ulbricht at least eight months before Mr. Ulbricht submitted his request for an extension of time.

The district court did not address the request from post-conviction counsel for an order to trial counsel to turn over the entire client file to post-conviction counsel.

7

The district court stated that the new evidence Mr. Ulbricht pointed to in his request for an extension of time, "was explicitly known at the trial." The district court's statement indicated that the court thought Mr. Ulbricht was saying he had new evidence that the FBI had been monitoring the defendant's online movements [*sic*], something which had been known at the time of trial. The district court referenced the trial transcript for supporting testimony, but pointed to testimony that showed the government had been following the online activity of Dread Pirate Roberts ("DPR"), not of Mr. Ulbricht, and was trying to correlate DPR's online activity with Ross Ulbricht's laptop activities in real life, activities observed in a public café.

What Mr. Ulbricht described in his motion was new evidence that the FBI had conducted warrantless surveillance of Ulbricht's physical movements, physical location, and computer activity, *within his home*. This point was presented by Ulbricht in his request for extension of time as constituting newly discovered evidence of a possible Fourth Amendment violation.

The district court's abrupt and arbitrary denial of Mr. Ulbricht's simple and well-founded request for an extension of time to submit a Rule 33 Motion for New Trial, despite good cause shown, was an abuse of discretion. The court's subsequent and speedy denial of his petition for rehearing, in which he requested

8

the court reconsider its denial of the requested extension of time, was also a decision resulting from an abuse of discretion.

## ARGUMENT

**I.**     **The Court abused its discretion when it denied the Request for Extension of Time to Submit Rule 33 Motion. That denial of the requested extension of time resulted in the court erroneously denying Mr. Ulbricht access to new evidence from sealed court files, despite the showing of the relevance and significance of the evidence being sought from three sealed magistrate files, and despite the showing that the government had violated its Rule 16 obligations by failing to disclose that evidence prior to trial. The district court erroneously considered the request for extension of time as a "fishing expedition" and as a request for "an opportunity to relitigate that which has been litigated."**

A motion for new trial based on newly discovered evidence must be filed within three years after the verdict. Rule 33(b), Fed.R.Crim.P. Mr. Ulbricht was convicted on February 4, 2015, meaning the deadline for filing his Rule 33 Motion was February 4, 2018. Since that date fell on a Sunday, Mr. Ulbricht had until February 5, 2018, in which to submit his motion. Rule 33(b), Fed.R.Crim.P.; Rule 45(a)(1)(C), Fed.R.Crim.P. He submitted his timely and unopposed request for an

9

extension of time to submit his Rule 33 Motion on February 5, 2018. A38.

The timely and unopposed request for extension was a request for time to receive and review newly discovered evidence, and for the opportunity to then submit his Rule 33 Motion, provided the newly discovered evidence supported such a motion. The newly discovered evidence Ulbricht pointed to in the motion was: (1) the PRTT data which should be contained in three sealed magistrate's files; (2) additional, new PRTT data which the government had just discovered and promised to produce to the defense; and (3) evidence from a recently (2017) published book, *American Kingpin*, a book based on interviews with investigators in the case against Ulbricht. A41-45. The author revealed in *American Kingpin* that the FBI had conducted [warrantless] electronic surveillance which penetrated Mr. Ulbricht's residence, and which allowed the FBI to monitor Ulbricht's location, movements, and laptop activity within his residence. A44-45. Mr. Ulbricht also requested in his motion for an extension of time that the court order trial counsel to collect and transfer the complete client file to post-conviction counsel, at no cost to Mr. Ulbricht, who is indigent, and that Ulbricht be allowed the extension of time so that he could obtain and review client file materials. A45 -46.

The court denied the request for extension of time on February 5, 2018,

within less than an hour of receiving the electronically filed request.  A52. The

order did not address the request for assistance in getting the complete client file

from trial counsel.

The court stated in its order denying the extension of time, that "[a] Rule 33

motion is not an opportunity to relitigate that which has been litigated, or to

engage in a fishing expedition for new evidence."  A52.  Asking the court to allow

Mr. Ulbricht to obtain and review the three sealed magistrate files, and to allow

him the time needed to use the content of those files as the basis for a Rule 33

Motion for New Trial Based on Newly Discovered Evidence, was not "engaging

in a fishing expedition for new evidence."  That was research into the basis for a

Rule 33 Motion, a reasonable request to the court to allow Mr. Ulbricht access to

sealed files in pursuit of important evidence which could provide the basis for

challenging the validity of the search and arrest warrants obtained in this case.

If the search and arrest warrants were shown to be based on

misrepresentations of  PRTT data allegedly collected by the FBI, and on results

from undisclosed searches of Ulbricht's residence which were not authorized by

warrants, and, thus, shown to be in violation of his Fourth Amendment rights, Mr.

Ulbricht's convictions could be shown to be based on evidence which should

never have been presented at trial.  As Ulbricht showed, he did move to suppress

11

the evidence based on Fourth Amendment violations.  A44.  He did not have the

missing PRTT data then, though he had requested it, nor did he then have

evidence that the government was "invading" his residence with electronic

surveillance.   Showing that the evidence used against him had been obtained

through actions involving Fourth Amendment violations, would likely result in an

order for a new trial.  Without the evidence obtained through the authority of those

warrants, the government might have had to dismiss its case against Mr. Ulbricht.

The court's erroneous denial of the extension of time and concomitant denial of

access to the sealed magistrate files, has foreclosed the pursuit of justice.

Where, as here, only the court could provide Mr. Ulbricht with access to

important evidence (the sealed magistrate files) which may result in overturning

Mr. Ulbricht's  convictions, the court abused its discretion by denying that access.

The court's only offered justification for denying access to the sealed files, was

that the request was now moot because the court had just denied Mr. Ulbricht's

request for an extension of time in which to examine the newly discovered

evidence and submit his Rule 33 Motion.  The interests of justice should not be so

casually dismissed.

The timing of the court's actions - first denying the requested extension of

time, then denying the request for access to the sealed magistrate files (both on the

same day), provides the appearance that the court did not want Mr. Ulbricht to ever learn what is in the sealed magistrate files.

The district court misunderstood the meaning and the significance of Ulbricht's claim that he needed time to investigate what appeared to be newly discovered evidence that the FBI had, without obtaining a search warrant, conducted electronic surveillance that penetrated Mr. Ulbricht's residence and allowed the government to monitor Ulbricht's location, movement, and laptop activity within his home. The court thought this new evidence was "previously known," because (the court said) it was known at the time of trial "that the FBI had been monitoring the defendant's online movements." A52. In its order denying the extension, the court provided as evidence of what was known at the time of trial, a reference to the trial transcript (Tr 319, *et seq*) where a government witness had testified to efforts to monitor Ulbricht's laptop activity in a public café, and to correlate that activity with that of Dread Pirate Roberts ("DPR"), who was at the same time engaged in an online chat with an undercover agent. A52; A98-103 (transcript excerpts).

Evidence that the FBI was monitoring Ulbricht's online activity while in a public café, does not raise the same Fourth Amendment concerns as does evidence that the FBI, without obtaining a search warrant, used electronic surveillance to

13

penetrate the walls of Ulbricht's residence and monitor his location, movements, and online activity within his residence. This is new evidence that might well call into question the validity of the laptop and residence search warrants. The government's evidence at trial relied heavily upon the results of the execution of those search warrants. The court erred in not recognizing that this new evidence was not previously known and that it would be material.

The denial of the requested extension of time, and the concomitant denial of access to the sealed magistrate files containing PRTT records and data, effectively denied Mr. Ulbricht's efforts to submit his motion for new trial pursuant to Rule 33. The denial of a motion for a new trial pursuant to Rule 33 is reviewed for abuse of discretion. *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir. 2000).

In this instance, Mr. Ulbricht was not allowed access to evidence (*alleged* FBI-obtained PRTT data in three sealed magistrate files) that, if it exists, may be material to his defense. If the government complied with statutory requirements, that FBI-collected PRTT data should be contained within the three sealed magistrate files. See 18 U.S.C. § 3123. If this evidence does not exist, that, too, may be relevant to his defense. The *alleged* FBI-obtained PRTT data was requested by the defense before trial, but has never been produced. This is *Brady*

14

material, which Ulbricht should have been provided before trial.

*Brady* imposes a constitutional duty on the government to disclose evidence favorable to the accused where such evidence is material either to guilt or to punishment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). To establish a *Brady* . . . . violation, "a defendant must show that: (1) the [g]overnment, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001).

For *Brady* purposes, materiality is determined by whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Fuentes v. T. Griffin*, 829 F.3d 233, 246 (2d Cir. 2016) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

The government obtained search warrants relying on PRTT data allegedly collected by the FBI. That data was requested, but never produced. Mr. Ulbricht was entitled to receive that discovery. Rule 16 (a)(1)(E), Fed.R.Crim.P. The government's case against Mr. Ulbricht relied upon the evidence seized from his laptop and from his residence. If that evidence was obtained in violation of Ulbricht's Fourth Amendment rights, and had it been excluded from trial, the trial

15

outcome would likely have been very different.

Rulings on requests for extension of time are reviewed for abuse of discretion. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984). A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008). A district court abuses its discretion when it makes its ruling relying on an error of law. *Koon v. United States*, 518 U.S. 81, 100 (1996).

The district court was wrong to dismiss the request for an extension of time to allow access to the three sealed magistrate files as "a fishing expedition." This was a request for relevant and material evidence which the government was obligated to produce before trial.

Mr. Ulbricht's request for court assistance in obtaining the client file from prior counsel, was also not a fishing expedition. It is hard to imagine that a judge would think it unimportant that post-trial counsel have the complete client file in conducting investigation into possible post-trial claims for relief. The request for court assistance in getting the client file from prior counsel was evidence of the good faith and diligent efforts of post-conviction counsel to research the bases for

16

a Rule 33 motion, and evidence of good cause shown for the requested extension.

In its denial of the requested extension, the court stated that it was unimportant that post-conviction counsel had been unable to obtain the client file from prior [trial] counsel, because prior counsel knew what was in the file and would have known if it contained newly discovered evidence. A52. That statement displayed a shocking disregard for Mr. Ulbricht's right to have conflict-free counsel, counsel of his choice, representing him in post-conviction matters.

Mr. Ulbricht explained in detail in his request for extension what lengths he had gone to in eight months of unsuccessful efforts to get the complete file from trial counsel, explained that he could not determine what trial counsel had investigated and what he had not, and explained that the lack of the complete file presented obstacles in researching a new trial motion. A41-42; A45; A98. Ulbricht requested assistance from the court - an order to trial counsel - in obtaining his file. A45-46.

Mr. Ulbricht explained to the court that prior counsel had abandoned Mr. Ulbricht at least eight months prior to the request for extension of time, and prior counsel could not, under these circumstances, have been relied upon to act to protect Mr. Ulbricht's legal interests after he abandoned his client. A41-42; A87-89; A92-93. The court dismissed these concerns as unimportant.

17

The district court's disregard for and denial of the importance of Mr.
Ulbricht's access to his own client file in order to research a possible Rule 33
Motion, its rejection of his request to have access to relevant and material
evidence from the sealed magistrate files, its rejection of his request to have time
to investigate new evidence about previously unknown FBI surveillance of the
interior of his residence, and its rejection of his request for the opportunity to
review newly discovered evidence just found and promised for delivery by the
government, are all actions which display a disregard for Mr. Ulbricht's right to
pursue justice and "cannot be located within the range of permissible decisions."

The district court misunderstood the factual and legal basis of the Request
for Extension of Time to Submit Rule 33 Motion, ignored the good cause shown
for the requested extension, and unreasonably denied the requested extension. The
court's denial should be vacated.

## II. The Court Abused its Discretion When it Denied the Petition for Rehearing re Denial of Request for Extension of Time to Submit Rule 33 Motion.

As Mr. Ulbricht explained to the court in the petition for rehearing and on
multiple occasions, prior counsel had abandoned Mr. Ulbricht at least eight
months prior to the request for extension of time, and prior counsel could not,

under these circumstances, have been relied upon to act to protect Mr. Ulbricht's legal interests after he had abandoned his client. A41-42; A87-88; A91-93. As Ulbricht explained in his petition for rehearing, post-conviction counsel had reason to think that he had not received all of the discovery from trial counsel. A91-93. Post-conviction counsel could not adequately and competently research a Rule 33 Motion without the complete client file. A87-89.

The inability of post-conviction counsel to obtain the client file from trial counsel could easily have been remedied by an order from the court. In the Petition for Rehearing, Ulbricht pointed out that the court had ignored good cause shown to justify the extension, including the need for Ulbricht to obtain his complete client file from trial counsel. A87-89.

Mr. Ulbricht pointed out in his Petition for Rehearing that the Court was mistaken in thinking that what Mr. Ulbricht was claiming was new evidence was evidence already known at trial. A83-84. Ulbricht did have new evidence concerning FBI electronic surveillance (conducted without a search warrant) that had been used to monitor Ulbricht's movements, locations, and laptop activity *within his residence*. A85-86. He also had reason to believe there was new evidence concerning the FBI-collected PRTT data relied on to obtain the search warrants for Ulbricht's laptop and residence. That evidence should be found in

19

the three sealed magistrate files. A84-85.

As Ulbricht explained in his Petition for Rehearing, "Mr. Ulbricht should be allowed the time and opportunity to examine the data and written record now concealed in the three sealed magistrate's files, and to use that information to vindicate his Fourth Amendment rights, if that improperly withheld data and record show Fourth Amendment violations." A87.

Mr. Ulbricht explained in his Petition for Rehearing that the Court had apparently overlooked his statement that the government had advised post-conviction counsel, on February 2, 2018, three days before the deadline expired for filing his Rule 33 Motion, that they had just located additional PRTT data collected in this case, and would provide it to the defense. A85, referencing A42.

Mr. Ulbricht explained in his Petition for Rehearing that the Court was mistaken in thinking Ulbricht was suggesting that he had new evidence that the FBI "was monitoring the defendant's online movements." A86. Mr. Ulbricht explained that the trial testimony referenced by the Court referred to efforts to monitor online activity of Dread Pirate Roberts (DPR), not of Mr. Ulbricht, and that the testimony the court referred to showed government efforts to correlate DPR's chat activity with Mr. Ulbricht's online activity *in a public place*. A86.

The court overlooked or misunderstood that Mr. Ulbricht sought to

investigate as the basis for a Rule 33 Motion, new evidence from *American Kingpin* that the FBI had tracked (without a warrant) Ulbricht's physical movement and his location and activity *within his house.* A87.

Ulbricht explained in his Petition for Rehearing that, "[b]ut for this court's denial of the Request for Extension of Time and the nearly simultaneous denial of his Request to examine the three magistrate's files, Mr. Ulbricht would now have access to improperly withheld, FBI-collected data and descriptions of methods that might allow him to show that the laptop and residence search warrants were obtained in violation of his Fourth Amendment rights." A87.

Ulbricht pointed out in his Petition for Rehearing that although he had asked that the extension of time be granted "in the interest of justice and for good cause shown, the Court's denial did not address the interest of justice. A87-88. Rule 33 requires consideration of the interest of justice: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33(a), Fed.R.Crim.P.

Since the Court's denial of the Request for Extension of Time had the effect of denying Ulbricht the opportunity to present his Rule 33 Motion, the Court's decision should have been based in part on consideration of the purposes of Rule 33 and on the fact that denying the extension of time would, and did, have the

21

effect of denying Mr. Ulbricht's pursuit of justice.

A district court's denial of a motion for reconsideration is reviewed for abuse of discretion." *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). The Court ignored each of the points raised in the Petition for Rehearing, by denying the Petition without comment. That denial ignored the Court's factual errors and what it had overlooked in reaching its decision to deny the request for extension of time. The Court's denial of the Petition for Rehearing "cannot be located within the range of permissible decisions." The Court's denial of the Petition constitutes an abuse of discretion.

This case should be reassigned to a different judge upon remand to the district court. In deciding whether to direct reassignment, the court should consider "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *United States v. DeMott*, 513 F.3d 55, 59 (2d Cir. 2008) (*per curiam*) (internal quotation marks omitted). To find that reassignment is justified to preserve the appearance of justice, it is not necessary to find actual bias

22

or prejudice; it is enough to find facts that might cause an objective observer to reasonably question the judge's impartiality. *Pescatore v. Pan Am. World Airways Inc.*, 97 F.3d 1, 21 (2d Cir. 1996).

The district court's abrupt and hasty denial of the request for extension of time, its disregard of the defendant's request for assistance in obtaining his client file, its categorization of legitimate requests for access to court files as a fishing expedition, its apparent use of the denial of the request for extension of time to justify denying access to what appears to be important and material evidence which should have been disclosed prior to trial, and its statements that suggest Mr. Ulbricht is not entitled to have conflict-free counsel assist him in post-conviction matters, all raise concerns about the appearance of bias or prejudice. These circumstances make reassignment necessary to preserve the appearance of justice.

## CONCLUSION

For the reasons provided above, and in the interests of justice, the district court's denial  of the petition for rehearing should be vacated; the denial of the request for extension of time should be vacated, and the requested extension of time to submit the Rule 33 Motion should be granted.

Based on the appearance that the district court considered Mr. Ulbricht's right to have his complete client file and to have conflict-free counsel represent

23

him in post-conviction matters to be unimportant, and on the appearance that the

district court timed its denial of the request for extension of time to justify denying

access to important and relevant data which should be contained in three sealed

magistrate files, and for other reasons described above, this matter should be

remanded to a different judge.

The district court should be ordered to make available to the defendant the

contents of the three sealed magistrate files.  The district court should also be

directed to order that trial counsel promptly provide Mr. Ulbricht with his

complete client file, per what Ulbricht asked the court to order in his request for

extension of time.

Dated June 18, 2018
Parker, Colorado

Respectfully submitted,

  /s/ Paul Grant

Paul Grant
Law Office of Paul Grant
P.O. Box 2720
Parker, Colorado 80134
303-909-6133
*Counsel for Defendant-Appellant Ross Ulbricht*

## CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)

1.    This brief complies with the page limitations of Fed.R.App.P. 32(a)(7)(A),

as it contains fewer than 30 pages.

24

2.      This brief complies with the typeface requirements of Fed.R.App.P.

32(a)(5)(A) and the type style requirements of Fed.R.App.P. 32(a)(6) because this

brief has been prepared in a proportionally spaced typeface using Corel

WordPerfect in Times New Roman, 14 point font.

Respectfully submitted,

  /s/ Paul Grant
Paul Grant
Law Office of Paul Grant
P.O. Box 2720
Parker, Colorado 80134
303-909-6133
Counsel for Defendant-Appellant Ross Ulbricht