Ai

# 18-691-CR

## APPENDIX
US v. Ulbricht, # 18-691

### Table of Contents

|  | Page |
|---|---|
| District Court Docket Entries | A1 - 40 |
| Letter Request for Extension of Time to Submit Rule 33 Motion dated 2/5/2018, Doc. 307 | A41 - 46 |
| Order Denying Request for Extension of Time to Submit Rule 33 Motion, dated 2/5/2018, Doc. 309 | A47 - 52 |
| Request for Partial Unsealing of Magistrate Files, dated 2/5/2018, Doc. 305 | A53 - 59 |
| Order Denying Request for Partial Unsealing of Magistrate Files dated 2/5/ 2018, Doc. 311 | A60 |
| Letter from AUSA Serrin Turner to Joshua Dratel, dated 9/23/2014, stating government has provided all available pen register data used to detect Ulbricht's email and internet activity in September 2013, Doc. 70-4 (Exhibit to Doc. 70) | A61 - 68 |

**Aii**

Motion for Recusal and Memo In Support of Motion,                    A69 - 81
dated 2/5/2018, Doc. 300

Order Denying Motion for Recusal, dated 2/5/2018, Doc. 310           A82

Petition for Rehearing Re Denial of Request for Extension of Time    A83 - 93
to Submit Rule 33 Motion, dated 2/20/2018, Doc. 316

Order Denying Petition for Rehearing Re Denial of Request for        A94
Extension of Time to Submit Rule 33 Motion, dated 2/21/2018,
Doc 319

Notice of Appeal and Federal Express Tracking Information            A95 - 97

Trial transcript excerpts, dated January 14, 2015, Tr 314-319        A98 - 103

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:14–cr–00068–KBF All Defendants

Case title: USA v. Ulbricht
Magistrate judge case number: 1:13–mj–02328–UA

Date Filed: 02/04/2014
Date Terminated: 06/01/2015

Assigned to: Judge Katherine B. Forrest

### Defendant (1)

**Ross William Ulbricht**
*TERMINATED: 06/01/2015*
*also known as*
Dread Pirate Roberts
*TERMINATED: 06/01/2015*
*also known as*
Silk Road
*TERMINATED: 06/01/2015*
*also known as*
Sealed Defendant 1
*TERMINATED: 06/01/2015*
*also known as*
DPR
*TERMINATED: 06/01/2015*

represented by **Joshua Lewis Dratel**
Law Offices of Joshua L. Dratel, P.C.
29 Broadway, Suite 1412
New York, NY 10006
(212) 732–0707
Fax: (212) 571–6341
Email: jdratel@joshuadratel.com
*Designation: Retained*

**Joshua Jacob Horowitz**
Tech Law Ny
225 Broadway
New York, NY 10007
(212)–203–9011
Email: joshua.horowitz@techlawny.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lindsay Anne Lewis**
Law Offices of Joshua Dratel, P.C(2 Wall St.)
2 Wall Street, 3rd Floor
New York, NY 10005
(212)–732–3141
Fax: (212)–571–3792
Email: llewis@joshuadratel.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Paul Grant**
Law Office of Paul Grant
P.O. Box 2720
Parker, CO 80134
(303)–909–6133
Email: paul_pglaw@yahoo.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

### Pending Counts

21:841A=CD.F AIDING AND
ABETTING DISTRIBUTION OF
DRUGS OVER INTERNET
(2s)

### Disposition

The defendant is hereby committed to the custody of
the United States Bureau of Prisons to be imprisoned
for a total term of: Counts Two (2) and Four (4):
Life to run concurrently; Count (5): Five (5) Years to
run concurrently; Count Six (6): Fifteen (15) Years
to run concurrently; Count Seven (7): Twenty (20)

Years to run concurrently. Upon release from imprisonment, the defendant shall be on supervised release for a term of: Life on Counts Two (2) and Four (4) to run concurrently; Three (3) Years on Counts Five (5), Six (6) and Seven (7) to run concurrently.

| | |
|---|---|
| 21:848.F CONTINUING CRIMINAL ENTERPRISE (4s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Counts Two (2) and Four (4): Life to run concurrently; Count (5): Five (5) Years to run concurrently; Count Six (6): Fifteen (15) Years to run concurrently; Count Seven (7): Twenty (20) Years to run concurrently. Upon release from imprisonment, the defendant shall be on supervised release for a term of: Life on Counts Two (2) and Four (4) to run concurrently; Three (3) Years on Counts Five (5), Six (6) and Seven (7) to run concurrently. |
| 18:1030A.F COMPUTER HACKING CONSPIRACY (5s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Counts Two (2) and Four (4): Life to run concurrently; Count (5): Five (5) Years to run concurrently; Count Six (6): Fifteen (15) Years to run concurrently; Count Seven (7): Twenty (20) Years to run concurrently. Upon release from imprisonment, the defendant shall be on supervised release for a term of: Life on Counts Two (2) and Four (4) to run concurrently; Three (3) Years on Counts Five (5), Six (6) and Seven (7) to run concurrently. |
| 18:1028A.F FRAUD WITH IDENTIFICATION DOCUMENTS (6s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Counts Two (2) and Four (4): Life to run concurrently; Count (5): Five (5) Years to run concurrently; Count Six (6): Fifteen (15) Years to run concurrently; Count Seven (7): Twenty (20) Years to run concurrently. Upon release from imprisonment, the defendant shall be on supervised release for a term of: Life on Counts Two (2) and Four (4) to run concurrently; Three (3) Years on Counts Five (5), Six (6) and Seven (7) to run concurrently. |
| 18:1956–4999.F MONEY LAUNDERING CONSPIRACY (7s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Counts Two (2) and Four (4): Life to run concurrently; Count (5): Five (5) Years to run concurrently; Count Six (6): Fifteen (15) Years to run concurrently; Count Seven (7): Twenty (20) Years to run concurrently. Upon release from imprisonment, the defendant shall be on supervised release for a term of: Life on Counts Two (2) and Four (4) to run concurrently; Three (3) Years on Counts Five (5), Six (6) and Seven (7) to run concurrently. |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                              **Disposition**

| | |
|---|---|
| 21:846=CD.F DRUG TRAFFICKING CONSPIRACY (1) | Count is dismissed on the motion of the United States. |
| 21:841G=CI.F DRUG TRAFFICKING (1s) | Count is dismissed on the motion of the United States. |
| 21:848.F CONTINUING CRIMINAL ENTERPRISE (2) | Count is dismissed on the motion of the United States. |
| 18:1030B.F COMPUTER HACKING CONSPIRACY (3) | Count is dismissed on the motion of the United States. |
| 21:846=CD.F DRUG TRAFFICKING CONSPIRACY (3s) | Count is dismissed on the motion of the United States. |
| 18:1956–6801.F MONEY LAUNDERING (DRUG TRAFFICKING CONSPIRACY) (4) | Count is dismissed on the motion of the United States. |

**Highest Offense Level (Terminated)**

Felony

**Complaints**

**Disposition**

21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE, 18:1030A.F FRAUD ACTIVITY CONNECTED WITH COMPUTERS, , 18:1956–4999.F MONEY LAUNDERING– FRAUD, OTHER

---

**Plaintiff**

**USA**

represented by **Eun Young Choi**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212) 637–2187
Fax: (212) 637–3290
Email: eun.young.choi@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Daniel Neff**
U.S. Attorney's Office, SDNY
1 St. Andrew's Plaza
New York, NY 10007
212–637–2107
Email: michael.neff2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Serrin Andrew Turner**
U.S. Attorney's Office, SDNY (Chambers Street)
86 Chambers Street
New York, NY 10007

(212)–637–2701
Fax: (212)–637–2686
Email: serrin.turner@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Timothy Turner Howard**
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
(212) 637–2308
Fax: (212) 637–2387
Email: timothy.howard@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/27/2013 | | SEALED ORAL ORDER as to Sealed Defendant 1. (Signed by Magistrate Judge Frank Maas on 9/27/2013)(dif) [1:13–mj–02328–UA] (Entered: 10/22/2013) |
| 09/27/2013 | 1 | COMPLAINT as to Sealed Defendant 1 (1). In Violation of 21 U.S.C. 846, 18 U.S.C. 1030 & 1956 (Signed by Magistrate Judge Frank Maas) (dif) [1:13–mj–02328–UA] (Entered: 10/22/2013) |
| 10/01/2013 | | Arrest of Ross William Ulbright in the United States District Court – Northern District of California. (dif) [1:13–mj–02328–UA] (Entered: 10/22/2013) |
| 10/18/2013 | 3 | Rule 5(c)(3) Documents Received as to Ross William Ulbright from the United States District Court – Northern District of California. (dif) [1:13–mj–02328–UA] (Entered: 10/22/2013) |
| 11/05/2013 | | Arrest of Ross William Ulbright. (dif) [1:13–mj–02328–UA] (Entered: 11/06/2013) |
| 11/06/2013 | 4 | NOTICE OF ATTORNEY APPEARANCE: Retained Attorney Joshua Lewis Dratel appearing for Ross William Ulbright. (dif) [1:13–mj–02328–UA] (Entered: 11/06/2013) |
| 11/06/2013 | | Minute Entry for proceedings held before Magistrate Judge Ronald L. Ellis: Initial Appearance as to Ross William Ulbright held on 11/6/2013., Deft Appears with Retained Attorney Joshua Dratel and AUSA Serrin Turner for the government. Detention Hearing Scheduled for 11/21/13 at 11:00 AM; ( Preliminary Hearing set for 12/6/2013 at 10:00 AM before Judge Unassigned.) (dif) [1:13–mj–02328–UA] (Entered: 11/06/2013) |
| 11/21/2013 | | Minute Entry for proceedings held before Magistrate Judge Kevin Nathaniel Fox: Detention Hearing as to Ross William Ulbright held on 11/21/2013. Deft Appears with Retained Attorney Joshua Dratel and AUSA Serrin Turner for the government. Detention. The Defendant Did Not Overcome The Presumption That There Are No Conditions That Can Be Fashioned to Permit Him To Be At Liberty While The Criminal Action is Pending. Clear and Convincing Evid That The Defendant Sought To Have Several Persons Murdered Was Presented To The Court Which Demonstrate The Defendant Presents As A Danger To The Community. In Addition Considerable Un–Rebutted Evid Was Presented That The Defendant Has The Resources To Flee and Previously Acquired Many False Identification Documents That Would Permit Him to Flee. Furthermore He Has Used an Alias Previously. (dif) [1:13–mj–02328–UA] (Entered: 11/21/2013) |
| 11/22/2013 | 5 | SEALED DOCUMENTS FILED as to Ross William Ulbright.. (Signed by Magistrate Judge Kevin Nathaniel Fox on 11/22/2013)(dif) [1:13–mj–02328–UA] (Entered: 11/26/2013) |
| 11/22/2013 | 6 | LETTER as to Ross William Ulbright addressed to Magistrate Judge Kevin Nathaniel Fox from Joshua Dratel, Esq dated 11/19/2013 re: USA v Ross William Ulbright, 13 Mag 2328.. (Signed by Magistrate Judge Kevin Nathaniel Fox on 11/22/2013) (Docket and File(dif) [1:13–mj–02328–UA] (Entered: 11/26/2013) |
| 11/22/2013 | 7 | LETTER as to Ross William Ulbright addressed to Magistrate Judge Kevin Nathaniel Fox from Joshua Dratel, Esq dated 11/20/2013 re: USA v Ross William Ulbright, 13 |

| | | |
|---|---|---|
| | | Mag 2328.. (Signed by Magistrate Judge Kevin Nathaniel Fox on 11/22/2013) (Docket and File)(dif) [1:13–mj–02328–UA] (Entered: 11/26/2013) |
| 11/22/2013 | 8 | LETTER as to Ross William Ulbright addressed to Magistrate Judge Kevin Nathaniel Fox from AUSA Serrin Turner dated 11/20/2013 re: USA v Ross William Ulbright, 13 Mag 2328.. (Signed by Magistrate Judge Kevin Nathaniel Fox on 11/22/2013) (Docket and File)(dif) Modified on 12/4/2013 (jm). [1:13–mj–02328–UA] (Entered: 11/26/2013) |
| 12/06/2013 | 9 | AFFIRMATION of Serrin Turner in Support by USA as to Ross William Ulbright, the government is requesting a 30–day continuance until 1/6/14.(jbo) [1:13–mj–02328–UA] (Entered: 12/09/2013) |
| 12/06/2013 | 10 | ORDER TO CONTINUE IN THE INTEREST OF JUSTICE as to Ross William Ulbright. Time excluded from 12/6/13 until 1/6/14. (Signed by Magistrate Judge James C. Francis on 12/6/13)(jbo) [1:13–mj–02328–UA] (Entered: 12/09/2013) |
| 01/06/2014 | 11 | AFFIRMATION of AUSA Serrin Turner in Support by USA as to Ross William Ulbright, the Government is requesting a 30 continuance until 2/4/2014. (ajc) [1:13–mj–02328–UA] (Entered: 01/07/2014) |
| 01/06/2014 | | ORDER TO CONTINUE IN THE INTEREST OF JUSTICE as to Ross William Ulbright re: 10 Order to Continue – Interest of Justice. Time excluded from 1/6/2014 until 2/4/2014. Follows oral order of 1/6/2014. (Signed by Magistrate Judge Sarah Netburn on 1/6/2014) (ajc) [1:13–mj–02328–UA] (Entered: 01/07/2014) |
| 02/04/2014 | | Case Designated ECF as to Ross William Ulbright. (jbo) (Entered: 02/04/2014) |
| 02/04/2014 | 12 | INDICTMENT FILED as to Ross William Ulbricht (1) count(s) 1, 2, 3, 4. (jbo) (Entered: 02/04/2014) |
| 02/07/2014 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Arraignment as to Ross William Ulbricht (1) Count 1,2,3,4Ross William Ulbricht (1) Count 1,2,3,4 held on 2/7/2014., Plea entered by Ross William Ulbricht (1) Count 1,2,3,4Ross William Ulbricht (1) Count 1,2,3,4 Not Guilty. Defendant present with attorneys Joshua Dratel and Lindsay Lewis. AUSA Serrin Turner present. Special Agent Ilh Wan Yum and Special Agent Gary Alfred present. Court Reporter present. Defendant arraigned on the Indictment and enters a plea of not guilty. Order to follow. Defendant remand continued. (jp) (Entered: 02/10/2014) |
| 02/10/2014 | 13 | ORDER as to Ross William Ulbricht ( Discovery due by 2/27/2014., Motions due by 3/10/2014., Replies due by 3/31/2014., Responses due by 3/24/2014, Jury Trial set for 11/3/2014 at 09:00 AM before Judge Katherine B. Forrest., Status Conference set for 4/30/2014 at 01:00 PM before Judge Katherine B. Forrest., Time excluded from 2/7/14 until 4/30/14. Not later than 2113/2014, defense counsel shall provide the Government with hard drives of sufficient storage size so that the Government can copy the electronic discovery and turn it over to the defendant. Not later than 2/27/2014, the Government shall provide to the defendant the above electronic discovery. Non electronic discovery shall be provided to the defendant not later than 2/20/2014. All discovery is to be completed not later than 2/27/2014. Motions relating to the Indictment are to be filed not later than 3/10/2014. Responses are due not later than 3/24/2014. Replies, if any, are due 3/31/2014. Trial is scheduled to commence on 11/3/2014, at 9:00 a.m. Six weeks have been allocated at this time. A final pretrial conference will be held on 10/28/2014, at 1:00 p.m. Upon application of the Government and consented to by defendant, and as set forth on the record, time pursuant to 18 U.S.C. 3161 (h)(7)(A) of the Speedy Trial Act, is hereby excluded from 2/7/2014, to 4130/2014. The Court finds the ends of justice are served by such an exclusion and that these ends outweigh the interests of the public and defendant in a speedy trial (Signed by Judge Katherine B. Forrest on 2/10/14)(jw) (Entered: 02/10/2014) |
| 02/24/2014 | 14 | PROTECTIVE ORDER as to Ross William Ulbricht...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Katherine B. Forrest on 2/24/14)(jw) (Entered: 02/24/2014) |
| 02/24/2014 | 15 | SEALED DOCUMENT placed in vault. (nm) (Entered: 02/24/2014) |

| 02/25/2014 | 16 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner dated 2/25/2014 re: To request that the discovery deadline set by the Court in this matter for February 27, 2014 be extended by 12 days until March 11, 2014.ENDORSEMENT: SO ORDERED ( Discovery due by 3/11/2014.) (Signed by Judge Katherine B. Forrest on 2/25/14)(jw) (Entered: 02/25/2014) |
|---|---|---|
| 03/10/2014 | 17 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Attorney Joshua L. Dratel dated March 7, 2014 re: For the reasons set forth in this letter, counsel requested that the Court grant a ten–day extension until Thursday, March 20, 2014, for the filing of the Defendant's Pre–Trial Motions. Assistant United States Attorney Serrin Turner has informed me that the government consents to this request as long as the government's time to respond is extended until April 10, 2014, which includes an additional week beyond the mere adjustment of the motion schedule because AUSA Turner will not be available the week of March 24th. ENDORSEMENT: Application granted. Dates adjusted as set forth above. (Signed by Judge Katherine B. Forrest on 3/7/2014)(bw) (Entered: 03/10/2014) |
| 03/19/2014 | 18 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 3/19/14 re: For the reasons set forth below, it is respectfully requested that the Court grant an additional eight–day extension until Friday, March 28, 2014, for the filing of the Defendant's Pretrial Motions. Assistant United States Attorney Serrin Turner has informed me that the government consents to this request as long as a corresponding extension, until April 18, 2014, is provided for the government..ENDORSEMENT: Application Granted. SO ORDERED. (Signed by Judge Katherine B. Forrest on 3/19/14)(jw) (Entered: 03/19/2014) |
| 03/28/2014 | 19 | FIRST MOTION to Dismiss *Challenging the Face of the Indictment*. Document filed by Ross William Ulbricht. (Dratel, Joshua) (Entered: 03/28/2014) |
| 03/28/2014 | 20 | DECLARATION of Joshua L. Dratel, Esq. in Support as to Ross William Ulbricht re: 19 FIRST MOTION to Dismiss *Challenging the Face of the Indictment*.. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Dratel, Joshua) (Entered: 03/28/2014) |
| 03/29/2014 | 21 | MEMORANDUM in Support by Ross William Ulbricht re 19 FIRST MOTION to Dismiss *Challenging the Face of the Indictment*.. (Dratel, Joshua) (Entered: 03/29/2014) |
| 03/31/2014 | 22 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner dated 3/28/14 re: The Government therefore respectfully requests that the Court extend the time for the Government to file any superseding indictment by 60 days, i.e., until May 30, 2014..ENDORSEMENT: Application granted (Signed by Judge Katherine B. Forrest on 3/31/14)(jw) (Entered: 03/31/2014) |
| 04/10/2014 | 23 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Conference held on 2/7/14 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Eve Giniger, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/5/2014. Redacted Transcript Deadline set for 5/15/2014. Release of Transcript Restriction set for 7/14/2014. (Rodriguez, Somari) (Entered: 04/10/2014) |
| 04/10/2014 | 24 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Conference proceeding held on 2/7/14 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 04/10/2014) |
| 04/16/2014 | 25 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner dated 4/16/14 re: The Government requests that the briefing schedule for the motion to dismiss be extended.ENDORSEMENT: Application granted. (I did not use the Govt's proposed order because it has the Court's signature line of a page by itself –– causing certain concerns) (Defendant Replies due by 5/5/2014., Government Responses due by 4/28/2014) (Signed by Judge Katherine B. Forrest on 4/16/14)(jw) (Entered: 04/16/2014) |

| 04/28/2014 | 26 | MEMORANDUM in Opposition by USA as to Ross William Ulbricht re 19 FIRST MOTION to Dismiss *Challenging the Face of the Indictment*.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Turner, Serrin) (Entered: 04/28/2014) |
|---|---|---|
| 04/29/2014 | 27 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 4/25/2014 re: For the reasons stated in this letter, defense counsel writes to request an adjournment of the pretrial conference scheduled for February 19, 2014. ENDORSEMENT: Adjourned to 6/2/2014 at 2:00 p.m. (Signed by Judge Katherine B. Forrest on 4/28/2014)(dnd) . (Entered: 04/29/2014) |
| 05/09/2014 | 28 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Attorney Joshua L. Dratel dated May 9, 2014 re: submitted to request an extension until May 23, 2014, for the filing of Mr. Ulbricht's Reply to the Government's Response to the Defendant's Pre–Trial Motions challenging the face of the Indictment. This adjustment in the briefingschedule will not impact the next pre–trial conference in this case, which is currently scheduled for June 2, 2014, at 2 p.m., and at which time the motions will be fully briefed. ENDORSEMENT: Application granted. (Signed by Judge Katherine B. Forrest on 5/9/2014)(bw) (Entered: 05/12/2014) |
| 05/22/2014 | 29 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated May 22, 2014 re: Extension of Time for File of Reply (Dratel, Joshua) (Entered: 05/22/2014) |
| 05/22/2014 | 30 | NOTICE OF ATTORNEY APPEARANCE Timothy Turner Howard appearing for USA. (Howard, Timothy) (Entered: 05/22/2014) |
| 05/23/2014 | 31 | MEMO ENDORSEMENT as to Ross William Ulbricht on re: 29 Letter filed by Ross William Ulbricht. ENDORSEMENT: ORDERED: Application Granted. (Signed by Judge Katherine B. Forrest on 5/23/2014)(ft) (Entered: 05/23/2014) |
| 05/23/2014 | | Set/Reset Deadlines/Hearings as to Ross William Ulbricht: Replies due by 5/27/2014. (ft) (Entered: 05/23/2014) |
| 05/27/2014 | 32 | REPLY MEMORANDUM OF LAW in Support as to Ross William Ulbricht re: 19 FIRST MOTION to Dismiss *Challenging the Face of the Indictment*. . (Dratel, Joshua) (Entered: 05/27/2014) |
| 06/02/2014 | 33 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner dated 5/30/14 re: The Government is continuing to investigate other charges against the defendant and requires additional time to pursue its investigation before determining whether to seek a superseding indictment. The Government therefore respectfully requests that the Court extend the time for the Government to file any superseding indictment by 30 additional days, i.e., until June 30, 2014. The Government does not anticipate that any further extension will be needed after June 30, 2014. The Government submits that this schedule will still afford the defense ample time to review any additional discovery and prepare for trial, which is set to begin on November 4, 2014.ENDORSEMENT: SO ORDERED. (Signed by Judge Katherine B. Forrest on 6/2/14)(jw) (Entered: 06/02/2014) |
| 06/02/2014 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Status Conference as to Ross William Ulbricht held on 6/2/2014. Defendant present with attorneys Joshua Dratel and Lindsay Lewis. AUSAs Serrin Turner and Tim Howard present. Conference held. Order to follow. Detention continued. (jp) (Entered: 06/02/2014) |
| 06/03/2014 | 34 | ORDER as to Ross William Ulbricht ( Motions due by 7/15/2014., Replies due by 8/27/2014., Responses due by 8/15/2014, Status Conference set for 9/5/2014 at 12:00 PM before Judge Katherine B. Forrest.) The Court hereby ORDERS the parties to comply with the following schedule for the remainder of this litigation: Dispositive motions shall be filed by July 15, 2014; oppositions are due August 15, 2014, and replies, if any, shall be filed by August 27, 2014; The parties shall together determine the date by which trial exhibits are to be exchanged to allow adequate time for objections to be interposed (if a date cannot be agreed upon, the Court will set one at the next status conference); The parties shall confer as to whether they believe juror questionnaires would be helpful in this case. They shall submit a joint letter setting forth their views on this topic by August 1, 2014 (if they believe questionnaires would be helpful, the August 1 letter should contain a proposed date for submission of a draft |

| | | to the Court); A status conference shall occur on September 5, 2014 at 12:00 p.m. Rule 404(b) motions shall be submitted by October 3, 2014; Motions in Limine shall be submitted by October 17, 2014; oppositions are due October 24, 2014. 3500 material shall be submitted not later than October 31, 2014; and A final pretrial conference shall occur on October 29, 2014 at 2:00 p.m. (the Court has reserved three hours). (Signed by Judge Katherine B. Forrest on 6/3/14)(jw) (Entered: 06/03/2014) |
|---|---|---|
| 06/26/2014 | 35 | MOTION To Intervene Solely For The Purpose right To Access Judicial Proceeding Records. Document filed by Intervenors. (dnd) (Entered: 06/26/2014) |
| 06/27/2014 | | Minute Entry for proceedings held before Judge Katherine B. Forrest: Conference as to Ross William Ulbricht held on 6/27/2014. Defendant waives his appearance. Counsel for defendant, Joshua Dratel and Lindsay Lewis present. AUSAs Serrin Turner and Tim Howard present. Court Reporter present. Conference held. (jp) (Entered: 06/27/2014) |
| 06/27/2014 | 36 | Waiver of Appearance as to Ross William Ulbricht. I have spoken with my attorney, Joshua L. Dratel, Esq., and he has advised me of thenature of the June 27, 2014, Court conference scheduled in the above–captioned matter. I hereby knowingly waive my right to appear in person June 27, 2014, at 2:30 p.m., before the Honorable Katherine B. Forrest, United States District Judge for the Southern District of New York, at the United States Courthouse located at 500 Pearl Street, New York, in the above–captioned matter. I authorize my attorneys Joshua L. Dratel, Esq., and Lindsay A. Lewis, Esq., to appear on my behalf at that conference. (jw) (Entered: 06/27/2014) |
| 06/27/2014 | 37 | ORDER as to Ross William Ulbricht. On June 27, 2014, a status conference was held in the above–referenced matter. (Mr. Ulbricht was not in attendance; he waived his right to appear in person. That waiver has been filed electronically.) As was discussed, the Court hereby ORDERS the following: –The parties shall submit a letter (jointly, if possible) that sets forth the status of Mr. Ulbricht' s access to discovery by the close of business on July 7, 2014. In particular, the letter shall set forth the number of hours Mr. Ulbricht requested to view the electronic discovery and the number of hours he actually had such access from June 28, 2014 through July 6, 2014. –Defendant's counsel shall notify the Court no later than the close of business on July 2, 2014 if Mr. Ulbricht has not yet received access to the hard drives. –The schedule has been adjusted as follows: defendant shall file any dispositive motion by July 29, 2014; the Government's response is due by August 26, 2014; and the reply, if any, shall be filed by September 12, 2014. Separately, the Court notes that on June 26, 2014, it received a letter motion from four incarcerated individuals seeking permission to intervene in this action (the letter is included herein). Because there is no provision that allows for such intervention in criminal actions, the Court DENIES the request.(See Footnote 1). SO ORDERED. (Signed by Judge Katherine B. Forrest on 6/27/2014) [*** FOOTNOTE 1: The Court notes that as a matter of policy and practice, the proceedings that occur and the submissions that are made in this matter are, generally speaking, publicly available – it is an open courtroom and a public docket. ***] (bw) (Entered: 06/30/2014) |
| 07/02/2014 | 38 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Conference held on 6/2/14 before Judge Katherine B. Forrest. Court Reporter/Transcriber: William Richards, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/28/2014. Redacted Transcript Deadline set for 8/7/2014. Release of Transcript Restriction set for 10/3/2014. (Rodriguez, Somari) (Entered: 07/02/2014) |
| 07/02/2014 | 39 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Conference proceeding held on 6/2/14 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 07/02/2014) |
| 07/07/2014 | 40 | ORDER as to Ross William Ulbricht. On July 3, 2014, the Court sent the attached letter via email to Nicole McFarland, Senior Staff Attorney at the Metropolitan Detention Center. (Signed by Judge Katherine B. Forrest on 7/7/14)(jw) (Entered: |

| | | 07/07/2014) |
|---|---|---|
| 07/08/2014 | 41 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Timothy T. Howard dated 7/7/2014 re: Status Update. ENDORSEMENT: Ordered: Post to docket. (Signed by Judge Katherine B. Forrest on 7/8/2014)(ft) (Entered: 07/08/2014) |
| 07/09/2014 | 42 | OPINION AND ORDER #104494: as to Ross William Ulbricht re: 19 FIRST MOTION to Dismiss *Challenging the Face of the Indictment*. filed by Ross William Ulbricht. For the reasons set forth on this Opinion and Order, the defendant's motion to dismiss is DENIED in its entirety. The clerk of the Court is directed to terminate the motion at ECFNo. 19. (Signed by Judge Katherine B. Forrest on 7/9/2014)(jp) Modified on 7/11/2014 (ca). (Entered: 07/09/2014) |
| 07/15/2014 | 43 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner dated 7/14/2014 re: Status Update. ENDORSEMENT: Ordered: Post to docket. (Signed by Judge Katherine B. Forrest on 7/14/2014)(ft) (Entered: 07/15/2014) |
| 07/25/2014 | 44 | ENDORSED LETTER: As to Ross William Ulbricht addressed to Magistrate Judge Kevin Nathaniel Fox from Joshua L. Dratel dated 7/24/2014 re: Defense counsel writes to request a two day extension until July 31, 2014 to file the defendant's motions. ENDORSEMENT: Application Granted. SO ORDERED. (Signed by Magistrate Judge Kevin Nathaniel Fox on 7/25/2014)(dnd) (Entered: 07/25/2014) |
| 07/31/2014 | 45 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 7/30/2014 re: Extension of Time to File Motion. ENDORSEMENT: Ordered: Application granted. (Motions due by 8/1/2014.) (Signed by Judge Katherine B. Forrest on 7/31/2014)(ft) (Entered: 07/31/2014) |
| 08/01/2014 | 46 | MOTION to Suppress *Certain Evidence*., MOTION for Discovery ., MOTION for Bill of Particulars . Document filed by Ross William Ulbricht. (Dratel, Joshua) (Entered: 08/01/2014) |
| 08/01/2014 | 47 | DECLARATION of Joshua L. Dratel in Support as to Ross William Ulbricht re: 46 MOTION to Suppress *Certain Evidence*. MOTION for Discovery . MOTION for Bill of Particulars .. (Dratel, Joshua) (Entered: 08/01/2014) |
| 08/01/2014 | 48 | MEMORANDUM in Support by Ross William Ulbricht re 46 MOTION to Suppress *Certain Evidence*. MOTION for Discovery . MOTION for Bill of Particulars .. (Dratel, Joshua) (Entered: 08/01/2014) |
| 08/04/2014 | 49 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated August 4, 2014 re: Juror Questionnaire (Dratel, Joshua) (Entered: 08/04/2014) |
| 08/05/2014 | 50 | ORDER as to Ross William Ulbricht. The Court has received defendant's application for an extension of time to subject a proposed juror questionnaire and accompanying letter motion. Without taking a position on the ultimately utility, if any, of a juror questionnaire in this action, the Court hereby GRANTS defendant's request. The Government is ORDERED to respond to any submission by defendant not later than September 5, 2014 at 8:30 a.m. SO ORDERED. (Signed by Judge Katherine B. Forrest on 8/5/2014)(bw) (Entered: 08/05/2014) |
| 08/08/2014 | 51 | NOTICE OF ATTORNEY APPEARANCE: Lindsay Anne Lewis appearing for Ross William Ulbricht. Appearance Type: Retained. (Lewis, Lindsay) (Entered: 08/08/2014) |
| 08/21/2014 | 52 | (S1) SUPERSEDING INDICTMENT FILED as to Ross William Ulbricht (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s. (jbo) (Entered: 08/21/2014) |
| 08/22/2014 | 53 | LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated August 22, 2014 re: Respectfully Requesting that the Court Order the Use of a Juror Questionnaire . Document filed by Ross William Ulbricht. (Attachments: # 1 Exhibit Defendant's Proposed Questionnaire)(Dratel, Joshua) (Entered: 08/22/2014) |
| 08/29/2014 | 54 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner dated 8/29/2014 re: On August 1, 2014, the defendant filed |

| | | a 90–page suppression motion. The Governments opposition is presently due today, August 29, 2014... the Government respectfully requests that the briefing schedule for the motion to dismiss be extended by one week, as follows: Governments opposition due: September 5, 2014. Defendants reply due: September 23, 2014. ENDORSEMENT: Application Granted. SO ORDERED. (Signed by Judge Katherine B. Forrest on 8/29/2014)(dnd) (Entered: 08/29/2014) |
|---|---|---|
| 09/03/2014 | 55 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated September 3, 2014 re: Update To the Court on the Discovery Review Process (Dratel, Joshua) (Entered: 09/03/2014) |
| 09/05/2014 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Arraignment as to Ross William Ulbricht (1) Count 1s,2s,3s,4s,5s,6s,7sRoss William Ulbricht (1) Count 1s,2s,3s,4s,5s,6s,7s held on 9/5/2014., Plea entered by Ross William Ulbricht (1) Count 1s,2s,3s,4s,5s,6s,7sRoss William Ulbricht (1) Count 1s,2s,3s,4s,5s,6s,7s Not Guilty. Defendant present with attorneys Joshua Dratel, Lindsay Lewis, and Joshua Horowitz. AUSA Serrin Turner present. Court Reporter present. Defendant arraigned on the Superseding Indictment and enters a plea of not guilty to all counts. Order to follow. Pretrial detention continued. (jp). (Entered: 09/05/2014) |
| 09/05/2014 | 56 | MEMORANDUM in Opposition by USA as to Ross William Ulbricht re 46 MOTION to Suppress *Certain Evidence*. MOTION for Discovery . MOTION for Bill of Particulars .. (Turner, Serrin) (Entered: 09/05/2014) |
| 09/05/2014 | 57 | DECLARATION of Christopher Tarbell in Opposition by USA as to Ross William Ulbricht re: 46 MOTION to Suppress *Certain Evidence*. MOTION for Discovery . MOTION for Bill of Particulars .. (Turner, Serrin) (Entered: 09/05/2014) |
| 09/08/2014 | 58 | ORDER as to Ross William Ulbricht ( Motions due by 9/26/2014., Replies due by 9/23/2014., Responses due by 9/9/2014, Status Conference set for 10/17/2014 at 11:00 AM before Judge Katherine B. Forrest.) The Government shall submit a response to defendant's submission regarding a proposed juror questionnaire not later than Tuesday, September 9, 2014. Any motion by defendant regarding additional counts in the Superseding Indictment shall be made by letter not later than Friday, September 26, 2014. The Government shall respond as soon as practicable, but not later than Tuesday, September 30, 2014. The government shall provide a proposed exhibit list to defendant not later than Tuesday, October 21, 2014. Defendant shall provide a proposed exhibit list to the Government not later than Friday, October 24, 2014, indicating any objections to the Government's exhibits. Parties shall submit final pretrial materials by Friday, October 31, 2014. Those materials include (a) trial witness lists; (b) joint proposed voir dire; (c) joint proposed requests to charge, and verdict form; (d) exhibit lists; (e) objections to proposed exhibits; and (f) a list of stipulations. The final pretrial conference is now scheduled to occur on Wednesday November 5, 2014 at 2:00pm. The parties shall set aside three hours. The trial is now scheduled to commence Monday, November 10, 2014. (Signed by Judge Katherine B. Forrest on 9/8/14)(jw) (Entered: 09/08/2014) |
| 09/08/2014 | 59 | NOTICE OF ATTORNEY APPEARANCE: Joshua Jacob Horowitz appearing for Ross William Ulbricht. Appearance Type: Retained. (Horowitz, Joshua) (Entered: 09/08/2014) |
| 09/09/2014 | 60 | LETTER RESPONSE in Opposition by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSA Serrin Turner dated 09/09/2014 re: 53 LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated August 22, 2014 re: Respectfully Requesting that the Court Order the Use of a Juror Questionnaire .. (Turner, Serrin) (Entered: 09/09/2014) |
| 09/15/2014 | 61 | MEMO ENDORSEMENT granting 53 LETTER MOTION Respectfully Requesting that the Court Order the Use of a Juror Questionnaire as to Ross William Ulbricht (1). ENDORSEMENT: Ordered: Defendant's application for a questionnaire is granted. However, the Court does not all of defendant's questions and will put out a revised questionnaire and schedule for use of such shortly. (Signed by Judge Katherine B. Forrest on 9/15/2014) (ft) (Entered: 09/15/2014) |
| 09/16/2014 | 62 | ORDER as to Ross William Ulbricht. In accordance with the Court's Order on September 15, 2014 granting the use of a juror questionnaire (ECF No. 61), defendant shall provide by Friday, September 19, 2014 one Excel spreadsheet (using a template |

|  |  | similar to that employed in United States v. Mostafa) with columns corresponding to those questions the Court has indicated it is considering including. The Court plans to finalize the juror questionnaire by Friday, September 26, 2014. The process shall be as follows: Potential jurors will be given the questionnaire on Wednesday, November 5, 2014. 2. It is anticipated that the parties will have access to the questionnaires by 1:00 p.m. on that day. 3. The parties shall agree as between themselves which side shall take the laboring oar of filling in the spreadsheet based on juror responses. Both sides must agree that the Excel spreadsheet properly reflects the questionnaire responses. The parties shall then confer and present the Court with a list of jointly agreed strikes as well as a list of non–agreed requested strikes not later than Thursday, November 6, 2014 at 7:00p.m. (The Court must call prospective jurors who do not need to appear.). The Court shall review all agreed cause–strikes and those proposed by one side but not agreed by the other. The Court may determine that it is appropriate to strike one or more of these (or other) potential jurors. The Court will then separate the remaining jurors into two waves: the first wave will be those jurors who do not have potential or likely cause issues, and the second wave will be all others. The Court intends to proceed with voir dire initially using the first wave of potential jurors. The second wave of potential jurors shall only be called to the courtroom if necessary. (Signed by Judge Katherine B. Forrest on 9/16/14)(jw) (Entered: 09/16/2014) |
| 09/16/2014 | 63 | MEMORANDUM in Opposition by USA as to Ross William Ulbricht re 46 MOTION to Suppress *Certain Evidence*. MOTION for Discovery . MOTION for Bill of Particulars .. *(Supplemental Memorandum)* (Turner, Serrin) (Entered: 09/16/2014) |
| 09/19/2014 | 64 | ORDER as to Ross William Ulbricht. The Court has attached Version 1 of the juror questionnaire spreadsheet. The parties shall submit additional questions (not already proposed) and changes by Wednesday September 24, 2014. The Government shall provide its summary of the case by Wednesday, October 8, 2014. SO ORDERED. (Signed by Judge Katherine B. Forrest on 9/19/2014)(bw) (Entered: 09/22/2014) |
| 09/22/2014 | 65 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/22/2014) |
| 09/22/2014 | 66 | SEALED DOCUMENT placed in vault. (mps) (Entered: 09/22/2014) |
| 09/23/2014 | 67 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated September 23, 2014 re: Request for an Extension of Time for Filing Mr. Ulbrict's Reply motion (Dratel, Joshua) (Entered: 09/23/2014) |
| 09/24/2014 | 68 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 9/23/2014 re: This letter is in regard to the Reply papers on behalf of defendant Ross Ulbricht, whom I represent, and that are due today, September 23, 2014. For the reasons set forth below, it is respectfully requested that the due date be adjourned until September 30, 2014. It is also respectfully requested that the due date for the motions challenging the Superseding Indictment be extended from this Friday, September 26, 2014, until next Thursday, October 2, 2014. ENDORSEMENT: Application Granted. SO ORDERED. (Signed by Judge Katherine B. Forrest on 9/24/2014)(dnd) (Entered: 09/24/2014) |
| 10/01/2014 | 69 | REPLY MEMORANDUM OF LAW in Support as to Ross William Ulbricht re: 46 MOTION to Suppress *Certain Evidence*. MOTION for Discovery . MOTION for Bill of Particulars . . (Dratel, Joshua) (Entered: 10/01/2014) |
| 10/01/2014 | 70 | DECLARATION of Joshua J. Horowitz, Esq. in Support as to Ross William Ulbricht re: 46 MOTION to Suppress *Certain Evidence*. MOTION for Discovery . MOTION for Bill of Particulars .. (Attachments: # 1 Exhibit Government's March 21, 2014, Discovery Production Letter, # 2 Exhibit Mtime and Sites–Enabled Directory For Item 1 of March 21, 2014, Discovery Production, # 3 Exhibit Defense Counsel's September 17, 2014, Letter Demand for Discovery, # 4 Exhibit Government's September 23, 2014 Reponse to Defense Counsel's September 17, 2014, Letter, # 5 Exhibit Nginx Logs, Attachment 1 to the Government's September 23, 2014, Letter, # 6 Exhibit Full Text of live–ssl Configuration File, # 7 Exhibit Full Text of phpmyadmin Configuration File, # 8 Exhibit phpmyadmin Login Page, # 9 Exhibit Silk Road Login Page, # 10 Exhibit Example of Wireshark Packet Capture, # 11 Exhibit Screenshot of Wireshark Exit Prompt)(Dratel, Joshua) (Entered: 10/01/2014) |
| 10/02/2014 | 71 | MOTION to Dismiss *Counts One through Four of hte Superseding Indictment*., SUPPLEMENTAL MOTION for Bill of Particulars *as to the New Charges and* |

| | | *Allegations Contained in the Superseding Indictment*. Document filed by Ross William Ulbricht. (Lewis, Lindsay) (Entered: 10/02/2014) |
|---|---|---|
| 10/02/2014 | 72 | MEMORANDUM in Support by Ross William Ulbricht re 71 MOTION to Dismiss *Counts One through Four of hte Superseding Indictment*.SUPPLEMENTAL MOTION for Bill of Particulars *as to the New Charges and Allegations Contained in the Superseding Indictment*.. (Lewis, Lindsay) (Entered: 10/02/2014) |
| 10/03/2014 | 73 | ORDER as to Ross William Ulbricht. Defendant has submitted a declaration from Joshua Horowitz in support of his motion and request for an evidentiary hearing.If the Government has any response to the factual statements (and/or relevance of the factual statements) asserted therein, it should file such response by C.O.B., October 6, 2014 (if possible). (Signed by Judge Katherine B. Forrest on 10/3/14)(jw) (Entered: 10/03/2014) |
| 10/03/2014 | 74 | ORDER as to Ross William Ulbricht. Defendant has submitted a motion dismissing Counts One through Four of the Superseding Indictment and a motion directing the Government to produce the requested Bill of Particulars. The Government shall respond to these motions not later than Tuesday, October 7, 2014. SO ORDERED. (Signed by Judge Katherine B. Forrest on 10/3/2014)(bw) (Entered: 10/03/2014) |
| 10/06/2014 | 75 | RESPONSE in Opposition by USA as to Ross William Ulbricht re: 46 MOTION to Suppress *Certain Evidence*. MOTION for Discovery . MOTION for Bill of Particulars .. *(Response to Declaration of Joshua Horowitz)* (Turner, Serrin) (Entered: 10/06/2014) |
| 10/07/2014 | 76 | ORDER as to Ross William Ulbricht: The Court has not received a declaration or affidavit from defendant Ross Ulbricht, demonstrating that he had a subjective expectation of privacy in any of the items seized and as to which his suppression motion relates. The Court has read his counsel's argument as to the order in which they assert that decisions should be made. The potential rationale for not submitting a declaration or affidavit may, however, be different for the servers located in premises operated by third parties, versus the wireless router located on Montgomery Street, the laptop, the Gmail and Facebook accounts. The Court will give Mr. Ulbricht one final opportunity to submit a declaration or affidavit in support of his motion (which would of course need to have sufficient specificity to establish a subjective expectation of privacy in items to which it relates). However, given that the defendant has had quite a long time already to make such a submission, if he now decides to submit one, the Court must be so notified by 5pm today (October 7) that one shall be forthcoming by tomorrow, and to specify the particular items it will cover. (Signed by Judge Katherine B. Forrest on 10/7/2014)(jp) (Entered: 10/07/2014) |
| 10/07/2014 | 77 | ORDER: As to Ross William Ulbricht. The Court has not received a declaration or affidavit from defendant Ross Ulbricht, demonstrating that he had a subjective expectation of privacy in any of the items seized and as to which his suppression motion relates. The Court has read his counsel's argument as to the order in which they assert that decisions should be made. The potential rationale for not submitting a declaration or affidavit may, however, be different for the servers located in premises operated by third parties, versus the wireless router located on Montgomery Street, the laptop, the Gmail and Facebook accounts. The Court will give Mr. Ulbricht one final opportunity to submit a declaration or affidavit in support of his motion (which would of course need to have sufficient specificity to establish a subjective expectation of privacy in items to which it relates). However, given that the defendant has had quite a long time already to make such a submission, if he now decides to submit one, the Court must be so notified by 5pm today (October 7) that one shall be forthcoming by tomorrow, and to specify the particular items it will cover. SO ORDERED. (Signed by Judge Katherine B. Forrest on 10/7/2014)(dnd) (Entered: 10/07/2014) |
| 10/07/2014 | 78 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Conference held on 9/5/2014 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Kristen Carannante, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/31/2014. Redacted Transcript Deadline set for 11/10/2014. Release of Transcript Restriction set for 1/8/2015. (McGuirk, Kelly) (Entered: 10/07/2014) |

| 10/07/2014 | 79 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Conference proceeding held on 9/5/2014 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 10/07/2014) |
|---|---|---|
| 10/07/2014 | 80 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis, Esq. dated October 7, 2014 re: the Court's October 7, 2014, Order (Lewis, Lindsay) (Entered: 10/07/2014) |
| 10/07/2014 | 81 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis dated 10/7/2014 re: Accordingly, it is respectfully requested that defense counsel be pem1itted to respond to the Court's Order after Mr. Dratel's trial is concluded.ENDORSEMENT: The Court intends to rule on the suppression motion before Thurs. –– since you represent Mr. Ulbricht, perhaps you should meet with him. Ultimately, I assume you folks have considered the various issues relating to the declaration as an accommodation, the Court is providing you a last clear chance. (Signed by Judge Katherine B. Forrest on 10/7/14) (jw) (Entered: 10/07/2014) |
| 10/07/2014 | 82 | MEMORANDUM in Opposition by USA as to Ross William Ulbricht re 71 MOTION to Dismiss *Counts One through Four of hte Superseding Indictment*.SUPPLEMENTAL MOTION for Bill of Particulars *as to the New Charges and Allegations Contained in the Superseding Indictment*.. (Turner, Serrin) (Entered: 10/07/2014) |
| 10/07/2014 | 83 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated October 7, 2014 re: the government's October 6, 2014, filing and the Court's October 7, 2014, Order (Lewis, Lindsay) (Entered: 10/07/2014) |
| 10/08/2014 | 84 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 10/7/14 re: This letter is submitted on behalf of defendant Ross Ulbricht, in response to the government's October 6, 2014, filing pursuant to the Court's October 3, 2014, Order inviting the government to respond to the factual statements contained in the Declaration of Joshua J. Horowitz, Esq..ENDORSEMENT: Does the Government agree that no declaration is required is this case with regard to establishing Ulbricht's privacy interest in his Facebook, GMAIL accounts, and laptop? (Could you let me know today " yes" or "no" will do.) (Signed by Judge Katherine B. Forrest on 10/8/14) (jw) (Entered: 10/08/2014) |
| 10/08/2014 | 85 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSA Serrin Turner dated 10/08/2014 re: Defendant's Motion to Suppress Document filed by USA. (Turner, Serrin) (Entered: 10/08/2014) |
| 10/08/2014 | 86 | ORDER as to Ross William Ulbricht. Understanding that Mr. Dratel is currently on trial, the Court would like the parties to meet and confer, and inform the Court as soon as practicable, but in any event, not later than C.O.B., October 13, 2014 on the following: 1. What is the best estimate of the total trial duration –– real estimate –– including both direct and cross of witnesses. 2. Will the trial likely run into the Christmas holidays? 3. If it does seem that we will run into the holidays, without in any way suggesting the trial will be delayed, what is the soonest after January 1, 2015, the parties would be able to try the case? SO ORDERED. (Signed by Judge Katherine B. Forrest on 10/8/2014) (bw) (Entered: 10/08/2014) |
| 10/08/2014 | 87 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** Proposed Voir Dire Questions by USA as to Ross William Ulbricht. (Attachments: # 1 proposed case summary)(Turner, Serrin) Modified on 10/9/2014 (ka). (Entered: 10/08/2014) |
| 10/09/2014 | | **NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DOCUMENT TYPE ERROR. Note to Attorney Serrin Andrew Turner as to Ross William Ulbricht: to RE–FILE Document 87 Proposed Voir Dire Questions. Use the document type Letter found under the document list Other Documents. (ka)** (Entered: 10/09/2014) |

| 10/09/2014 | 88 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSA Serrin Turner dated 10/08/2014 re: Proposed Case Summary for Voir Dire Document filed by USA. (Attachments: # 1 Proposed Case Summary)(Turner, Serrin) (Entered: 10/09/2014) |
|---|---|---|
| 10/10/2014 | 89 | OPINION AND ORDER #104893 as to Ross William Ulbricht re: 46 MOTION to Suppress *Certain Evidence*. MOTION for Discovery . MOTION for Bill of Particulars . filed by Ross William Ulbricht: For the reasons set forth above, defendant's motion to suppress, for a bill of particulars and to strike surplusage is DENIED. The Clerk of Court is directed to close the motion at ECF No. 46. (Signed by Judge Katherine B. Forrest on 10/10/2014)(jp) Modified on 10/16/2014 (ca). (Entered: 10/10/2014) |
| 10/15/2014 | 90 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L.. Dratel dated October 13, 2014 re: This letter is submitted on behalf of defendant Ross Ulbricht in conjunction with a corresponding letter submitted today by the government in response to the questions posed in the Court's October 8, 2014, Order. This letter is being transmitted via electronic mail to the Court, but can filed via ECF if the Court wishes.ENDORSEMENT: Trial adjourned to January 5, 2015. We will discuss other dates and logistics of jury selection at the conference on Friday (10/17/14) (Signed by Judge Katherine B. Forrest on 10/15/14)(jw) (Entered: 10/15/2014) |
| 10/15/2014 | 91 | SEALED DOCUMENT placed in vault. (rz) (Entered: 10/15/2014) |
| 10/16/2014 | 92 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner and Timothy Howard dated 10/8/2014 re: Please find attached a proposed summary of the case to be used in connection with voir dire at trial..ENDORSEMENT: Defendant shall provide any proposed modifications to the summary attached no later than 10/23/14. (Signed by Judge Katherine B. Forrest on 10/16/14)(jw) (Entered: 10/16/2014) |
| 10/17/2014 | 93 | ORDER as to Ross William Ulbricht ( Motions due by 12/3/2014., Responses due by 12/10/2014, Pretrial Conference set for 12/17/2014 at 02:00 PM before Judge Katherine B. Forrest.) The Government shall provide a proposed exhibit list to defendant not later than Monday, December 1, 2014 at 4:00 p.m. Defendant shall provide a proposed exhibit list to the Government not later than Friday, December 5, 2014 at 4:00 p.m., indicating any objections to the Government's exhibits and setting forth any known exhibits defendant intends to offer. Parties shall file any motions in limine by Wednesday, December 3, 2014; opposition briefs are due by Wednesday, December 10, 2014; no replies. Parties shall submit final pretrial materials by Wednesday, December 10, 2014. Those materials include (a) trial witness lists, in approximate order, with names and expected duration of direct examination; (b) joint proposed voir dire (taking into account the juror questionnaire); (c) joint proposed requests to charge; (d) joint proposed verdict form; (e) exhibit lists; (f) objections to proposed exhibits; and (g) a list of stipulations. The final pretrial conference is now scheduled to occur on Wednesday December 17, 2014 at 2:00 p.m. The parties shall set aside three hours. The juror questionnaire shall be filled out by the potential jurors the weeks of December 22 and 29, 2014. 3500 materials for non–cooperating witnesses shall be submitted by Monday, December 29, 2014. 3500 materials for all other witnesses shall be submitted by Friday, January 2, 2015. Upon receipt from the Jury Department, the Government shall work with defense counsel to copy/scan the questionnaires, fill out the juror questionnaire summary spreadsheet, and confer on joint strikes. Not later than Friday, January 2, 2015 at 10:00 a.m., the parties shall file the spreadsheet in both hard copy and electronic format (Excel) and a letter containing (1) jointly agreed–upon strikes; (2) proposed but not agreed–upon strikes. The trial shall commence on Monday, January 5, 2015. (Signed by Judge Katherine B. Forrest on 10/17/14)(jw) (Entered: 10/20/2014) |
| 10/17/2014 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Status Conference as to Ross William Ulbricht held on 10/17/2014. Defendant present with attys Joshua Dratel, Lindsay Lewis, and Joshua Horowitz. AUSAs Serrin Turner and Tim Howard present. Court Reporter present. Conference held. Order to follow. Remand continued. (jp) (Entered: 10/20/2014) |
| 10/24/2014 | 94 | OPINION & ORDER #104931: as to (14–Cr–68–01) Ross William Ulbricht. On February 4, 2014, a federal grand jury returned Indictment 14 Cr. 68 (the "Original Indictment"), charging Ross Ulbricht ("defendant" or "Ulbricht") on four counts–––all |

| | | |
|---|---|---|
| | | stemming from the creation, administration, and operations of an online marketplace known as "Silk Road." (ECF No. 12 ("Orig. Ind.").) On March 28, 2014, Ulbricht moved to dismiss the Original Indictment in its entirety. (ECF No. 19.) That motion became fully briefed on May 27, 2014 (ECF No. 32), and on July 9, 2014, the Court denied the motion (ECF No. 42). On August 21, 2014, the Government filed Superseding Indictment S1 14 Cr. 68 (KBF) (the "Superseding Indictment") containing three additional charges. (ECF No. 52 ("Sup. Ind.").) Ulbricht's trial is scheduled to begin on January 5, 2015. Pending before the Court is defendant's motion to dismiss Counts One through Four of the Superseding Indictment, for a bill of particulars, and "for any such other and further relief... which to the Court seems just and proper." (ECF No. 71.) For the reasons set forth below, the motion is DENIED....[See this Opinion And Order]... IV. CONCLUSION: For the reasons set forth above, defendant's motion is DENIED. The Clerk of the Court is directed to terminate the motion at ECF No. 71. SO ORDERED. (Signed by Judge Katherine B. Forrest on 10/24/2014)(bw) Modified on 11/4/2014 (ca). (Entered: 10/24/2014) |
| 11/04/2014 | 95 | SEALED DOCUMENT placed in vault. (nm) (Entered: 11/04/2014) |
| 11/18/2014 | 96 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSA Serrin Turner dated November 17, 2014 re: The Government respectfully requests that the deadline for the Government's disclosure of trial exhibits be extended by two days to December 3, 2014, and that the deadline for defense exhibits be correspondingly extended by two days to December 9, 2014. ENDORSEMENT: Application granted. (Signed by Judge Katherine B. Forrest on 11/18/2014)(bw) (Entered: 11/18/2014) |
| 11/25/2014 | 97 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Conference held on 10/17/14 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sonya Ketter Huggins, (212) 805−0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/19/2014. Redacted Transcript Deadline set for 12/29/2014. Release of Transcript Restriction set for 2/26/2015. (Rodriguez, Somari) (Entered: 11/25/2014) |
| 11/25/2014 | 98 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Conference proceeding held on 10/17/14 has been filed by the court reporter/transcriber in the above−captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Rodriguez, Somari) (Entered: 11/25/2014) |
| 12/01/2014 | 99 | SEALED DOCUMENT placed in vault. (nm) (Entered: 12/01/2014) |
| 12/01/2014 | 100 | ORDER as to Ross William Ulbricht. The Court has conferred with the Jury Department to implement a process for calling potential jurors to be given the juror questionnaire. The process shall be as follows: Potential jurors will be given the questionnaire on Monday, December 29, 2014. It is anticipated that the parties will have access to the questionnaires by 1:00 p.m. on that day. The parties shall agree as between themselves which side shall take the laboring oar of filling in the spreadsheet based on juror responses. Both sides must agree that the Excel spreadsheet properly reflects the questionnaire responses. The parties shall then confer and present the Court with a list of jointly agreed strikes as well as a list of non−agreed requested strikes not later than Thursday, January 1, 2015 at 5:00p.m. (The Court must call prospective jurors who do not need to appear.) The Court shall review all agreed cause− strikes and those proposed by one side but not agreed by the other. The Court may determine that it is appropriate to strike one or more of these (or other) potential jurors. The Court will then separate the remaining jurors into two waves: the first wave will be those jurors who do not have potential or likely cause issues; and the second wave will be all others. The Court intends to proceed with voir dire initially using the first wave of potential jurors. The second wave of potential jurors shall only be called to the courtroom if necessary. (Signed by Judge Katherine B. Forrest on 12/1/2014)(jw) (Entered: 12/01/2014) |
| 12/01/2014 | 101 | ORDER as to Ross William Ulbricht. The Court hereby notifies the parties that it intends to provide the enclosed Juror Questionnaire to the Clerk's Office on December |

Case 1:18-cr-00681-Document 23-2 06/19/2018 2329493 Page 18 of 105
Case 1:14-cr-00681-KBF-1 Ex 2 06/12/2018 20 5389 Page 16 of 40
A16

| | | 4, 2014. If either party has concerns, it should let the Court know not later than December 3, 2014. (Signed by Judge Katherine B. Forrest on 12/1/2014)(jw) (Entered: 12/01/2014) |
|---|---|---|
| 12/03/2014 | 102 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSA Timothy T. Howard dated 12/3/2014 re: Court's proposed jury questionnaire Document filed by USA. (Howard, Timothy) (Entered: 12/03/2014) |
| 12/03/2014 | 103 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 12/3/2014 re: This letter is submitted on behalf of defendant Ross Ulbricht in response to the Court's December 1, 2014, Order requesting that the parties convey any concerns with the existing questionnaire to the Court by today, December 3, 2014. This letter is being transmitted via electronic mail to the Court, but can filed via ECF if the Court wishes. ENDORSEMENT: Does the Government object to the changes noted in PP 1−5 above? Please inform the court by 5:00 p.m. 12/4/2014. SO ORDERED. (Signed by Judge Katherine B. Forrest on 12/3/2014)(dnd) (Entered: 12/03/2014) |
| 12/04/2014 | 104 | SEALED DOCUMENT placed in vault. (nm) (Entered: 12/04/2014) |
| 12/05/2014 | 105 | ORDER as to Ross William Ulbricht. Attached as Exhibit A is the juror questionnaire, as provided to the Jury Department. SO ORDERED (Signed by Judge Katherine B. Forrest on 12/5/14)(jw) (Entered: 12/05/2014) |
| 12/05/2014 | 106 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Attorney Joshua L. Dratel dated December 5, 2014 re: This letter is submitted on behalf of defendant Ross Ulbricht, and respectfully requests that the Court permit the motions in limine, the deadline for which the Court graciously extended until Monday, December 8, 2014, to be filed Tuesday, December 9, 2014, while leaving the time for any replies – due December 12, 2014 – unchanged. ENDORSEMENT: SO ORDERED. (Signed by Judge Katherine B. Forrest on 12/5/2014)(bw) (Entered: 12/08/2014) |
| 12/09/2014 | 107 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSAs Timothy T. Howard / Serrin Turner, dated December 9, 2014 re: On October 17, 2014, the Court ordered that the parties submit final pretrial materials by Wednesday, December 10, 2014, to include trial witness lists. The Government submits this letter to respectfully request leave from the Court to redact the names of cooperating witnesses from the list of Government witnesses. ENDORSEMENT: Defendant to respond to the instant letter request as soon as practicable (not later than 12/11 at 10am). (Signed by Judge Katherine B. Forrest on 12/9/2014)(bw) (Entered: 12/09/2014) |
| 12/09/2014 | 108 | MOTION in Limine – *Government's Pretrial Motions in Limine*. Document filed by USA as to Ross William Ulbricht. (Howard, Timothy) (Entered: 12/09/2014) |
| 12/10/2014 | 110 | ENDORSED LETTER as to Ross William Ulbricht addressed to Forrest Chambers from Lindsay Lewis dated 12/10/14 re: Motion in Limine & Objections to Government Exhibits...ENDORSEMENT...Post to docket. Redacted versions of all docs, which can be filed possibly in such form should be. File redacted versions by COB today. (Signed by Judge Katherine B. Forrest on 12/10/14)(jw) (Entered: 12/10/2014) |
| 12/10/2014 | 111 | ORDER as to Ross William Ulbricht ( Status Conference set for 12/15/2014 at 10:00 AM before Judge Katherine B. Forrest.) One of the issues defendant raises in his motion in limine relates to a currently non−public matter. To discuss and resolve this issue requires receipt of the Government's response, and a conference dedicated to that issue. Accordingly, the Court has set a conference for Monday, December 15, 2014 at 10:00a.m. for this purpose. In advance of that conference, the parties shall confer regarding whether (1) the Courtroom should be sealed, or (2) the matter can/should be taken up in the robing room. The parties shall inform the Court not later than C.O.B. Friday, December 12, 2014, as to their views regarding the same. (Signed by Judge Katherine B. Forrest on 12/10/14)(jw) (Entered: 12/10/2014) |
| 12/10/2014 | 112 | FIRST MOTION in Limine *to Preclude Certain Evidence and Proposed Government Exhibits*. Document filed by Ross William Ulbricht. (Dratel, Joshua) (Entered: 12/10/2014) |

| 12/10/2014 | 113 | DECLARATION of Joshua L. Dratel in Support as to Ross William Ulbricht re: 112 FIRST MOTION in Limine *to Preclude Certain Evidence and Proposed Government Exhibits.*. (Dratel, Joshua) (Entered: 12/10/2014) |
|---|---|---|
| 12/10/2014 | 114 | MEMORANDUM in Support by Ross William Ulbricht re 112 FIRST MOTION in Limine *to Preclude Certain Evidence and Proposed Government Exhibits.*. (Dratel, Joshua) (Entered: 12/10/2014) |
| 12/10/2014 | 115 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** Proposed Voir Dire Questions by Ross William Ulbricht. (Dratel, Joshua) Modified on 12/10/2014 (ka). (Entered: 12/10/2014) |
| 12/10/2014 |  | **NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DOCUMENT TYPE ERROR. Note to Attorney Joshua Lewis Dratel as to Ross William Ulbricht: to RE–FILE Document 115 Proposed Voir Dire Questions. Use the document type Letter found under the document list Other Documents. (ka)** (Entered: 12/10/2014) |
| 12/10/2014 | 116 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis, Esq. dated December 10, 2014 re: Defendant's Proposed Voir Dire (Lewis, Lindsay) (Entered: 12/10/2014) |
| 12/10/2014 | 117 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSAs Serrin Turner and Tim Howard dated 12/10/2014 re: Pre–trial Order Document filed by USA. (Turner, Serrin) (Entered: 12/10/2014) |
| 12/10/2014 | 118 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 12/10/2014 re: This letter is submitted on behalf of defendant Ross Ulbricht, in regard to the Joint Proposed Request to Charge, due today, December 10, 2014. We are currently finishing our redlining of the governments proposed Request to Charge. After consulting with the government, two options exist: we can either send the redlined version of the Request to Charge to the court tonight, or we can send it to the government to see if there are any additional areas in which we are able to reach agreement. ENDORSEMENT: Submit tonight to the Government. SO ORDERED. (Signed by Judge Katherine B. Forrest on 12/10/2014)(dnd) (Entered: 12/11/2014) |
| 12/10/2014 |  | **\*\*\*DELETED DOCUMENT. Deleted document number 109 Endorsed Letter, as to Ross William Ulbricht. The document was incorrectly filed in this case. (dnd)** (Entered: 12/18/2014) |
| 12/11/2014 | 119 | MEMO ENDORSEMENT as to Ross William Ulbricht on E–Mail sent to Joseph Pecorino of Judge Forrest's Chambers from Attorney Lindsay Lewis on 12/10/2014 7:45PM re: Attached please find a letter to the Court in opposition to the government's December 9, 2014, letter requesting leave from the Court to redact the names of the cooperating witnesses from the list of government witnesses. ENDORSEMENT: All letters and filings with the Court must be filed via ECF unless there is some truly important reason not to. If something cannot be filed publicly, then it must be filed in redacted form simultaneously on within the same business day. (Signed by Judge Katherine B. Forrest on 12/11/2014)(bw) (Entered: 12/11/2014) |
| 12/11/2014 | 120 | MEMORANDUM DECISION & ORDER as to Ross William Ulbricht. Ross Ulbricht ("defendant" or "Ulbricht") is charged with a variety of crimes relating to his alleged design, administration, and operation of an online marketplace known as "Silk Road." (ECF No. 52.) Trial is scheduled to commence on January 5, 2015. Before the Court is the Government's request for leave to redact the names of cooperating witnesses from the list of witnesses provided as part of the Government's final pretrial materials. (ECF No. 107.) The Government has agreed to provide the identities of such witnesses on January 2, 2015. According to theGovernment, disclosure on that date will provide at least ten days' notice regarding the witnesses' identities prior to their testimony at trial. Defendant has opposed this application. (ECF No. 119.). The Government has represented that it will provide the identities of thecooperating witnesses on January 2, 2015, and it has disclosed the identities of itsfirst two witnesses, both of whom are multi–day witnesses. The Court weighsdefendant's need to prepare for trial against the Government's proffered reason for withholding the identities of its cooperating witnesses until January 2, 2015. And while the Court currently has no view as to the merit of the Government's contention regarding defendant's alleged solicitations of |

| | | |
|---|---|---|
| | | murders–for–hire, it is in no position to find that they are baseless or that witnesses who are known to be preparing to testify against defendant would not be at risk of some retaliatory act. While defendant has limited access to the outside world, that has been true of many defendants in many cases who have creatively managed around such limitations. (Signed by Judge Katherine B. Forrest on 12/11/14)(jw) (Entered: 12/11/2014) |
| 12/11/2014 | 121 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** Request To Charge by USA as to Ross William Ulbricht. (Attachments: # 1 Joint RTCs (redline))(Turner, Serrin) Modified on 12/12/2014 (ka). (Entered: 12/11/2014) |
| 12/12/2014 | 122 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Government dated 12/12/2014 re: Joint Proposed Verdict Form Document filed by USA. (Attachments: # 1 Joint Proposed Verdict Form – Redline)(Turner, Serrin) (Entered: 12/12/2014) |
| 12/12/2014 | 123 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** Request To Charge by USA as to Ross William Ulbricht. (Attachments: # 1 Joint RTCs – revised redline)(Turner, Serrin) Modified on 12/12/2014 (ka). (Entered: 12/12/2014) |
| 12/12/2014 | | **NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DOCUMENT TYPE ERROR. Note to Attorney Serrin Andrew Turner as to Ross William Ulbricht: to RE–FILE Document 121 Request to Charge. Use the document type Letter found under the document list Other Documents.***NOTE: Proposed Jury Instructions must be filed individually. Use event code Proposed Jury Instructions located under Trial Documents. (ka)** (Entered: 12/12/2014) |
| 12/12/2014 | | **NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DOCUMENT TYPE ERROR. Note to Attorney Serrin Andrew Turner as to Ross William Ulbricht: to RE–FILE Document 123 Request to Charge. Use the document type Letter found under the document list Other Documents.***NOTE: Proposed Jury Instructions must be filed individually. Use event code Proposed Jury Instructions located under Trial Documents. (ka)** (Entered: 12/12/2014) |
| 12/12/2014 | 124 | ORDER as to Ross William Ulbricht. It is hereby ORDERED that in advance of, but to be discussed at the final pretrial conference, the parties shall confer on a list of terms likely to arise and determine whether there is any likelihood of stipulations to definitions. In prior trials involving complex matters, the Court has requested the parties to confer on definitions of terms and a handout has sometimes been provided to the jury with those terms. A witness in the ordinary course has then explained the terms. The Court has allowed the jury to retain the handout at their seats throughout the trial. Among the types of terminology the parties will want to consider including in such a "glossary" are the following: Online chats, Application(s), Log, Browser, Tor, IP address, Servers, Server side, Bitcoin, bitcoin process: ledger, bitcoin value, PIN, PTH, Codebase, Configuration files, Controllers, Support controllers, Administrator, administrative/administrator privileges, Path, Scripting language. SO ORDERED. (Signed by Judge Katherine B. Forrest on 12/12/2014)(ft) (Entered: 12/12/2014) |
| 12/12/2014 | 125 | CORRECTED MEMORANDUM DECISION & ORDER as to Ross William Ulbricht. Ross Ulbricht ("defendant" or "Ulbricht") is charged with a variety of crimes relating to his alleged design, administration, and operation of an online marketplace known as "Silk Road." (ECF No. 52.) Trial is scheduled to commence on January 5, 2015. Before the Court is the Government's request for leave to redact the names of cooperating witnesses from the list of witnesses provided as part of the Government's final pretrial materials. (ECF No. 107.) The Government has agreed to provide the identities of such witnesses on January 2, 2015. According to the Government, disclosure on that date will provide at least ten days' notice regarding the witnesses' identities prior to their testimony at trial. Defendant has opposed this application. (ECF No. 119.) The Government has represented that it will provide the identities of the cooperating witnesses on January 2, 2015, and it has disclosed the identities of its first two witnesses, both of whom are multi–day witnesses. The Court weighs defendant's need to prepare for trial against the Government's proffered reason for withholding the identities of its cooperating witnesses until January 2, 2015. And while the Court currently has no view as to the merit of the Government's contention regarding defendant's alleged solicitations of murders–for–hire, it is in no position to find that |

| | | |
|---|---|---|
| | | they are baseless or that witnesses who are known to be preparing to testify against defendant would not be at risk of some retaliatory act. While defendant has limited access to the outside world, that has been true of many defendants in many cases who have creatively managed around such limitations. Disclosure on January 2, 2015 is sufficient. (Signed by Judge Katherine B. Forrest on 12/12/2014)(ft) (Entered: 12/12/2014) |
| 12/12/2014 | 126 | MEMORANDUM in Opposition by Ross William Ulbricht re 108 MOTION in Limine – *Government's Pretrial Motions in Limine*.. (Dratel, Joshua) (Entered: 12/12/2014) |
| 12/12/2014 | 127 | MEMORANDUM in Opposition by USA as to Ross William Ulbricht re 112 FIRST MOTION in Limine *to Preclude Certain Evidence and Proposed Government Exhibits*.. (Howard, Timothy) (Entered: 12/12/2014) |
| 12/15/2014 | | Minute Entry for proceedings held before Judge Katherine B. Forrest: Conference as to Ross William Ulbricht held on 12/15/2014. Defendant present with attys Joshua Dratel, Lindsay Lewis, and Joshua Horowitz. AUSAs Serrin Turner and TImothy Howard present. Court Reporter present. Conference held. Detention continued. (jp) (Entered: 12/15/2014) |
| 12/15/2014 | 128 | ORDER as to Ross William Ulbricht. The Court has made several minor non–substantive edits to the juror questionnaire. The revised version, as provided to the Jury Department, is attached as Exhibit A. The Court will email the parties a revised version of the Excel spreadsheet, which the parties shall fill in and provide to the Court as set forth in the Court's December 1, 2014 order. (ECF No. 100.) SO ORDERED. (Signed by Judge Katherine B. Forrest on 12/15/2014)(dnd) (Entered: 12/15/2014) |
| 12/16/2014 | 129 | ORDER as to Ross William Ulbricht. Further to the Court's questions and concerns as expressed on the record on December 15, the court needs to further understand the government's legal theory as to the following: 1. Does the government contend that the defendant was the hub in a hub and spoke conspiracy –– or would the government characterize his alleged position otherwise? 2. If the defendant is alleged to be at the center of the conspiracy as a hub or occupying a position akin to a hub, does the government agree that it must prove the existence of a rim to connect the various co–conspirators to each other? If not, please provide case law support for the government's position. 3. Does the government contend that all sellers of all types of drugs during the entire conspiracy timeframe were part of a single conspiracy? If so, please provide case law support. 4. What does "mutual dependence" mean as a matter of law and what must the government prove to demonstrate this? Put another way, apart from asserting mutual dependence, must the government show that a seller of LSD on day one of the launch was mutually dependent on a seller of heroin on day 250? 5. How does mutual dependence work when buyers and sellers are targeting particular drugs only? (That is, why does a seller of LSD care about the vibrancy of the marketplace for heroin? What type of proof could establish any necessary inference?) The court would like to have the government's responses before or at the final pre–trial conference. SO ORDERED. (Signed by Judge Katherine B. Forrest on 12/16/2014)(bw) (Entered: 12/16/2014) |
| 12/16/2014 | 130 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSA Timothy T. Howard dated 12/16/2014 re: Court's Order Regarding List of Defined Terms Document filed by USA. (Howard, Timothy) (Entered: 12/16/2014) |
| 12/17/2014 | 131 | LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 12/17/2014 re: 129 Order,,,,,, re: Response to the Court's December 16 Order . Document filed by USA as to Ross William Ulbricht. (Turner, Serrin) (Entered: 12/17/2014) |
| 12/17/2014 | 132 | MEMO ENDORSEMENT as to Ross William Ulbricht on re: 130 Letter filed by USA. ENDORSEMENT: Ordered: Fine. I just want us to discuss the concept at the FPTC today. I don;t need the stip. before 12/30. (Signed by Judge Katherine B. Forrest on 12/17/2014)(ft) (Entered: 12/17/2014) |
| 12/17/2014 | | Minute Entry for proceedings held before Judge Katherine B. Forrest: FinalPretrial Conference as to Ross William Ulbricht held on 12/17/2014. Defendant present with attys Joshua Dratel, Lindsay Lewis, and Joshua Horowitz. AUSAs Serrin Turner and |

| | | |
|---|---|---|
| | | Timothy Howard present. Court Reporter present. Conference held. Detention continued. (jp) (Entered: 12/18/2014) |
| 12/18/2014 | 133 | ENDORSED LETTER as to Ross William Ulbricht addressed to Forrest NYSD Chambers from NYSD Help Desk dated 12/10/2014 re: Letter received from attorney Joshua Dratel to have document number 109 removed from docket. Document was inadvertently filed on the CM/ECF system, and should have instead been filed under seal. ENDORSEMENT: ECF No. 109 to be removed from the public docket. SO ORDERED. (Signed by Judge Katherine B. Forrest on 12/17/2014)(dnd) (Entered: 12/18/2014) |
| 12/19/2014 | 134 | LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 12/19/2014 re: Request for One−Week Adjournment of Trial . Document filed by USA as to Ross William Ulbricht. (Turner, Serrin) (Entered: 12/19/2014) |
| 12/19/2014 | 135 | SEALED DOCUMENT placed in vault. (nm) (Entered: 12/19/2014) |
| 12/19/2014 | 136 | SEALED DOCUMENT placed in vault. (nm) (Entered: 12/19/2014) |
| 12/19/2014 | 137 | SEALED DOCUMENT placed in vault. (nm) (Entered: 12/19/2014) |
| 12/19/2014 | 138 | SEALED DOCUMENT placed in vault. (nm) (Entered: 12/19/2014) |
| 12/19/2014 | 139 | ORDER as to Ross William Ulbricht. Potential jurors will be given the questionnaire on Monday, January 5, 2015. It is anticipated that the parties will have access to the questionnaires by 3:00 p.m. on that day. The parties shall agree as between themselves which side shall take the laboring oar of filling in the spreadsheet based on juror responses. Both sides must agree that the Excel spreadsheet properly reflects the questionnaire responses. The parties shall then confer and present the Court with a list of jointly agreed strikes as well as a list of non−agreed requested strikes not later than Thursday, January 8, 2015 at 5:00 p.m. (The Court must call prospective jurors who do not need to appear.) The Court shall review all agreed cause−strikes and those proposed by one side but not agreed by the other. The Court may determine that it is appropriate to strike one or more of these (or other) potential jurors. The Court will then separate the remaining jurors into two waves: the first wave will be those jurors who do not have potential or likely cause issues, and the second wave will be all others. The Court intends to proceed with voir dire initially using the first wave of potential jurors. The second wave of potential jurors shall only be called to the courtroom if necessary. The updated juror questionnaire (reflecting the change in trial start date) is attached. SO ORDERED. (Signed by Judge Katherine B. Forrest on 12/19/2014)(ft) (Entered: 12/19/2014) |
| 12/19/2014 | 140 | MEMO ENDORSEMENT as to Ross William Ulbricht on re: 134 LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 12/19/2014 re: Request for One−Week Adjournment of Trial filed by USA. ENDORSEMENT: ORDERED: Application Granted. Trial adjourned to Tuesday, January 13, 2015, at 9:00 am. Order re jury selection process to follow. (Jury Trial set for 1/13/2015 at 09:00 AM before Judge Katherine B. Forrest.) (Signed by Judge Katherine B. Forrest on 12/19/2014)(ft) Modified on 12/19/2014 (ft). (Entered: 12/19/2014) |
| 12/29/2014 | 141 | SEALED DOCUMENT placed in vault. (rz) (Entered: 12/29/2014) |
| 01/07/2015 | 142 | OPINION & ORDER as to Ross William Ulbricht. Defendant's motion to preclude certain evidence regarding Silk Road product listings and transactions is DENIED, subject to the ruling in subpart F. Defendant's motions to preclude evidence of defendant's murder−for−hire solicitations and to strike references to such solicitations as surplusage are DENIED. The Government's corresponding motion to allow the murder−for−hire evidence is GRANTED. Defendant's motion to preclude certain Government exhibits as insufficiently authenticated is DENIED. Defendant can renew this motion as to any particular exhibit when it is offered at trial. Defendant's motion to preclude evidence that he ordered fraudulent identification documents from Silk Road is DENIED. The Government's corresponding motion to allow this evidence is GRANTED. Defendant's motion to preclude a variety of government exhibits not covered by the other motions in limine is GRANTED in part and DENIED in part. The specific rulings are set forth above. DENIED. The Government's motions to preclude argument and evidenceregarding (1) any potential consequences of conviction, and (2) defendant's political views or other excuses is DENIED as moot. The Clerk of Court is |

Case 1:18-cr-00068-KBF Document 22-2 06/12/2018 2320483 Page 23 of 105
Case 1:18-cr-00068-KBF Document 22-2 06/12/2018 2320483 Page 24 of 840
**A21**

| | | directed to terminate the motions at ECF Nos. 108 and 112. (Signed by Judge Katherine B. Forrest on 1/7/2015)(ft) (Entered: 01/07/2015) |
|---|---|---|
| 01/08/2015 | 143 | SEALED DOCUMENT placed in vault. (rz) (Entered: 01/08/2015) |
| 01/09/2015 | 144 | ORDER as to Ross William Ulbricht. The Court has reviewed the list of strikes to which both parties have consented. The Court agrees, and hereby strikes the following prospective jurors: 3, 9, 13, 18, 22, 24, 25, 34, 35, 36, 40, 42, 44, 47, 48, 54, 57, 67, 68, 69, 71, 72, 74, 76, 78, 79, 80, 82, 83, 84, 88, 94, 95, 96, 99, 100, 103, 105, 108, 109, 125, 126, 128, 129, 131, 132, 133, 142, 145, 147, 149, 150, 151, 161, 172, 174, 177, 179, 182. Based on its review of the questionnaires, the Court also strikes the following prospective jurors: 6, 7, 8, 14, 16, 20, 31, 37, 39, 45, 46, 56, 58, 60, 62, 64, 86, 91, 117, 118, 120,122, 123, 130, 139, 144, 148, 152, 157, 158, 160, 167, 183. The parties shall provide the Court with printed copies of all filled–out juror questionnaires, marked with each jurors number, as soon as is practicable, but not later than Saturday, January 10, 2015. (Signed by Judge Katherine B. Forrest on 1/9/15)(jw) (Entered: 01/09/2015) |
| 01/09/2015 | 145 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Conference held on 12/17/2014 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Andrew Walker, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2015. Redacted Transcript Deadline set for 2/12/2015. Release of Transcript Restriction set for 4/13/2015. (McGuirk, Kelly) (Entered: 01/09/2015) |
| 01/09/2015 | 146 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Conference proceeding held on 12/17/2014 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 01/09/2015) |
| 01/09/2015 | 147 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated January 9, 2015 re: the reading of internet communications during trial (Dratel, Joshua) (Entered: 01/09/2015) |
| 01/12/2015 | 148 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serkin Turner dated 10/13/2014 re: The Government respectfully submits this letter in response to the Court's order dated October 8, 2014. ENDORSEMENT: Ordered: Post to docket. (Signed by Judge Katherine B. Forrest on 1/12/2015)(ft) (Entered: 01/12/2015) |
| 01/12/2015 | 149 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay Lewis dated 1/8/2015 re: As per the Court's September 16, 2014, Order, attached please find (1) the Excel spreadsheet prepared from the juror questionnaire submitted on behalf of Mr. Ulbricht in the above–captioned case; and (2) s a cover letter explaining the contents of the spreadsheet. ENDORSEMENT: Ordered: Post to docket. (Signed by Judge Katherine B. Forrest on 1/12/2015)(ft) (Entered: 01/12/2015) |
| 01/12/2015 | 150 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serkin Turner dated 8/21/2014 re: The Government respectfully requests that the defendant's arraignment on the Superseding Indictment be scheduled for the same time as the upcoming pretrial conference presently scheduled for September 5, 2014, at 12:00 p.m. ENDORSEMENT: Ordered: Post to docket. Dealt with in ordinary course. (Signed by Judge Katherine B. Forrest on 1/12/2015)(ft) (Entered: 01/12/2015) |
| 01/12/2015 | 151 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/13/2015) |
| 01/12/2015 | 152 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/13/2015) |
| 01/12/2015 | 153 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/13/2015) |
| 01/13/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Voir Dire held and Jury Trial begun on 1/13/2015 as to Ross William Ulbricht. (jp) (Entered: 02/05/2015) |

| 01/14/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 1/14/2015. (jp) (Entered: 02/05/2015) |
|---|---|---|
| 01/15/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 1/15/2015. (jp) (Entered: 02/05/2015) |
| 01/19/2015 | 154 | LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 01/19/2015 re: Striking/Preclusion of Testimony . Document filed by USA as to Ross William Ulbricht. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Turner, Serrin) (Entered: 01/19/2015) |
| 01/19/2015 | 155 | LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated January 19, 2015 re: 154 LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 01/19/2015 re: Striking/Preclusion of Testimony . re: the governments January 19, 2015, letter seeking preclusion of certain questioning of Homeland Security Investigations Special Agent Jared Der–Yeghiayan . Document filed by Ross William Ulbricht. (Lewis, Lindsay) (Entered: 01/19/2015) |
| 01/20/2015 | 156 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 1/19/15 re: About twenty minutes ago, while eating dinner, I broke a tooth. Obviously, I would very much like to get to the dentist as quickly as possible but of course there's the ongoing trial. I'm confident I could get in to see my dentist tomorrow morning at 9 a.m. but don't know anything beyond that. I also don't know how I would feel in the morning. If anyone (including AUSA's) sees this e–mail tonight, please let me know everyone's position on how to proceed..ENDORSEMENT: It is too late to have the jury stay home so they will be here. Go to the dentist and let us know ASAP what your schedule/status is. (Signed by Judge Katherine B. Forrest on 1/20/15)(jw) (Entered: 01/20/2015) |
| 01/20/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 1/20/2015. (jp) (Entered: 02/05/2015) |
| 01/21/2015 | 157 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner dated 1/20/15 re: Please find attached highlighted excerpts of SA Der–Yeghiayan's testimony that the Government respectfully requests be stricken from the record in accordance with the Court's ruling from this morning...ENDORSEMENT...Post to docket. (Signed by Judge Katherine B. Forrest on 1/21/15)(jw) (Entered: 01/21/2015) |
| 01/21/2015 | 158 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/21/2015) |
| 01/21/2015 | 159 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/21/2015) |
| 01/21/2015 | 160 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/21/2015) |
| 01/21/2015 | 161 | SEALED DOCUMENT placed in vault. (nm) (Entered: 01/21/2015) |
| 01/21/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 1/21/2015. (jp) (Entered: 02/05/2015) |
| 01/22/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 1/22/2015. (jp) (Entered: 02/05/2015) |
| 01/23/2015 | 162 | ORDER as to Ross William Ulbricht. Attached to this Order are draft jury instructions. The Court will separately e–mail a Word version of these instructions to the parties. The parties shall submit any proposed revisions to the instructions not later than Monday evening, January 26, 2015. The Court will hold the first charging conference on Tuesday, January 27, 2015, at 9 a.m. (Signed by Judge Katherine B. Forrest on 1/23/2015)(bw) (Entered: 01/23/2015) |
| 01/26/2015 | 163 | ENDORSED LETTER as to Ross William Ulbricht on E–Mail addressed to Judge Forrest's Chambers from AUSA Serrin Turner dated 1/22/2015 08:40 AM re: Please see the attached letter concerning the admissibility of the statement from the Complaint that was raised yesterday morning. The Government will plan to file the letter later today on ECF. Also attached is a relevant case. ENDORSEMENT: Post to docket. (Signed by Judge Katherine B. Forrest on 1/23/2015)(bw) (Entered: 01/26/2015) |

| 01/26/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 1/26/2015. (jp) (Entered: 02/05/2015) |
|---|---|---|
| 01/28/2015 | 164 | LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 01/28/2015 re: 162 Order, Set Deadlines/Hearings,, re: Modification of Jury Charges . Document filed by USA as to Ross William Ulbricht. (Turner, Serrin) (Entered: 01/28/2015) |
| 01/28/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 1/28/2015. (jp) (Entered: 02/05/2015) |
| 01/29/2015 | 165 | LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 01/29/2015 re: Preclusion of Expert Testimony . Document filed by USA as to Ross William Ulbricht. (Attachments: # 1 Exhibit A)(Turner, Serrin) (Entered: 01/29/2015) |
| 01/29/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 1/29/2015. (jp) (Entered: 02/05/2015) |
| 01/30/2015 | 166 | ORDER as to Ross William Ulbricht. Any party wishing to submit additional materials regarding the jury instructions shall do so not later than 5 p.m. today, January 30, 2015. This applies to all proposed changes except those that cannot be reasonably anticipated because the evidentiary record has not yet been closed. SO ORDERED. (Signed by Judge Katherine B. Forrest on 1/30/2015)(ft) (Entered: 01/30/2015) |
| 01/30/2015 | 167 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSA Timothy T. Howard dated 1/30/2015 re: Requests to Charge and Defense Exhibits Document filed by USA. (Howard, Timothy) (Entered: 01/30/2015) |
| 01/30/2015 | 168 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated January 30, 2015 re: Requests to Charge (Dratel, Joshua) (Entered: 01/30/2015) |
| 01/30/2015 | 169 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated 01/30/2015 re: Defense Letter re: Requests to Charge Document filed by USA. (Turner, Serrin) (Entered: 01/30/2015) |
| 01/31/2015 | 170 | LETTER MOTION addressed to Judge Katherine B. Forrest from AUSA Timothy T. Howard dated 1/31/2015 re: Motion to Preclude Expert Testimony of Dr. Steven M. Bellovin . Document filed by USA as to Ross William Ulbricht. (Attachments: # 1 Exhibit A)(Howard, Timothy) (Entered: 01/31/2015) |
| 01/31/2015 | 171 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated January 31, 2015 re: 165 LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 01/29/2015 re: Preclusion of Expert Testimony . re: To Permit the Expert Testimony of Defense Witness Andreas Antonopoulos . Document filed by Ross William Ulbricht. (Dratel, Joshua) Modified on 2/3/2015 (ka). (Entered: 01/31/2015) |
| 01/31/2015 | 178 | OPINION & ORDER as to Ross William Ulbricht. Any further submissions regarding defendants proposed expert witness Andreas M. Antonopoulos shall be submitted not later than 2:00 p.m. today, January 31, 2015. Any other motions regarding experts must be received by 4:00 p.m. today, January 31, 2015. Any response to any such new motions shall be submitted not later than 12:00 p.m. tomorrow, February 1, 2015. SO ORDERED. (Signed by Judge Katherine B. Forrest on 1/31/2015)(ft) (Entered: 02/05/2015) |
| 01/31/2015 | | Set/Reset Deadlines/Hearings as to Ross William Ulbricht: Motions due by 1/31/2015. Responses due by 2/2/2015. (ft) (Entered: 02/05/2015) |
| 01/31/2015 | 179 | ORDER as to Ross William Ulbricht. The defense shall disclose any exhibits it proposes to use with experts or otherwise to the Government not later than 5 p.m. today, January 31, 2015. SO ORDERED. (Signed by Judge Katherine B. Forrest on 1/31/2015)(ft) (Entered: 02/05/2015) |
| 01/31/2015 | 180 | OPINION & ORDER as to Ross William Ulbricht. The Court is unclear as to whether there is an additional expert who has been disclosed. Any additional expert would have to have been disclosed before nowif such a disclosure has not been made by now, it is |

| | | |
|---|---|---|
| | | untimely and shall not be allowed. All exhibits relating to defense witnesses shall be made not later than 10:00 p.m. this evening, January 31, 2015. SO ORDERED. (Signed by Judge Katherine B. Forrest on 1/31/2015)(ft) (Entered: 02/05/2015) |
| 01/31/2015 | 181 | OPINION & ORDER as to Ross William Ulbricht. The Court has just learned that on January 30, 2015, defendant noticed an additional expert witness, Mr. Steven M. Bellovin. The Government has moved to preclude Bellovin from testifying. (ECF No. 70.) Defendant shall respond to the Government's motion to preclude Bellovin's testimony not later than Sunday, February 1, 2015 at 9:00 a.m. Today's 10:00 p.m. deadline for defendant's response to the Government's motion to preclude the testimony of Andreas M. Antonopoulos (ECF No. 165) remains in place. SO ORDERED. (Responses due by 2/1/2015) (Signed by Judge Katherine B. Forrest on 1/31/2015)(ft) (Entered: 02/05/2015) |
| 02/01/2015 | 172 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated February 1, 2015 re: 170 LETTER MOTION addressed to Judge Katherine B. Forrest from AUSA Timothy T. Howard dated 1/31/2015 re: Motion to Preclude Expert Testimony of Dr. Steven M. Bellovin . re: To Admit the Expert Testimony of Defense Witness Dr. Steven Bellovin . Document filed by Ross William Ulbricht. (Dratel, Joshua) Modified on 2/3/2015 (ka). (Entered: 02/01/2015) |
| 02/01/2015 | 173 | OPINION & ORDER as to Ross William Ulbricht. Lawyers and clients make tactical decisions. The Court cannot always understand why certain decisions are made, nor need it. But when tactical decisions run contrary to established rules and case law, the Court's duty is clear. The Court is duty–bound to apply the law as it exists, not as any party wishes it to be....[See this Opinion & Order]... Why did the defense choose to proceed as it has? This Court cannot know.Perhaps a tactical choice not to show the defenses hand; perhaps to try andaccumulate appeal points; perhaps something else. In any event, the outcome ofthese choices is that the Court hereby GRANTS the Government's motions topreclude the testimony of both experts. (ECF Nos. 165, 170.)...[See this Opinion & Order]... II. CONCLUSION: For the reasons set forth above, the Government's motions to preclude are GRANTED. The Clerk of Court is directed to close the motions at ECF Nos. 165 and 170. SO ORDERED. (Signed by Judge Katherine B. Forrest on 2/1/2015)(bw) (Entered: 02/02/2015) |
| 02/02/2015 | 174 | OPINION & ORDER as to (14–Cr–68–1) Ross William Ulbricht. Pending before the Court are several applications by the parties to modify the proposed jury instructions circulated by the Court on January 23, 2015. (ECF No. 162.) This Opinion & Order sets forth the Court's determinations as to several proposed modifications.(See Footnote 1 on page 1 of this Opinion & Order)....[See this Opinion & Order]... The Clerk of Court is directed to terminate the motion at ECF No. 164. SO ORDERED. (Signed by Judge Katherine B. Forrest on 2/2/2015)(bw) (Entered: 02/02/2015) |
| 02/02/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 2/2/2015. (jp) (Entered: 02/05/2015) |
| 02/03/2015 | | **NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DOCUMENT TYPE ERROR. Note to Attorney Joshua Lewis Dratel as to Ross William Ulbricht: to RE–FILE Document 172 LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated February 1, 2015 re: 170 LETTER MOTION addressed to Judge Katherine B. Forrest from AUSA Timothy T. Howard dated 1/31/2015 re: Motion to Preclude Ex. Use the document type Response to Motion found under the document list Replies, Opposition and Supporting Documents. (ka)** (Entered: 02/03/2015) |
| 02/03/2015 | | **NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DOCUMENT TYPE ERROR. Note to Attorney Joshua Lewis Dratel as to Ross William Ulbricht: to RE–FILE Document 171 LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated January 31, 2015 re: 165 LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 01/29/2015 re: Preclusion of Expert Testimo. Use the document type Response to Motion found under the document list Replies, Opposition and Supporting Documents. (ka)** (Entered: 02/03/2015) |

| | | |
|---|---|---|
| 02/03/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held on 2/3/2015. (jp) (Entered: 02/05/2015) |
| 02/04/2015 | 175 | LETTER RESPONSE to Motion by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated January 31, 2015 re: 165 LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 01/29/2015 re: Preclusion of Expert Testimony .. (Dratel, Joshua) (Entered: 02/04/2015) |
| 02/04/2015 | 176 | LETTER RESPONSE to Motion by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated February 1, 2015 re: 170 LETTER MOTION addressed to Judge Katherine B. Forrest from AUSA Timothy T. Howard dated 1/31/2015 re: Motion to Preclude Expert Testimony of Dr. Steven M. Bellovin .. (Dratel, Joshua) (Entered: 02/04/2015) |
| 02/04/2015 | 177 | ORDER as to Ross William Ulbricht. Attached are the jury instructions as delivered on February 4, 2015. SO ORDERED. (Signed by Judge Katherine B. Forrest on 2/4/2015)(bw) (Entered: 02/04/2015) |
| 02/04/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest:Jury Trial as to Ross William Ulbricht held and concluded on 2/4/2015. (jp) (Entered: 02/05/2015) |
| 02/05/2015 | 182 | Jury Note docketed as Court Exhibit 1 as to Ross William Ulbricht filed. (jp) (Entered: 02/05/2015) |
| 02/05/2015 | 183 | JURY VERDICT as to Ross William Ulbricht (1) Guilty on Count 1s,2s,3s,4s,5s,6s,7s. (jp) (Entered: 02/05/2015) |
| 02/05/2015 | 184 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner dated 2/2/2015 re: Statement by Andrew Jones. ENDORSEMENT: Ordered: Post to Docket. (Signed by Judge Katherine B. Forrest on 2/5/2015)(ft) (Entered: 02/05/2015) |
| 02/05/2015 | 185 | ORDER as to Ross William Ulbricht. Attached to this order as Exhibit A is the resume of Steven M. Bellovin, which was submitted by the Government in connection with their motion to preclude him from testifying as an expert. (ECF No. 170.). SO ORDERED. (Signed by Judge Katherine B. Forrest on 2/5/2015)(ft) (Entered: 02/05/2015) |
| 02/05/2015 | 186 | MEMO ENDORSEMENT on DEFENDANT'S SUPPLEMENTAL REQUESTS TO CHARGE as to Ross William Ulbricht. ENDORSEMENT: Ordered: Post to docket. All handwriting is the Court's. (Signed by Judge Katherine B. Forrest on 2/5/2015)(ft) (Entered: 02/05/2015) |
| 02/06/2015 | 187 | ORDER as to Ross William Ulbricht. This Order recites and, where necessary, attaches the various drafts and requests in connection with the jury instructions. 1. The parties' initial joint requests to charge, filed on December 12, 2014, are at ECF No. 123. 2. The draft jury charge provided to the parties on January 23, 2015, is at ECF No. 162. 3. The blackline draft jury charge provided to the Court by the parties on January 27, 2015 is attached as Exhibit A. This blackline reflects the parties' proposed edits to the January 23, 2015 draft jury charge. Appended to the blackline is a list specifying who made each change. 4. The draft jury charge provided to the parties on February 1, 2015 is attached as Exhibit B. 5. Defendant's Supplemental Requests to Charge and proposed jury instruction with respect to character evidence, both submitted to the Court on February 2, 2015, are attached as Exhibit C. 6. The jury charge as delivered is at ECF No. 177.(See Footnote 1 on page 2 of Order). 7. The verdict form provided to the jury is attached as Exhibit D. SO ORDERED. (Signed by Judge Katherine B. Forrest on 2/6/2015)(bw) (Entered: 02/06/2015) |
| 02/06/2015 | 188 | ORDER as to Ross William Ulbricht. The Court requires that post−trial motions be fully briefed one (1) month prior to sentencing, which is currently scheduled for May 15, 2015, at 10:00 a.m. The parties are directed to confer and not later than February 10, 2015, submit to the Court a schedule in which to accomplish the above. In the absence of a proposed schedule from the parties, the Court will set one (Signed by Judge Katherine B. Forrest on 2/6/15)(jw) (Entered: 02/06/2015) |
| 02/06/2015 | 189 | ENDORSED LETTER as to Ross William Ulbricht re: You have reputation evidence about the defendant's character trait for peacefulness and non−violence. You should |

| | | |
|---|---|---|
| | | consider character evidence together with and in the same way as all the other evidence in the case..ENDORSEMENT: Requested by defendant. Post to docket. (Signed by Judge Katherine B. Forrest on 2/6/15)(jw) (Entered: 02/06/2015) |
| 02/09/2015 | 190 | **FILING ERROR – DEFICIENT DOCKET ENTRY – SIGNATURE ERROR –** LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis, Esq. dated January 31, 2015 re: Extension for Time for Filing of Response to the government's motion to preclude expert testimony and for the production of defense exhibits to the government (Lewis, Lindsay) Modified on 2/10/2015 (ka). (Entered: 02/09/2015) |
| 02/09/2015 | 191 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated 02/09/2015 re: briefing schedule for post–trial motions Document filed by USA. (Turner, Serrin) (Entered: 02/09/2015) |
| 02/10/2015 | | ***NOTE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Note to Attorney Lindsay Anne Lewis as to Ross William Ulbricht: to RE–FILE Document 190 Letter. ERROR(S): Attorney s/signature missing from document. (ka) (Entered: 02/10/2015) |
| 02/10/2015 | 192 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis, Esq. dated January 31, 2015 re: Extension for Time for Filing of Response to the government's motion to preclude expert testimony and for the production of defense exhibits to the government (Lewis, Lindsay) (Entered: 02/10/2015) |
| 02/10/2015 | 193 | MEMO ENDORSEMENT as to Ross William Ulbricht on re: 191 Letter filed by USA. ENDORSEMENT: Ordered: The Government's schedule is adopted. Briefing shall be: defense motions: March 6, 2015, Gov't response: April 3, 2015, defense reply: April 15, 2015. (Signed by Judge Katherine B. Forrest on 2/10/2015)(ft) (Entered: 02/10/2015) |
| 02/10/2015 | | Set/Reset Deadlines/Hearings as to Ross William Ulbricht: Motions due by 3/6/2015. Replies due by 4/15/2015. Responses due by 4/3/2015. (ft) (Entered: 02/10/2015) |
| 02/18/2015 | 194 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/18/2015) |
| 02/20/2015 | 195 | SEALED DOCUMENT placed in vault. (mps) (Entered: 02/20/2015) |
| 02/25/2015 | 196 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 1/13/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 197 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/13/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 198 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 1/14/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 199 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/14/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript |

| | | |
|---|---|---|
| | | may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 200 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 1/15/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 201 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/15/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 202 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 1/20/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 203 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/20/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 204 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 1/21/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 205 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/21/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 206 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 1/22/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 207 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/22/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |

| 02/25/2015 | 208 | TRANSCRIPT of Proceedings as to Ross William Ulbricht held on 1/22/2015 corrected trial before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
|---|---|---|
| 02/25/2015 | 209 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/22/2015 corrected trial has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 210 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 1/26/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 211 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/26/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 212 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 1/29/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 213 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/29/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 214 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 1/28/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 215 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 1/28/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 216 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 2/2/15 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased |

| | | |
|---|---|---|
| | | through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 217 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 2/2/15 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 218 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 2/3/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 219 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 2/3/15 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 220 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Trial held on 2/4/15 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Vincent Bologna, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/23/2015. Redacted Transcript Deadline set for 4/2/2015. Release of Transcript Restriction set for 5/29/2015. (McGuirk, Kelly) (Entered: 02/25/2015) |
| 02/25/2015 | 221 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Trial proceeding held on 2/4/15 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 02/25/2015) |
| 03/06/2015 | 222 | MOTION for New Trial *Pursuant to Rule 33, Fed.R.Crim.P.*. Document filed by Ross William Ulbricht. (Dratel, Joshua) (Entered: 03/06/2015) |
| 03/06/2015 | 223 | DECLARATION of Joshua L. Dratel in Support as to Ross William Ulbricht re: 222 MOTION for New Trial *Pursuant to Rule 33, Fed.R.Crim.P.*... (Attachments: # 1 Exhibit 3500 Material Chart, # 2 Exhibit Government Exhibit Chart, # 3 Exhibit 1/8/15 Email)(Dratel, Joshua) (Entered: 03/06/2015) |
| 03/06/2015 | 224 | MEMORANDUM in Support by Ross William Ulbricht re 222 MOTION for New Trial *Pursuant to Rule 33, Fed.R.Crim.P.*... (Dratel, Joshua) (Entered: 03/06/2015) |
| 03/13/2015 | 225 | SEALED DOCUMENT placed in vault. (mps) (Entered: 03/13/2015) |
| 03/30/2015 | 226 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner and Timothy T. Howard dated 3/30/2015 re: The Government writes respectfully to inform the Court that the complaint attached hereto as Exhibit A, which concerns a corruption investigation conducted by the U.S. Attorneys Office for the Northern District of California (NDCA), was unsealed today..ENDORSEMENT: SO ORDERED. (Signed by Judge Katherine B. Forrest on 3/30/2015)(jw) (Entered: 03/31/2015) |

| 03/31/2015 | 227 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated 03/31/2015 re: Sealed Filings Document filed by USA. (Attachments: # 1 Sealed Filings)(Turner, Serrin) (Entered: 03/31/2015) |
|---|---|---|
| 03/31/2015 | 228 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated 03/31/2015 re: unsealing of trial transcripts Document filed by USA. (Turner, Serrin) (Entered: 03/31/2015) |
| 03/31/2015 | 229 | MEMO ENDORSEMENT as to Ross William Ulbricht on re: 228 LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government (by AUSA Serrin Turner / Timothy T. Howard) dated 03/31/2015 re: unsealing of trial transcripts. Yesterday, at the request of the Government, the Court ordered the unsealing of certain sealed filings relating to a corruption investigation by the U.S. Attorney's Office for the Northern District of California (the "NDCA Investigation"). For the same reasons underlying its original request, the Government additionally requests that any courtroom transcripts that were previously scaled due to the existence of the NDCA Investigation now be unsealed. The defense consents to this request. The transcripts at issue include: the sealed portion of the pre–trial conference held on December 15, 2014; and the sealed portions of the trial transcripts, to include: pages 118–19 (January 13, 2015); pages 594–614 (January 20, 2015); pages 1440–42 (January 28, 2015); and pages 2084–97 (February 3, 2015). ENDORSEMENT: SO ORDERED. (Signed by Judge Katherine B. Forrest on 3/31/2015)(bw) (Entered: 04/01/2015) |
| 04/01/2015 | | Transmission to Sealed Records Clerk: as to Ross William Ulbricht. Transmitted re: 229 Memo Endorsement, to the Sealed Records Clerk for the unsealing of document. (bw) (Entered: 04/01/2015) |
| 04/03/2015 | 230 | MEMORANDUM in Opposition by USA as to Ross William Ulbricht re 222 MOTION for New Trial *Pursuant to Rule 33, Fed.R.Crim.P...* (Attachments: # 1 Exhibit A)(Turner, Serrin) (Entered: 04/03/2015) |
| 04/15/2015 | 231 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis dated 4/15/2015 re: Adjournment of Reply. ENDORSEMENT: Ordered: Application granted. (Replies due by 4/16/2015.) (Signed by Judge Katherine B. Forrest on 4/15/2015)(ft) (Entered: 04/15/2015) |
| 04/16/2015 | 232 | REPLY MEMORANDUM OF LAW in Support as to Ross William Ulbricht re: 222 MOTION for New Trial *Pursuant to Rule 33, Fed.R.Crim.P.*. . (Attachments: # 1 Exhibit 1: 5/29/13 Email, # 2 Exhibit 2: 8/15/13 Email, # 3 Exhibit 3: Athavale Report 1, # 4 Exhibit 4: Athavale Report 2, # 5 Exhibit 5: Undated Report, # 6 Exhibit 6: Silk Road Investigation Report, # 7 Exhibit 7: 9/20/13 Emails, # 8 Exhibit 8: Defense Exhibit C, # 9 Exhibit 9: Defense Exhibit E)(Dratel, Joshua) (Entered: 04/16/2015) |
| 04/17/2015 | 233 | ORDER as to Ross William Ulbricht. The Government shall notify the Court as soon as practicable as to whether any victims intend to speak at Mr. Ulbricts sentencing; and, if so, the number and the likely duration. The Government shall update the Court on an ongoing basis until the sentencing. (Signed by Judge Katherine B. Forrest on 4/17/2015)(jw) (Entered: 04/17/2015) |
| 04/17/2015 | 234 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated 04/17/2015 re: Sentencing Document filed by USA. (Turner, Serrin) (Entered: 04/17/2015) |
| 04/24/2015 | 235 | LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated April 24, 2015 re: Sentencing Adjournment . Document filed by Ross William Ulbricht. (Dratel, Joshua) (Entered: 04/24/2015) |
| 04/24/2015 | 236 | MEMO ENDORSEMENT granting 235 LETTER MOTION Adjournment of Sentencing as to Ross William Ulbricht (1). ENDORSEMENT: Ordered: The Government shall provide the Court with its view as to the request not later than 4/28/15. (Signed by Judge Katherine B. Forrest on 4/24/2015) (ft) (Entered: 04/24/2015) |
| 04/27/2015 | 237 | OPINION & ORDER denying 222 Motion for New Trial as to Ross William Ulbricht (1). For the reasons set forth above, Ulbricht's motion for a new trial is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 222. SO ORDERED. (Signed by Judge Katherine B. Forrest on 4/27/2015) (ft) (Entered: 04/27/2015) |

| | | |
|---|---|---|
| 04/28/2015 | 238 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from AUSA Timothy T. Howard dated 04/28/2015 re: Defendant's Request for an Adjournment of Sentencing Document filed by USA. (Howard, Timothy) (Entered: 04/28/2015) |
| 04/28/2015 | 239 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 4/24/15 re: Reschedule Sentencing...ENDORSEMENT: The Court shall have a Fatico Hearing on May 22 at 9am. Defendant shall inform the Court and the Government not later than May 15. The matters as to which the hearing is requested; defendant shall provide any evidence is support of his position and a list of witnesses also by May 15. The sentencing is adjourned only until 5/29/15 at 1pm., as to Ross William Ulbricht( Fatico Hearing set for 5/22/2015 at 09:00 AM before Judge Katherine B. Forrest., Sentencing set for 5/29/2015 at 01:00 PM before Judge Katherine B. Forrest.) (Signed by Judge Katherine B. Forrest on 4/28/15)(jw) (Entered: 04/28/2015) |
| 05/15/2015 | 240 | Sentencing Letter by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated May 15, 2015 re: the Matters to Which the Fatico Hearing is Addressed and the Evidence in Support of Mr. Ulbricht's Position. (Dratel, Joshua) (Entered: 05/15/2015) |
| 05/15/2015 | 241 | LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated May 15, 2015 re: the Matters to Which the Fatico Hearing is Addressed and the Evidence in Support of Mr. Ulbricht's Position . Document filed by Ross William Ulbricht. (Lewis, Lindsay) (Entered: 05/15/2015) |
| 05/15/2015 | 242 | DECLARATION of Lindsay A. Lewis, Esq. in Support as to Ross William Ulbricht re: 241 LETTER MOTION addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated May 15, 2015 re: the Matters to Which the Fatico Hearing is Addressed and the Evidence in Support of Mr. Ulbricht's Position .. (Attachments: # 1 Exhibit 1––Bingham Article: Single Case Study, # 2 Exhibit 2–– Bingham Article: Study of User Experiences, # 3 Exhibit 3–– Bingham Article: Responsible Vendors, # 4 Exhibit 4– Ask a Drug Expert Physician SR Forum Thread, # 5 Exhibit 5–– Dr. X Private Msgs, # 6 Exhibit 6–– Weekly Report ro DPR of Thread Topics, # 7 Exhibit 7–– Msgs Btwn DPR and Dr. X, # 8 Exhibit 8–– Barratt Article: Use of SR, # 9 Exhibit 9–– Ralston Article: End of SR, # 10 Exhibit 10–– Ralston Article: SR Was Better, Safer, # 11 Exhibit 11–– Declaration of Tim Bingham, # 12 Exhibit 12–– Declaration of Dr. Fernando Caudevilla (Dr. X), # 13 Exhibit 13 –– Declaration of Dr. Monica Barratt, # 14 Exhibit 14–– Declaration of Meghan Ralston, # 15 Exhibit 15 –– Curriculum Vitae for Dr. Mark Taff, # 16 Exhibit 16–– List of Documentary Evidence Provided to Dr. Taff)(Lewis, Lindsay) (Entered: 05/15/2015) |
| 05/18/2015 | 243 | ORDER as to Ross William Ulbricht. Please respond by C.O.B. 5/19/2015 or sooner to the following: 1. Does the Government request a Fatico hearing on the facts proffered by the defendant? –– Will the Government be offering any responsive factual materials on those topics? 2. The Court assumes the parties understand that even if they waive a Fatico hearing, the Court will make any necessary findings of fact based on the evidence before it as to matters relevant to sentencing. 3. The Court would like information within five (5) days the parties may have as to whether Silk Road transactions typically involved personal use quantities or resale quantities of narcotics. SO ORDERED: (Signed by Judge Katherine B. Forrest on 5/18/2015)(bw) (Entered: 05/18/2015) |
| 05/18/2015 | 244 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated May 18, 2015 re: Fatico hearing Document filed by USA. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Turner, Serrin) (Entered: 05/18/2015) |
| 05/19/2015 | 245 | ORDER as to Ross William Ulbricht. The parties are advised that the Court shall review a number of sources cited in the articles submitted by the defense and, to the extent appropriate, refer to them. Among those is Not an Ebay for Drugs: The Cryptomarket Silk Road as a Paradigm Shifting Criminal Innovation by Judith Aldridge and David Dcary–Htu. (Signed by Judge Katherine B. Forrest on 5/19/15)(jw) (Entered: 05/19/2015) |
| 05/19/2015 | 246 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis dated 5/18/2015 re: Fatico Letter. ENDORSEMENT: Ordered: Post on Docket. (Signed by Judge Katherine B. Forrest on Lindsay A. |

| | | |
|---|---|---|
| | | Lewis)(ft) (Entered: 05/19/2015) |
| 05/19/2015 | 247 | ORDER as to Ross William Ulbricht. As neither side is seeking a Fatico hearing in this matter, the hearing currently scheduled for Friday, May 22, 2015, at 9:00 a.m. is adjourned. Sentencing is scheduled for Friday, May 29, 2015, at 1:00 p.m. Sentencing submissions from the defendant are due May 22, 2015. Government submissions are due May 26, 2015. SO ORDERED. (Brief due by 5/22/2015, Responses due by 5/26/2015, Sentencing set for 5/29/2015 at 01:00 PM before Judge Katherine B. Forrest.) (Signed by Judge Katherine B. Forrest on 5/19/2015)(ft) (Entered: 05/19/2015) |
| 05/19/2015 | 248 | ORDER as to Ross William Ulbricht. The Government has indicated that it has access to a computer with a searchable copy of the Silk Road website. On May 20, 2015, at 4:40 p.m., the Court will hold a conference in Chambers to view the website and run various searches. If defense counsel believe that defendant's presence is necessary, they shall make appropriate arrangements. SO ORDERED. (Status Conference set for 5/20/2015 at 04:40 PM before Judge Katherine B. Forrest.) (Signed by Judge Katherine B. Forrest on 5/19/2015)(ft) (Entered: 05/19/2015) |
| 05/20/2015 | 249 | ORDER as to Ross William Ulbricht. The Court has been reviewing the mitigation materials provided by defendant and has several questions. (*** See this Order complete text. ***). (Signed by Judge Katherine B. Forrest on 5/20/2015)(bw) (Entered: 05/20/2015) |
| 05/20/2015 | 250 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Timothy T. Howard dated 5/19/2015 re: Please find a copy of the article requested. (ft) (Entered: 05/20/2015) |
| 05/26/2015 | 252 | Sentencing Letter by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated May 22, 2015 re: CORRECTED Sentencing Letter on Behalf of Ross Ulbricht. (Attachments: # 1 Exhibit 1–– Letter of Ross Ulbricht, # 2 Exhibit 2–– Letters on Behalf of Ross Ulbricht (Part 1), # 3 Exhibit 2–– Letters on Behalf Of Ross Ulbricht (Part 2), # 4 Exhibit 2––Letters on Behalf Of Ross Ulbricht (Part 3), # 5 Exhibit 2––Letters on Behalf Of Ross Ulbricht (Part 4), # 6 Exhibit 2––Letters on Behalf Of Ross Ulbricht (Part 5), # 7 Exhibit 3–– Email Re Dr X, # 8 Exhibit 4 –– Photos of Mr. Ulbricht With Family and Friends)(Dratel, Joshua) (Entered: 05/26/2015) |
| 05/26/2015 | 253 | ORDER as to Ross William Ulbricht. Do defense counsel have, and can they allow the Court to temporarily borrow, the following book in hard copy: Jonathan P. Caulkins et al., Rand Drug Policy Research Center, Mandatory Minimum Drug Sentences: Throwing Away the Key or the Taxpayers Money? (1997). This book is cited at page 54 of defendants sentencing submission. SO ORDERED. (Signed by Judge Katherine B. Forrest on 5/26/2015)(ft) (Entered: 05/26/2015) |
| 05/26/2015 | 255 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 5/26/2015 re: Removal of #251. ENDORSEMENT: So ordered. Dkt. #251 to be removed (& replaced). (Signed by Judge Katherine B. Forrest on 5/26/2015)(ft) (Entered: 05/26/2015) |
| 05/26/2015 | 256 | SENTENCING SUBMISSION by USA as to Ross William Ulbricht. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Turner, Serrin) (Entered: 05/26/2015) |
| 05/26/2015 | | ***DELETED DOCUMENT. Deleted document number 254, as to Ross William Ulbricht. The document was incorrectly filed in this case. (jp) (Entered: 05/26/2015) |
| 05/26/2015 | 257 | Sentencing Letter by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated 05/26/2015 re: Victim Impact Letters. (Attachments: # 1 victim letter from father of Bryan B, # 2 victim letter from sister of Bryan B, # 3 victim letter from mother of Preston B, # 4 victim letter from father of Preston B, # 5 victim letter from mother of Jacob L)(Turner, Serrin) (Entered: 05/26/2015) |
| 05/27/2015 | 258 | ORDER as to Ross William Ulbricht: The parties are advised that the Court is considering whether any of Counts 1 to 4 are duplicative for sentencing purposes and |

| | | whether Congress intended separate punishments for each. See, e.g., Rutledge v. United States, 517 U.S. 292 (1996) (even concurrent sentences may create issues). In particular, the Court is considering whether Counts 1 and 2, which are based on the same conduct, are duplicative for sentencing purposes, and whether Counts 3 and 4 are. If the parties have views on this issue, they should provide their views in writing not later than May 28, 2015 at noon. (Signed by Judge Katherine B. Forrest on 5/27/2015)(jp) (Entered: 05/27/2015) |
|---|---|---|
| 05/27/2015 | 259 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated 05/27/2015 re: Lesser Included Offenses to Be Dismissed at Sentencing Document filed by USA. (Turner, Serrin) (Entered: 05/27/2015) |
| 05/27/2015 | | As requested in the Government's submission, dated May 18, 2015, the DVD–ROM accompanying the submission will be filed under seal. (jp) (Entered: 05/27/2015) |
| 05/27/2015 | 260 | Sentencing Letter by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis, Esq. dated May 27, 2015 re: questions posed in the Court's May 20, 2015, Order regarding the mitigation materials relevant to Mr. Ulbricht's sentencing. (Attachments: # 1 Exhibit 1—– Additional Weekly Reports to DPR, # 2 Exhibit 2–– Buyer Questionnaire, # 3 Exhibit 3–– Vendor Questionnaire, # 4 Exhibit 4–– Dr. X Thread Excerpts)(Lewis, Lindsay) (Entered: 05/27/2015) |
| 05/28/2015 | 261 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated May 28, 2015 re: whether certain Counts in the Superseding Indictment are duplicative for sentencing purposes (Dratel, Joshua) (Entered: 05/28/2015) |
| 05/28/2015 | 262 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated 05/28/2015 re: Proposed Order of Forfeiture Document filed by USA. (Attachments: # 1 Text of Proposed Order)(Turner, Serrin) (Entered: 05/28/2015) |
| 05/28/2015 | 263 | Sentencing Letter by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated May 28, 2015 re: Reply to the Government's Sentencing Letter. (Attachments: # 1 Exhibit 5 —– Letter of Michael Van Praagh, # 2 Exhibit 6 —– Letter of Joseph Ernst, # 3 Exhibit 7 —– Dr. Mark L. Taff Formal Report)(Lewis, Lindsay) (Entered: 05/28/2015) |
| 05/28/2015 | 264 | REDACTION byRoss William Ulbricht to 263 Letter – Sentencing, filed by Ross William Ulbricht (Dratel, Joshua) (Entered: 05/28/2015) |
| 05/28/2015 | 265 | Sentencing Letter by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel, Esq. dated May 28, 2015 re: Additional Letter in Support of Ross Ulbricht from Elizabeth Oden. (Attachments: # 1 Exhibit Letter of Elizabeth Oden)(Dratel, Joshua) (Entered: 05/28/2015) |
| 05/28/2015 | 267 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 5/28/2015 re: Removal of Exhibit #7 to Docket #263. ENDORSEMENT: ORDERED. Application granted. (Signed by Judge Katherine B. Forrest on 5/28/2015)(ft) (Entered: 05/29/2015) |
| 05/29/2015 | 266 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis, Esq. dated May 29, 2015 re: Torchat Logs referenced in Mr. Ulbricht's reply to the government's sentencing letter (Attachments: # 1 Exhibit 1 —– Excerpt from Torchat Log gx5of53tpzvvjwbn, # 2 Exhibit 2––Excepts from Torchat Log "tv32")(Lewis, Lindsay) (Entered: 05/29/2015) |
| 05/29/2015 | 268 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Lindsay A. Lewis, Esq. dated May 29, 2015 re: Correction Regarding the Requested Designation Recommendation by the Court to the Bureau of Prisons (Lewis, Lindsay) (Entered: 05/29/2015) |
| 06/01/2015 | | Minute Entry for proceedings held before Judge Katherine B. Forrest: Sentencing held on 6/1/2015 for Ross William Ulbricht (1) Count 2s,4s,5s,6s,7s. (ajc) (Entered: 06/01/2015) |
| 06/01/2015 | | DISMISSAL OF COUNTS on Government Motion as to Ross William Ulbricht (1) Count 1,1s,2,3,3s,4. (ajc) (Entered: 06/01/2015) |

| 06/01/2015 | 269 | JUDGMENT as to Ross William Ulbricht (1), Count(s) 1, 1s, 2, 3, 3s, 4, Count is dismissed on the motion of the United States. Count(s) 2s, The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of. For a Count(s) 4s, The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Life to run concurrently; Count (5): Five (5) Years to run concurrently; Count Six (6): Fifteen (15) Years to run concurrently; Count Seven (7): Twenty (20) Years to run concurrently. The court makes the following recommendations to the Bureau of Prisons: PLEASE SEE ADDITIONAL IMPRISONMENT TERMS PAGE FOR RECOMMENDATIONS. ADDITIONAL IMPRISONMENT TERMS; It is respectfully recommended that the defendant be designated to FCI Petersburg I in Virginia in the event that the Bureau of Prisons waive the public safety factor with regard to sentence length. However, if the Bureau of Prisons is not inclined to waive the public safety factor, it is respectfully recommended that the defendant be designated to USP Tuscon, in Arizona, or, as a second choice, USP Coleman II, in Florida. Upon release from imprisonment, the defendant shall be on supervised release for a term of: Life on Counts Two (2) and Four (4) to run concurrently; Three (3) Years on Counts Five (5), Six (6) and Seven (7) to run concurrently.; Count(s) 5s, The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Counts Two (2) and Four (4): Life to run concurrently; Count (5): Five (5) Years to run concurrently; Count Six (6): Fifteen (15) Years to run concurrently; Count Seven (7): Twenty (20) Years to run concurrently. Upon release from imprisonment, the defendant shall be on supervised release for a term of: Life on Counts Two (2) and Four (4) to run concurrently; Three (3) Years on Counts Five (5), Six (6) and Seven (7) to runconcurrently. ADDITIONAL SUPERVISED RELEASE TERMS; The defendant shall submit his computer, person and place of residence to searched as deemed appropriate by the Probation Department. The defendant must pay the total criminal monetary penalties, $500 special assessment, lump sum payment of $500 due immediately, balance due. ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES; Forfeiture in the amount of $183,961,921.00 is Ordered. (Signed by Judge Katherine B. Forrest on 6/1/15)(ajc) (Entered: 06/01/2015) |
| 06/02/2015 | 270 | MOTION for an Order, pursuant to Rule 38(b)(2), Fed.R.Crim.P., recommending that Mr. Ulbricht's custody be retained at the Metropolitan Correctional Center in New York City pending his direct appeal . Document filed by Ross William Ulbricht. (Lewis, Lindsay) (Entered: 06/02/2015) |
| 06/02/2015 | 271 | DECLARATION of Lindsay A. Lewis, Esq. in Support as to Ross William Ulbricht re: 270 MOTION for an Order, pursuant to Rule 38(b)(2), Fed.R.Crim.P., recommending that Mr. Ulbricht's custody be retained at the Metropolitan Correctional Center in New York City pending his direct appeal .. (Attachments: # 1 Exhibit 1–– Judgment)(Lewis, Lindsay) (Entered: 06/02/2015) |
| 06/03/2015 | 272 | ORDER granting 270 Motion, Custody Location as to Ross William Ulbricht (1). SO ORDERED. New York, New York June 3, 2015, KATHERINE B. FORREST, United States District Judge. (Signed by Judge Katherine B. Forrest on 6/3/15) (ajc) (Entered: 06/03/2015) |
| 06/03/2015 | 273 | PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT as to Ross William Ulbricht. NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREEDTHAT:1. As a result of the offenses charged in Counts Onethrough Seven of the Indictment, to which the defendant wasfound guilty, a money judgment in the amount of $183,961,921 inUnited States currency (the "Money Judgment") shall be enteredagainst the defendant, representing (a) proceeds obtained as aresult of, and property used or intended to be used in anymanner or part to commit or to facilitate the commission of, oneor more of the offenses alleged in Counts One through Four ofthe Indictment; (b) proceeds obtained directly or indirectly asa result of the offenses alleged in Counts Five and Six of theIndictment; and (c) property involved in the offense alleged inCount Seven of the Indictment, or property traceable to suchproperty. Pursuant to Rule 32. 2(b)(4) of the Federal Rulesof Criminal Procedure, upon entry of this Preliminary Order ofForfeiture/Money Judgment, this Preliminary Order ofForfeiture/Money Judgment is final as to the defendant, ROSS WILLIAM ULBRICHT, a/k/a "Dread Pirate Roberts," a/k/a "DPR," a/k/a "Silk Road," and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith. (Signed by Judge Katherine B. Forrest on 6/3/2015)(jw) |

| | | |
|---|---|---|
| | | (Entered: 06/03/2015) |
| 06/04/2015 | 274 | NOTICE OF APPEAL by Ross William Ulbricht from 269 Judgment, 273 Preliminary Order for Forfeiture of Property. Filing fee $ 505.00, receipt number 465401127234. (nd) (Entered: 06/04/2015) |
| 06/04/2015 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Ross William Ulbricht to US Court of Appeals re: 274 Notice of Appeal – Final Judgment. (nd) (Entered: 06/04/2015) |
| 06/04/2015 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Ross William Ulbricht re: 274 Notice of Appeal – Final Judgment were transmitted to the U.S. Court of Appeals. (nd) (Entered: 06/04/2015) |
| 06/05/2015 | 275 | SEALED DOCUMENT placed in vault. (nm) (Entered: 06/05/2015) |
| 06/05/2015 | 276 | SEALED DOCUMENT placed in vault. (nm) (Entered: 06/05/2015) |
| 06/10/2015 | | Payment of Special Assessment $500 from Ross William Ulbricht in the amount of $500. Date Received: 6/10/2015. (ew) (Entered: 06/10/2015) |
| 06/30/2015 | 277 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Sentence held on 5/29/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/24/2015. Redacted Transcript Deadline set for 8/3/2015. Release of Transcript Restriction set for 10/1/2015. (McGuirk, Kelly) (Entered: 06/30/2015) |
| 06/30/2015 | 278 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ross William Ulbricht. Notice is hereby given that an official transcript of a Sentence proceeding held on 5/29/2015 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 06/30/2015) |
| 07/28/2015 | 279 | SEALED DOCUMENT placed in vault. (rz) (Entered: 07/28/2015) |
| 08/31/2015 | 280 | LETTER MOTION addressed to Judge Katherine B. Forrest from the Government dated 08/31/2015 re: Corrections to Transcript and Unsealing of Certain Materials . Document filed by USA as to Ross William Ulbricht. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Turner, Serrin) (Entered: 08/31/2015) |
| 09/02/2015 | 281 | LETTER MOTION addressed to Judge Katherine B. Forrest from Lindsay A. Lewis, Esq. dated September 2, 2015 re: opposing the government's request to unseal the redacted portions of the Courts December 22, 2014, Memorandum Opinion and the two ex parte letters from Mr. Ulbrichts counsel referenced in the Opinion . Document filed by Ross William Ulbricht. (Lewis, Lindsay) (Entered: 09/02/2015) |
| 09/04/2015 | 282 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated 9/2/2015 re: Reschedule Telephonic conference....ENDORSEMENT: Conference adjourned to 9/16/2015 at 5:15pm. Answer/response to complaint extended to 9/21/15(Answer/ Responses due by 9/21/15, Telephone Conference set for 9/16/2015 at 05:15 PM before Judge Katherine B. Forrest.) (Signed by Judge Katherine B. Forrest on 9/3/2015)(jw) (Entered: 09/04/2015) |
| 09/11/2015 | 283 | ORDER terminating 280 LETTER MOTION as to Ross William Ulbricht (1); terminating 281 LETTER MOTION as to Ross William Ulbricht (1). The Court has reviewed the Governments letter motion dated August 31, 2015 and defendants letter in opposition dated September 2, 2015. As to the requested corrections to the transcript, the Court notes that there arepage and line number discrepancies and typographical errors in the proposedcorrections. The parties shall make the appropriate changes and submit a new version to the Court. The Clerk of Court is directed to terminate the motions at ECF No. 280 and 281. (Signed by Judge Katherine B. Forrest on 9/11/15) (jw) (Entered: 09/11/2015) |

| | | |
|---|---|---|
| 10/05/2015 | 284 | SEALED DOCUMENT placed in vault. (mps) (Entered: 10/05/2015) |
| 10/07/2015 | 285 | ORDER as to Ross William Ulbricht. The Court notes that there are page and line number differences between the transcripts that the Court has and the ones that the U.S. Attorneys Office has. The parties shall work with the Court Reporters to make the appropriate changes on the attached pages; such changes are allowed (Signed by Judge Katherine B. Forrest on 10/7/2015)(jw) (Entered: 10/07/2015) |
| 10/07/2015 | 286 | MEMO ENDORSEMENT as to Ross William Ulbricht on E−Mail addressed to Chambers of Judge Katherine B. Forrest from AUSA Serrin Turner dated 10/5/2015 05:32 PM re: Proposed revised corrections. Pursuant to discussions with chambers, I am attaching a revised version of the Government's proposed corrections to the Ulbricht trial transcript. Changes to the original version (which are slight) are reflected in red. If there are any additional revisions to the corrections that chambers believes should be made, please let me know and I can make them before filing the revised corrections on ECF. ENDORSEMENT: Post to docket. (Signed by Judge Katherine B. Forrest on 10/7/2015)(bw) (Entered: 10/07/2015) |
| 01/06/2016 | 287 | INTERNET CITATION NOTE as to Ross William Ulbricht: Material from decision with Internet citation re: 42 Memorandum & Opinion. (Attachments: # 1 Internet Citation, # 2 Internet Citation, # 3 Internet Citation, # 4 Internet Citation, # 5 Internet Citation, # 6 Internet Citation, # 7 Internet Citation) (sj) (Entered: 01/06/2016) |
| 02/23/2016 | 288 | LETTER by USA as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from the Government dated 02/23/2016 re: Termination of Appearance Document filed by USA. (Turner, Serrin) (Entered: 02/23/2016) |
| 02/24/2016 | 289 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Serrin Turner dated 2/23/2016 re: The Government respectfully requests that the Court order the Clerk to terminate the appearance of undersigned counsel in this matter. AUSA Timothy Howard will remain counsel of record in the case..ENDORSEMENT: SO ORDERED. (Signed by Judge Katherine B. Forrest on 2/23/2016)(jw) (Entered: 02/24/2016) |
| 06/07/2016 | 290 | NOTICE OF ATTORNEY APPEARANCE Michael Daniel Neff appearing for USA. (Neff, Michael) (Entered: 06/07/2016) |
| 06/09/2016 | 291 | LETTER MOTION addressed to Judge Katherine B. Forrest from Tim Howard, Eun Young Choi, and Michael Neff dated June 9, 2016 re: Limited unsealing of certain materials for purpose of responding to defendant's arguments on appeal . Document filed by USA as to Ross William Ulbricht. (Neff, Michael) (Entered: 06/09/2016) |
| 06/09/2016 | 292 | MEMO ENDORSEMENT granting 291 LETTER MOTION filed by USA as to Ross William Ulbricht (1), addressed to Judge Katherine B. Forrest from AUSAs Tim Howard, Eun Young Choi, and Michael Neff, dated June 9, 2016 re: Limited unsealing of certain materials for purpose of responding to defendant's arguments on appeal. In an abundance of caution, the Government respectfully writes to make a limited unsealing request in this case. The Government seeks to ensure that it may publicly respond in its brief on appeal to the defendant's arguments on appeal, without running afoul of prior sealing orders of the Court. Specifically, the Government requests that the Court unseal seven sets of documents ––– five applications and orders authorizing pen registers and/or trap and trace devices, and two search warrants and associated applications (one to Facebook, and one to Google)–––for the limited purpose of permitting the Government to respond on appeal. Each set of documents was sworn out and issued in this District by Magistrate Judges, and produced to the defense during discovery. See 13 Mag. 2228 (pen register/trap and trace order dated 9/16/2013, signed by Magistrate Judge Henry Pitman); 13 Mag. 2236 (pen register/trap and trace order dated 9/17/2013, signed by Magistrate Judge Henry Pitman); 13 Mag. 2258 (pen register/trap and trace order dated 9/19/2013, signed by Magistrate Judge Henry Pitman); 13 Mag. 2274 (pen register/trap and trace order dated 9/20/2013, signed by Magistrate Judge Debra Freeman); 13 Mag. 2275 (pen register/trap and trace order dated 9/20/2013, signed by Magistrate Judge Debra Freeman); 13 Mag. 2408 (Facebook search warrant dated 10/8/2013, signed by Magistrate Judge Gabriel W. Gorenstein); 13 Mag. 2409 (Google search warrant dated 10/8/2013, signed by Magistrate Judge Gabriel W. Gorenstein). The defense consents to the Government's request. ENDORSEMENT: SO ORDERED. (Signed by Judge Katherine B. Forrest on 6/9/2016) (bw) (Entered: 06/09/2016) |

| 06/09/2016 | | Transmission to Sealed Records Clerk: as to Ross William Ulbricht. Transmitted re: 292 Order on Letter Motion, to the Sealed Records Clerk for the sealing or unsealing of document or case. (bw) (Entered: 06/09/2016) |
|---|---|---|
| 12/07/2016 | 293 | SEALED DOCUMENT placed in vault. (mps) (Entered: 12/07/2016) |
| 06/23/2017 | 294 | MOTION for Paul Grant to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−13822926. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ross William Ulbricht. (Attachments: # 1 Affidavit Declaration in support of motion, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order)(Grant, Paul) (Entered: 06/23/2017) |
| 06/23/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 294 MOTION for Paul Grant to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−13822926. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 06/23/2017) |
| 06/29/2017 | 295 | ORDER FOR ADMISSION PRO HAC VICE: as to Ross William Ulbricht. The motion of Paul Grant for admission to practice Pro Hac Vice in the above−captioned action is granted. Applicant has declared that he is a member in good standing at the bar of the state of Colorado; and that his contact information is as follows: Applicant's Name: Paul Grant,...[See this Order]... Applicant having requested admission Pro Hac Vice to appear for all purposes as counsel for Ross William Ulbricht in the above−entitled action; IT IS HEREBY ORDERED that Applicant is admitted to practice Pro Hac Vice in the above−captioned case in the United States District Court for the Southern District of New York All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing the discipline of attorneys. (Signed by Judge Katherine B. Forrest on 6/29/2017)(bw) (Entered: 06/29/2017) |
| 09/06/2017 | 296 | MANDATE of USCA (Certified Copy) as to Ross William Ulbricht re: 274 Notice of Appeal. USCA Case Number 15−1815. Ordered, Adjudged and Decreed that the judgment of the District Court is AFFIRMED. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 09/06/2017. (Attachments: # 1 Opinion)(nd) (Entered: 09/06/2017) |
| 02/05/2018 | 297 | **FILING ERROR − DEFICIENT DOCKET ENTRY −** FIRST MOTION to Disqualify Judge *Forrest*. Document filed by Ross William Ulbricht. (Attachments: # 1 Memorandum of Law, # 2 Declaration, # 3 Exhibit Exhibit 1, # 4 Exhibit Exhibit 2, # 5 Declaration)(Grant, Paul) Modified on 2/5/2018 (ka). (Entered: 02/05/2018) |
| 02/05/2018 | 298 | **FILING ERROR − WRONG EVENT TYPE SELECTED FROM MENU −** FIRST MOTION for Extension of Time to File *Rule 33 Motion for New Trial*. Document filed by Ross William Ulbricht. (Attachments: # 1 Declaration)(Grant, Paul) Modified on 2/5/2018 (ka). (Entered: 02/05/2018) |
| 02/05/2018 | 299 | **FILING ERROR − WRONG EVENT TYPE SELECTED FROM MENU −** FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 5, 2018 re: Partial Unsealing of Magistrate Files *13MAG2258, 13MAG2274, 13MAG2275*. Document filed by Ross William Ulbricht. (Attachments: # 1 Declaration)(Grant, Paul) Modified on 2/5/2018 (ka). (Entered: 02/05/2018) |
| 02/05/2018 | | **\*\*\*NOTICE TO ATTORNEY TO RE−FILE DOCUMENT − DEFICIENT DOCKET ENTRY ERROR as to Ross William Ulbricht: Notice to Attorney Paul Grant to RE−FILE Document 297 FIRST MOTION to Disqualify Judge *Forrest*.. ERROR(S): Filing Error of Attachments. Supporting dcuments must be filed individually. Event codes located under Replies, Opposition and Supporting documents.\*\*\*NOTE: Separate docket entry for each. (ka)** (Entered: 02/05/2018) |
| 02/05/2018 | | **NOTICE TO ATTORNEY TO RE−FILE DOCUMENT − EVENT TYPE ERROR as to Ross William Ulbricht: Notice to Attorney Paul Grant to RE−FILE Document 299 FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 5, 2018 re: Partial Unsealing of Magistrate Files *13MAG2258, 13MAG2274, 13MAG2275*., 298 FIRST MOTION for Extension of Time to File *Rule 33 Motion for New Trial*.. Use the event type Letter Motion found under the event list Motions. (ka)** (Entered: 02/05/2018) |

| 02/05/2018 | 300 | FIRST MOTION to Disqualify Judge *Forrest*. Document filed by Ross William Ulbricht. (Grant, Paul) (Entered: 02/05/2018) |
|---|---|---|
| 02/05/2018 | 301 | MEMORANDUM in Support by Ross William Ulbricht re: 300 FIRST MOTION to Disqualify Judge *Forrest*.. (Grant, Paul) (Entered: 02/05/2018) |
| 02/05/2018 | 302 | DECLARATION of Paul Grant in Support as to Ross William Ulbricht re: 300 FIRST MOTION to Disqualify Judge *Forrest*.. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Grant, Paul) (Entered: 02/05/2018) |
| 02/05/2018 | 303 | DECLARATION of Ross Ulbricht in Support as to Ross William Ulbricht re: 300 FIRST MOTION to Disqualify Judge *Forrest*.. (Grant, Paul) (Entered: 02/05/2018) |
| 02/05/2018 | 304 | FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 5, 2018 re: Recusal of Judge *Forrest*. Document filed by Ross William Ulbricht. (Grant, Paul) (Entered: 02/05/2018) |
| 02/05/2018 | 305 | FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 5, 2018 re: Partial Unsealing of Magistrate Files . Document filed by Ross William Ulbricht. (Grant, Paul) (Entered: 02/05/2018) |
| 02/05/2018 | 306 | DECLARATION of Paul Grant in Support as to Ross William Ulbricht re: 305 FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 5, 2018 re: Partial Unsealing of Magistrate Files .. (Grant, Paul) (Entered: 02/05/2018) |
| 02/05/2018 | 307 | FIRST MOTION for Extension of Time to File *Rule 33 Motion*. Document filed by Ross William Ulbricht. (Grant, Paul) Modified on 2/6/2018 (ka). Modified on 2/6/2018 (ka). (Entered: 02/05/2018) |
| 02/05/2018 | 308 | DECLARATION of Paul Grant in Support as to Ross William Ulbricht re: 307 FIRST MOTION for Extension of Time to File *Rule 33 Motion*.. (Grant, Paul) (Entered: 02/05/2018) |
| 02/05/2018 | 309 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Paul Grant dated 2/5/2018 re: Counsel writes requesting an extension of time in which to submit a Rule 33 Motion for a New Trial. ENDORSEMENT: Ordered: The motion to extend time for a Rule 33 motion is DENIED. A rule 33 motion is not an opportunity to re–litigate that which has been litigated, or to engage in a fishing expedition for new evidence. The Court appreciates that Mr. Grant was not involved in the trial, but the transcript reveals that the very evidence to which he now points (that the FBI was monitoring the defendant's online movements) was explicitly known at the trial. (See e.g., Tr. 319, et. seq.) This is not new news. As to an inability to obtain the file, that does not suggest any basis for a new trial or indeed, whatever is in the file was necessarily known to prior counsel. No good cause to delay the deadline has been shown. (Signed by Judge Katherine B. Forrest on 2/5/2018)(jp) (Entered: 02/05/2018) |
| 02/05/2018 | 310 | MEMO ENDORSEMENT as to Ross William Ulbricht on re: 301 Memorandum in Support of Motion filed by Ross William Ulbricht. ENDORSEMENT as follows: This is frivolous and full of many misstatements of the record. It is denied without need for any further briefing. (Signed by Judge Katherine B. Forrest on 2/5/18)(jm) (Entered: 02/06/2018) |
| 02/05/2018 | 311 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Attorney Paul Grant dated 2/5/18 re: Requesting the unsealing of three (3) Magistrate files..ENDORSEMENT: In light of the Court's Order on the Rule 33 motion denying the extension, this is denied as Moot. (Signed by Judge Katherine B. Forrest on 2/5/18)(jm) (Entered: 02/06/2018) |
| 02/09/2018 | 312 | NOTICE OF ATTORNEY APPEARANCE Eun Young Choi appearing for USA. (Choi, Eun Young) (Entered: 02/09/2018) |
| 02/12/2018 | 313 | FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 12, 2018 re: That Three Items Be Added to the Public Docket . Document filed by Ross William Ulbricht. (Grant, Paul) (Entered: 02/12/2018) |

| 02/13/2018 | 314 | ORDER as to Ross William Ulbricht (1): The Court has received a letter motion dated February 12, 2018, requesting that various documents and records be added to the public docket. (ECF No. 313.) The Court notes that the record in this matter has long been closed, and that the appeal to the Second Circuit is complete. The appeal to the Supreme Court relies on the record as it was. In any event, this Court is particularly careful to ensure that all matters generally publicly filed have been. While voir dire transcripts are not routinely publicly filed, the Court GRANTS defendant's first (unopposed) request to file the transcript of the in–court jury voir dire. The transcript will be posted separately. As to defendants second and third requests, the Court notes that there were numerous conferences (again, as fully reflected in transcripts on the public docket) whereby every aspect of jury selection was placed fully before the parties, discussed, and agreed to. The Juror Questionnaire was sent numerous times to both the Government and the defendant for review and comment. The first page of the questionnaire stated in all caps and bold that "All information contained in this questionnaire will be kept confidential and under seal." Neither party noted any objection. However, to dispel a misconception, the jury in this case was not "anonymous." Counsel of record always had access to the names and addresses of the full venire panel. Accordingly, defendants' second and third requests are DENIED. SO ORDERED. (Signed by Judge Katherine B. Forrest on 2/13/2018) (lnl) (Entered: 02/13/2018) |
|---|---|---|
| 02/13/2018 | 315 | TRANSCRIPT of Proceedings as to Ross William Ulbricht re: Hearing held on 1/13/2015 before Judge Katherine B. Forrest. Court Reporter/Transcriber: Sabrina D'Emidio, (914) 390–4053, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/6/2018. Redacted Transcript Deadline set for 3/16/2018. Release of Transcript Restriction set for 5/14/2018. (lnl) (Entered: 02/13/2018) |
| 02/20/2018 | 316 | FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 20, 2018 re: 309 Endorsed Letter, Terminate Motions,,,,,,,, re: Reconsideration . Document filed by Ross William Ulbricht. (Attachments: # 1 Affidavit)(Grant, Paul) (Entered: 02/20/2018) |
| 02/20/2018 | 317 | FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 20, 2018 re: 310 Memo Endorsement, re: Reconsideration . Document filed by Ross William Ulbricht. (Grant, Paul) (Entered: 02/20/2018) |
| 02/20/2018 | 318 | FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 20, 2018 re: 310 Memo Endorsement, re: Rehearing . Document filed by Ross William Ulbricht. (Attachments: # 1 Affidavit)(Grant, Paul) (Entered: 02/20/2018) |
| 02/21/2018 | 319 | MEMO ENDORSEMENT denying 316 FIRST LETTER MOTION filed by Ross William Ulbricht (1), addressed to Judge Katherine B. Forrest from Attorney Paul Grant dated February 20, 2018 re: 309 Endorsed Letter, Terminate Motions re: Reconsideration. Petition for Rehearing Re Denial of Request for Extension of Time to Submit Rule 33 Motion. ENDORSEMENT: Denied. (Signed by Judge Katherine B. Forrest on 2/21/2018) (bw) (Entered: 02/21/2018) |
| 02/21/2018 | 320 | MEMO ENDORSEMENT as to Ross William Ulbricht (1) denying 318 FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated February 20, 2018 re: 310 Memo Endorsement, re: Rehearing. ENDORSEMENT: Denied. Ordered. (Signed by Judge Katherine B. Forrest on 2/21/2018) (lnl) (Entered: 02/21/2018) |
| 02/26/2018 | 321 | ENDORSED LETTER as to Ross William Ulbricht addressed to Judge Katherine B. Forrest from Attorney Paul Grant dated February 26, 2018 re: I am requesting an order from the court to allow me to obtain copies of the sealed documents filed in the above–referenced case. I have received only limited cooperation from prior counsel in this case and I know that I have not been provided with copies of all of the sealed documents. ENDORSEMENT: Work with the Government as appropriate to identify specific documents. (Signed by Judge Katherine B. Forrest on 2/26/2018)(bw) (Entered: 02/26/2018) |
| 02/27/2018 | 322 | LETTER by Ross William Ulbricht addressed to Judge Katherine B. Forrest from Joshua L. Dratel dated February 27, 2018 re: Endorsement of February 26, 2018 Letter |

| | | |
|---|---|---|
| | | from Paul Grant, Esq. (Docket #321) (Dratel, Joshua) (Entered: 02/27/2018) |
| 02/28/2018 | 323 | ORDER as to Ross William Ulbricht: By letter dated February 26, 2018 (ECF No. 321), Paul Grant, counsel for defendant requested copies of the sealed documents filed in this action. On February 27, 2018, former counsel for Mr. Ulbricht, Joshua Dratel, wrote to the Court (ECF No. 322) indicating that he has already provided Mr. Grant with copies of all the sealed (or ex parte or otherwise publicly unavailable) filings. Accordingly, based upon Mr. Dratel's representation to the Court, Mr. Grant's request at ECF No. 321 is DENIED. SO ORDERED. (Signed by Judge Katherine B. Forrest on 2/28/2018) (lnl) (Entered: 02/28/2018) |
| 03/01/2018 | 324 | FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated March 1, 2018 re: 323 Order,, re: Reconsideration . Document filed by Ross William Ulbricht. (Grant, Paul) (Entered: 03/01/2018) |
| 03/01/2018 | 325 | MEMO ENDORSEMENT as to Ross William Ulbricht on 324 FIRST LETTER MOTION addressed to Judge Katherine B. Forrest from Paul Grant dated March 1, 2018 re: 323 Order, re: Reconsideration. ENDORSEMENT: Does the Government know of any reason why this request for sealed records should not be granted. Ordered. (Signed by Judge Katherine B. Forrest on 3/1/2018) (lnl) (Entered: 03/01/2018) |
| 03/09/2018 | 326 | NOTICE OF APPEAL by Ross William Ulbricht from 309 Endorsed Letter, Terminate Motions, 319 Order on Letter Motion,. Filing fee $ 505.00, receipt number 465401203974. (nd) (Entered: 03/12/2018) |
| 03/12/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Ross William Ulbricht to US Court of Appeals re: 326 Notice of Appeal. (nd) (Entered: 03/12/2018) |
| 03/12/2018 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Ross William Ulbricht re: 326 Notice of Appeal were transmitted to the U.S. Court of Appeals. (nd) (Entered: 03/12/2018) |

**PAUL GRANT**
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
303-909-6133

February 5, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:   *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
       Request for Extension of Time to Submit Rule 33 Motion

Dear Judge Forrest:

 I write on behalf of Defendant Ross Ulbricht to request an extension of time through and including May 7, 2018, in which to submit his Rule 33 Motion for a New Trial Based on Newly Discovered Evidence. I have contacted the government about this request and AUSA Eun Young Choi advised that the government will not oppose this request.

 Mr. Ulbricht was tried in this court and on February 4, 2015, his jury brought back guilty verdicts on all charges in the indictment.  The deadline for filing his Rule 33 motion is 3 years from the date of those verdicts, which means his motion is due to be filed on or before February 5, 2018.  Rule 33(b), Fed.R.Crim.P.; Rule 45(a)(1)(C), Fed.R.Crim.P.

 Mr. Ulbricht submitted his petition for writ of certiorari to the Supreme Court on December 22, 2017, and his case was docketed on January 4, 2018.  That action does not extend the deadline for filing his Rule 33 motion.

 Mr. Ulbricht is requesting an extension of his filing deadline until and including May 7, 2018.  This extension is made necessary for the following reasons:

 1.  Undersigned counsel has yet to receive the complete client file from prior trial and appellate counsel, Joshua Dratel and Lindsay Lewis.  Counsel has made every effort to persuade Mr. Dratel and Ms. Lewis to collect Mr. Ulbricht's complete client file, and send it to undersigned counsel.  See generally the Declaration of Paul Grant in Support of Request for Extension of time to Submit Rule 33 Motion for New Trial, which declaration is filed herewith.

 After nearly 8 months of continuous efforts by undersigned counsel to obtain the client file from Mr. Dratel, Ms. Lewis advised me [for the first time], on January 22, 2018, that Mr.

1

Case 1:18-cr-00068-KBF   Document 29-2   06/18/2018   2328493   Page 44 of 105
Case 1:14-cr-00068-KBF   Document 307   Filed 02/05/18   Page 2 of 6
**A42**

Dratel still retains a file cabinet full of Mr. Ulbricht's case materials, which they will release to me only if Mr. Ulbricht, undersigned counsel, or someone will pay them for their time to gather together the file materials, search their email records to find relevant emails, produce a copy of client file materials for them to retain, and ship the remaining client file materials to Paul Grant. Declaration of Paul Grant In Support of Request for Extension of Time, par. 3-15.

Undersigned counsel cannot distinguish what may be newly discovered evidence from evidence that was available to trial counsel, without the complete client file. Counsel can't distinguish among what might be discovery violations by the government, strategic decisions by defense counsel, or neglect of issues by trial counsel, without the complete client file.

Counsel can't adequately represent Mr. Ulbricht in Rule 33 or in other post-conviction matters, such as an investigation into possible 28 U.S.C. § 2255 claims, without the complete client file. Counsel's efforts to find newly discovered evidence and to provide competent representation to Mr. Ulbricht are being hindered by the refusal and failure of trial and appellate counsel Dratel to collect and transmit the entire client file to undersigned counsel.

2. Counsel has requested data from the USAO relating to the pen-trap orders and data collection used in this case. The USAO advised (in November 2017) that they were searching for these records in FBI files. The USAO advised that they found it difficult to locate the files, given that the lead agents involved in the investigation no longer work for the FBI.

The USAO advised undersigned counsel on Friday, February 2, 2018, that they had located some pertinent files, files containing pen register and trap and trace data collection ("PRTT files"), and that they will be sending that data to undersigned counsel on a disk. Undersigned counsel has also requested those files and FBI surveillance files through a FOIA request sent to the FBI, but the FBI has recently said that some of the records being sought are in the control of the Executive Office for United States Attorneys. It isn't clear at this time whether the FOIA request will produce any records.

The requested PRTT files are material to determining whether Mr. Ulbricht has grounds for filing a Rule 33 motion. The affidavits in support of the laptop search warrant and the residence search warrant that were obtained during the course of the Silk Road investigation, both relied upon evidence allegedly collected pursuant to the pen-trap orders. Only the results from one pen-trap data collection were provided to the defense prior to trial. Undersigned counsel has requested from the USAO in the SDNY the files containing the data collected pursuant to four other pen-trap orders, the orders identified by magistrate case numbers as <u>13 MAG 2228</u>, a Sealed Order for the Secret Service directed to Comcast, <u>13 MAG 2258 (</u>the 9.19.13 wireless router pen for FBI), <u>13 MAG 2274 (</u>9.20.13.Router Pen for FBI), and <u>13 MAG 2275 (</u>9.20.13.MAC Address Pen for FBI).

It is not yet clear if those PRTT files are the files now being produced to the defense by the AUSA. Mr. Ulbricht will need expert assistance and an unknown length of time to examine

2

what are expected to be gigabytes of data.

Defendant Ulbricht did make a written discovery request to the government before trial for *any and all data obtained from pen registers judicially authorized in this case*. Doc 70-3, Par. 13, p. 3, 9/17/2014 letter from Joshua Dratel to AUSAs Serrin Turner and Timothy T. Howard. That request was for data material to preparation of the defense.

In response to Ulbricht's request for discovery of *any and all data obtained from pen registers judicially authorized in this case*, the government responded [somewhat ambiguously]:

> *The Government has provided all available pen register data used to detect Ulbricht's email and Internet activity in September 2013, as well as pen register data received from Icelandic law enforcement authorities concerning the SR Server and the server described in the Tarbell Declaration as Server-1. To the extent any other pen register information was obtained in the course of the investigation, the Government objects to this request on the ground that such information is not material to the defense or otherwise required to be produced under Rule 16.* See Doc 70-4 at p. 5, 9/23/2014 letter from AUSA Serrin Turner to Joshua Dratel.

The government's response is artfully or inadvertently worded to avoid revealing whether the data used to detect Ulbricht's internet activity was available and whether it was or was not provided, and, at the same time, the government said that if any other data was not available, then it wasn't material and they were not required to produce it. It isn't clear from the response whether the government was saying that the data used to detect Ulbricht's internet activity in September 2013 was provided, or whether it was no longer available.

The government only produced to the defense the data resulting from one pen register, data in a file called 9.17.13 ISP Pen (Comcast). That pen register was authorized by the magistrate in Case No. 13 MAG 2236, and that order required data collection assistance from Comcast. That order did not authorize the collection of MAC addresses and did not authorize collection of routing data involving any data transmitted from or to any device identified by a MAC address.

Four other pen-trap orders were obtained. No data was ever produced in discovery for any of those four orders, yet the laptop search warrant cites the results from two of those orders, orders which did authorize the collection of MAC addresses, and which did authorize collection of data transmitted to or from devices associated with certain MAC addresses. Those two orders were obtained by AUSA Serrin Turner on 9/20/2013, in cases numbered 13 MAG 2274 and 13 MAG 2275.

If the data collected as a result of those two pen-trap orders was important enough to include in the laptop and residence search warrant affidavits, and important enough to include in Tarbell's declaration as to what data was and was not collected, then the data was material to preparation of the defense and it should have been provided to the defense. By law, that data,

along with descriptions of methods and equipment that law enforcement employed in the data collection, were required to be filed under seal with the court which authorized the orders. That data and those descriptions should be there still, available for review by Mr. Ulbricht. Mr. Ulbricht is today requesting access to those files, by separate motion.

Because three of the pen-trap orders authorized law enforcement (the FBI) to use their own data collection hardware and software, without third party involvement, the FBI was required to file in each of the three case files (13 MAG 2258, 13 MAG 2274, 13 MAG 2275) authorizing pen-trap data collection, a record *which will identify (i) any officer or officers who installed the device and any officer or officers who accessed the device to obtain information from the network; (ii) the date and time the device was installed, the date and time the device was uninstalled, and the date, time, and duration of each time the device is accessed to obtain information; (iii) the configuration of the device at the time of its installation and any subsequent modification thereof; and (iv) any information which has been collected by the device.* 18 U.S.C. § 3123. The record to be maintained must be provided *ex parte* and under seal to the court which authorized the installation and use of the device within 30 days after termination of the order. *Id*.

The government has never produced the data collected pursuant to four of the five pen-trap orders, yet argued before trial against suppression of evidence obtained from the pen registers on the basis of the government's representation as to what each of the pen registers did and did not collect. If the government lacked the data, the arguments based on the knowledge of a government attorney were made in bad faith. If the government had the data, but did not produce it upon request, and  misrepresented what it contained in argument to the court, that would be a serious problem. If the government had the data but did not produce it, that alone would constitute a serious discovery violation.

The government stated that the pen registers were used to establish when Ulbricht logged onto and off of the internet, in support of their argument that the search warrant applications to search for information to allow comparison with online activity were reasonable requests seeking relevant information, referencing Tarbell Dec. Ex. M., par. 33-41. See Doc. 56 at 29.

There is new information which has recently become available that reveals the FBI used electronic surveillance to track the movement and determine the precise location of Mr. Ulbricht in his residence as part of its pen register data collection, and to determine when he logged in and out on his laptop, while Ulbricht was in his residence. This information is revealed in the book *American Kingpin*, a book published in May 2017, long after the trial was concluded.

According to the author, Nick Bilton, his accounts are based, in part, on more than 250 hours spent with federal agents involved in the investigation, including FBI special agents [Tarbell and Kiernan], and including Homeland Security special agent Jared Der-Yeghiayan. Bilton's account of FBI surveillance correctly places Tarbell, Der-Yeghiayan, and Kiernan on site outside Ulbricht's residence, a short time before Ulbricht's arrest. He describes the actions and observations of these agents.

4

Bilton describes the FBI surveillance of Ulbricht in his residence:

"Jared [Der-Yeghiayan], Thom [Thomas Kiernan], and Brophy stood in front of the café near Ross' house, listening to Tarbell . . . They knew that Ross was at home because the FBI had an undercover SUV circling his block and monitoring the Wi-Fi traffic (this is pen register and trap and trace activity).  The system they were using (which should be described in the magistrates' files) would check the signal strength of the Wi-Fi on his computer and then, by triangulating that data from three different points they had captured as they drove around the block, they were able to figure out Ross's exact location, which at this very moment was his bedroom, on the third floor of his Monterey Boulevard apartment."  Bilton at 331.

## CONCLUSION

The description of methods, hardware and configuration used by the FBI to gather pen-trap data, as well as the data itself, were all essential and material to preparation of the defense and should have been provided before the trial.

Undersigned counsel will need to obtain and then review (1) all of the remaining client file materials from Joshua Dratel, (2) the new PRTT data promised by the prosecutor, and (3) material from the now sealed magistrate files, to see if these materials will provide the basis for a Rule 33 motion, *i.e.*, whether newly discovered evidence will show that a new trial is required.

It is clear from the facts presented that Mr. Ulbricht has diligently pursued the collection of evidence and of his file materials in his investigation into the basis for a Rule 33 motion.  He has a good faith basis for believing that investigation into the surveillance of him while within his residence, and investigation into the missing pen register data, will provide him with information that can provide the bases for a successful Rule 33 motion.

Mr. Ulbricht is serving a life sentence and justice requires that he be afforded the opportunity to research and present his motion for a new trial.  ***Mr. Ulbricht therefore respectfully requests, pursuant to Rule 45(b)(1)(A), Fed.R.Crim.P., and for good cause shown, that he be allowed an extension of time until and including May 7, 2018, in which to submit his Rule 33 motion***.

Mr. Ulbricht is incarcerated and has no ability to pay Mr. Dratel for the costs to search for, gather together, and reproduce his client file, or to pay the costs for shipping the file to current counsel.  Mr. Dratel is harming Mr. Ulbricht by holding onto portions of the client file until Mr. Ulbricht or undersigned counsel or someone pays him for collecting and transferring the complete client file.

For the reasons stated above, **Mr. Ulbricht further requests that the court order Joshua L. Dratel, of the law firm Joshua L. Dratel, P.C., to collect and transfer to Paul Grant, of the Law Office of Paul Grant, on or before February 23, 2018, all of Mr. Ulbricht's client file,**  which file includes both trial court and appellate work performed for Mr.

5

Ulbricht, including all electronic documents in Ulbricht's file, all email communications in his possession or control which involve work on Ulbricht's cases, all paper documents in his file, and all sealed documents filed in Ulbricht's cases, with Joshua L. Dratel bearing all the costs associated with gathering the client file and transferring it to Mr. Grant.

Respectfully submitted,

/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht

cc: Eun Young Choi (by ECF)
    Assistant United States Attorney

**PAUL GRANT**
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
303-909-6133

February 5, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 0 5 2018

Re:   *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
       Request for Extension of Time to Submit Rule 33 Motion

Dear Judge Forrest:

I write on behalf of Defendant Ross Ulbricht to request an extension of time through and including May 7, 2018, in which to submit his Rule 33 Motion for a New Trial Based on Newly Discovered Evidence. I have contacted the government about this request and AUSA Eun Young Choi advised that the government will not oppose this request.

Mr. Ulbricht was tried in this court and on February 4, 2015, his jury brought back guilty verdicts on all charges in the indictment. The deadline for filing his Rule 33 motion is 3 years from the date of those verdicts, which means his motion is due to be filed on or before February 5, 2018. Rule 33(b), Fed.R.Crim.P.; Rule 45(a)(1)(C), Fed.R.Crim.P.

Mr. Ulbricht submitted his petition for writ of certiorari to the Supreme Court on December 22, 2017, and his case was docketed on January 4, 2018. That action does not extend the deadline for filing his Rule 33 motion.

Mr. Ulbricht is requesting an extension of his filing deadline until and including May 7, 2018. This extension is made necessary for the following reasons:

1. Undersigned counsel has yet to receive the complete client file from prior trial and appellate counsel, Joshua Dratel and Lindsay Lewis. Counsel has made every effort to persuade Mr. Dratel and Ms. Lewis to collect Mr. Ulbricht's complete client file, and send it to undersigned counsel. See generally the Declaration of Paul Grant in Support of Request for Extension of time to Submit Rule 33 Motion for New Trial, which declaration is filed herewith.

After nearly 8 months of continuous efforts by undersigned counsel to obtain the client file from Mr. Dratel, Ms. Lewis advised me [for the first time], on January 22, 2018, that Mr.

1

Dratel still retains a file cabinet full of Mr. Ulbricht's case materials, which they will release to me only if Mr. Ulbricht, undersigned counsel, or someone will pay them for their time to gather together the file materials, search their email records to find relevant emails, produce a copy of client file materials for them to retain, and ship the remaining client file materials to Paul Grant. Declaration of Paul Grant In Support of Request for Extension of Time, par. 3-15.

Undersigned counsel cannot distinguish what may be newly discovered evidence from evidence that was available to trial counsel, without the complete client file. Counsel can't distinguish among what might be discovery violations by the government, strategic decisions by defense counsel, or neglect of issues by trial counsel, without the complete client file.

Counsel can't adequately represent Mr. Ulbricht in Rule 33 or in other post-conviction matters, such as an investigation into possible 28 U.S.C. § 2255 claims, without the complete client file. Counsel's efforts to find newly discovered evidence and to provide competent representation to Mr. Ulbricht are being hindered by the refusal and failure of trial and appellate counsel Dratel to collect and transmit the entire client file to undersigned counsel.

2. Counsel has requested data from the USAO relating to the pen-trap orders and data collection used in this case. The USAO advised (in November 2017) that they were searching for these records in FBI files. The USAO advised that they found it difficult to locate the files, given that the lead agents involved in the investigation no longer work for the FBI.

The USAO advised undersigned counsel on Friday, February 2, 2018, that they had located some pertinent files, files containing pen register and trap and trace data collection ("PRTT files"), and that they will be sending that data to undersigned counsel on a disk. Undersigned counsel has also requested those files and FBI surveillance files through a FOIA request sent to the FBI, but the FBI has recently said that some of the records being sought are in the control of the Executive Office for United States Attorneys. It isn't clear at this time whether the FOIA request will produce any records.

The requested PRTT files are material to determining whether Mr. Ulbricht has grounds for filing a Rule 33 motion. The affidavits in support of the laptop search warrant and the residence search warrant that were obtained during the course of the Silk Road investigation, both relied upon evidence allegedly collected pursuant to the pen-trap orders. Only the results from one pen-trap data collection were provided to the defense prior to trial. Undersigned counsel has requested from the USAO in the SDNY the files containing the data collected pursuant to four other pen-trap orders, the orders identified by magistrate case numbers as 13 MAG 2228, a Sealed Order for the Secret Service directed to Comcast, 13 MAG 2258 (the 9.19.13 wireless router pen for FBI), 13 MAG 2274 (9.20.13.Router Pen for FBI), and 13 MAG 2275 (9.20.13.MAC Address Pen for FBI).

It is not yet clear if those PRTT files are the files now being produced to the defense by the AUSA. Mr. Ulbricht will need expert assistance and an unknown length of time to examine

2

Case 1:18-cr-00068-1 Document 29-2 06/18/2018 2328490 Page 51 of 105
A49
Case 1:14-cr-00068-KBF   Document 304   Filed 02/05/18   Page 3 of 6

what are expected to be gigabytes of data.

Defendant Ulbricht did make a written discovery request to the government before trial for *any and all data obtained from pen registers judicially authorized in this case*. Doc 70-3, Par. 13, p. 3, 9/17/2014 letter from Joshua Dratel to AUSAs Serrin Turner and Timothy T. Howard. That request was for data material to preparation of the defense.

In response to Ulbricht's request for discovery of *any and all data obtained from pen registers judicially authorized in this case*, the government responded [somewhat ambiguously]:

> *The Government has provided all available pen register data used to detect Ulbricht's email and Internet activity in September 2013, as well as pen register data received from Icelandic law enforcement authorities concerning the SR Server and the server described in the Tarbell Declaration as Server-1. To the extent any other pen register information was obtained in the course of the investigation, the Government objects to this request on the ground that such information is not material to the defense or otherwise required to be produced under Rule 16.* See Doc 70-4 at p. 5, 9/23/2014 letter from AUSA Serrin Turner to Joshua Dratel.

The government's response is artfully or inadvertently worded to avoid revealing whether the data used to detect Ulbricht's internet activity was available and whether it was or was not provided, and, at the same time, the government said that if any other data was not available, then it wasn't material and they were not required to produce it. It isn't clear from the response whether the government was saying that the data used to detect Ulbricht's internet activity in September 2013 was provided, or whether it was no longer available.

The government only produced to the defense the data resulting from one pen register, data in a file called 9.17.13 ISP Pen (Comcast). That pen register was authorized by the magistrate in Case No. 13 MAG 2236, and that order required data collection assistance from Comcast. That order did not authorize the collection of MAC addresses and did not authorize collection of routing data involving any data transmitted from or to any device identified by a MAC address.

Four other pen-trap orders were obtained. No data was ever produced in discovery for any of those four orders, yet the laptop search warrant cites the results from two of those orders, orders which did authorize the collection of MAC addresses, and which did authorize collection of data transmitted to or from devices associated with certain MAC addresses. Those two orders were obtained by AUSA Serrin Turner on 9/20/2013, in cases numbered 13 MAG 2274 and 13 MAG 2275.

If the data collected as a result of those two pen-trap orders was important enough to include in the laptop and residence search warrant affidavits, and important enough to include in Tarbell's declaration as to what data was and was not collected, then the data was material to preparation of the defense and it should have been provided to the defense. By law, that data,

Case 1:18-cr-00601 Document 29-2 06/19/2018 2326485 Page 52 of 105
Case 1:14-cr-00068-KBF   Document 309   Filed 02/05/18   Page 4 of 6
Case 1:14-cr-00068-KBF   Document 304   Filed 02/05/18   Page 4 of 6

along with descriptions of methods and equipment that law enforcement employed in the data collection, were required to be filed under seal with the court which authorized the orders. That data and those descriptions should be there still, available for review by Mr. Ulbricht. Mr. Ulbricht is today requesting access to those files, by separate motion.

Because three of the pen-trap orders authorized law enforcement (the FBI) to use their own data collection hardware and software, without third party involvement, the FBI was required to file in each of the three case files (13 MAG 2258, 13 MAG 2274, 13 MAG 2275) authorizing pen-trap data collection, a record *which will identify (i) any officer or officers who installed the device and any officer or officers who accessed the device to obtain information from the network; (ii) the date and time the device was installed, the date and time the device was uninstalled, and the date, time, and duration of each time the device is accessed to obtain information; (iii) the configuration of the device at the time of its installation and any subsequent modification thereof; and (iv) any information which has been collected by the device.* 18 U.S.C. § 3123. The record to be maintained must be provided *ex parte* and under seal to the court which authorized the installation and use of the device within 30 days after termination of the order. *Id.*

The government has never produced the data collected pursuant to four of the five pen-trap orders, yet argued before trial against suppression of evidence obtained from the pen registers on the basis of the government's representation as to what each of the pen registers did and did not collect. If the government lacked the data, the arguments based on the knowledge of a government attorney were made in bad faith. If the government had the data, but did not produce it upon request, and misrepresented what it contained in argument to the court, that would be a serious problem. If the government had the data but did not produce it, that alone would constitute a serious discovery violation.

The government stated that the pen registers were used to establish when Ulbricht logged onto and off of the internet, in support of their argument that the search warrant applications to search for information to allow comparison with online activity were reasonable requests seeking relevant information, referencing Tarbell Dec. Ex. M., par. 33-41. See Doc. 56 at 29.

There is new information which has recently become available that reveals the FBI used electronic surveillance to track the movement and determine the precise location of Mr. Ulbricht in his residence as part of its pen register data collection, and to determine when he logged in and out on his laptop, while Ulbricht was in his residence. This information is revealed in the book *American Kingpin*, a book published in May 2017, long after the trial was concluded.

According to the author, Nick Bilton, his accounts are based, in part, on more than 250 hours spent with federal agents involved in the investigation, including FBI special agents [Tarbell and Kiernan], and including Homeland Security special agent Jared Der-Yeghiayan. Bilton's account of FBI surveillance correctly places Tarbell, Der-Yeghiayan, and Kiernan on site outside Ulbricht's residence, a short time before Ulbricht's arrest. He describes the actions and observations of these agents.

4

Bilton describes the FBI surveillance of Ulbricht in his residence:

"Jared [Der-Yeghiayan], Thom [Thomas Kiernan], and Brophy stood in front of the café near Ross' house, listening to Tarbell . . . They knew that Ross was at home because the FBI had an undercover SUV circling his block and monitoring the Wi-Fi traffic (this is pen register and trap and trace activity).  The system they were using (which should be described in the magistrates' files) would check the signal strength of the Wi-Fi on his computer and then, by triangulating that data from three different points they had captured as they drove around the block, they were able to figure out Ross's exact location, which at this very moment was his bedroom, on the third floor of his Monterey Boulevard apartment."  Bilton at 331.

### CONCLUSION

The description of methods, hardware and configuration used by the FBI to gather pen-trap data, as well as the data itself, were all essential and material to preparation of the defense and should have been provided before the trial.

Undersigned counsel will need to obtain and then review (1) all of the remaining client file materials from Joshua Dratel, (2) the new PRTT data promised by the prosecutor, and (3) material from the now sealed magistrate files, to see if these materials will provide the basis for a Rule 33 motion, *i.e.*, whether newly discovered evidence will show that a new trial is required.

It is clear from the facts presented that Mr. Ulbricht has diligently pursued the collection of evidence and of his file materials in his investigation into the basis for a Rule 33 motion.  He has a good faith basis for believing that investigation into the surveillance of him while within his residence, and investigation into the missing pen register data, will provide him with information that can provide the bases for a successful Rule 33 motion.

Mr. Ulbricht is serving a life sentence and justice requires that he be afforded the opportunity to research and present his motion for a new trial.  ***Mr. Ulbricht therefore respectfully requests, pursuant to Rule 45(b)(1)(A), Fed.R.Crim.P., and for good cause shown, that he be allowed an extension of time until and including May 7, 2018, in which to submit his Rule 33 motion***.

Mr. Ulbricht is incarcerated and has no ability to pay Mr. Dratel for the costs to search for, gather together, and reproduce his client file, or to pay the costs for shipping the file to current counsel.  Mr. Dratel is harming Mr. Ulbricht by holding onto portions of the client file until Mr. Ulbricht or undersigned counsel or someone pays him for collecting and transferring the complete client file.

For the reasons stated above, **Mr. Ulbricht further requests that the court order Joshua L. Dratel, of the law firm Joshua L. Dratel, P.C., to collect and transfer to Paul Grant, of the Law Office of Paul Grant, on or before February 23, 2018, all of Mr. Ulbricht's client file,** which file includes both trial court and appellate work performed for Mr.

5

Ulbricht, including all electronic documents in Ulbricht's file, all email communications in his possession or control which involve work on Ulbricht's cases, all paper documents in his file, and all sealed documents filed in Ulbricht's cases, with Joshua L. Dratel bearing all the costs associated with gathering the client file and transferring it to Mr. Grant.

Respectfully submitted,

/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht

cc: Eun Young Choi (by ECF)
    Assistant United States Attorney

---

## Ordered

The motion to extend time for a Rule 33 motion is DENIED. A Rule 33 motion is not an opportunity to relitigate that which has been litigated, or to engage in a fishing expedition for new evidence. The Court appreciates that Mr. Grant was not involved in the trial, but the transcript reveals that the very evidence to which he now points (that the FBI was monitoring the defendant's online movements) was explicitly known at the trial. (See e.g., Tr. 319, et. seq.) This is not new news. As to an inability to obtain the file, that does not suggest any basis for a new trial -- indeed, whatever is is the file was necessarily known to prior counsel. No good cause to delay the deadline has been shown.

KBF. Forrest
USDJ        2/5/18

A53

Case 18-691, Document 29-2, 06/18/2018, 2330493, Page55 of 105
Case 1:14-cr-00068-KBF Document 305 Filed 02/05/18 Page 1 of 7

**PAUL GRANT**
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
303-909-6133

February 5, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:    *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
Request to Partially Unseal and Make Available to Counsel and Defendant Three
Magistrate's Files

Dear Judge Forrest:

I write on behalf of Defendant Ross Ulbricht to request that three SDNY magistrate's files (13 MAG 2258, 13 MAG 2274, 13 MAG 2275) be partially unsealed and that the entire contents of those files be made available to counsel for the parties and to Mr. Ulbricht, for examination and review and use in this case. I have contacted the government about this request, and AUSA Eun Young Choi advises the government will oppose this request.

As the court may recall from pre-trial suppression proceedings, the government obtained five pen-trap orders authorizing the pen register and trap and trace collection of data sent to and from Ulbricht's router or to and from a device (assumed to be Ulbricht's computer) associated with a particular MAC address, including: 13 MAG 22, a Sealed Order for the Secret Service, directed to Comcast to provide assistance; 13 MAG 2228, a Sealed Order for the Secret Service, directed to Comcast to provide assistance; 13 MAG 2258 (the 9.19.13 wireless router pen for FBI); 13 MAG 2274 ((9.20.13.Router Pen for FBI); and 13 MAG 2275 (9.20.13.MAC Address Pen for FBI). Doc. 48, Memorandum of Law in Support of Defendant Ross Ulbricht's Pre-Trial Motions to Suppress Evidence . . ., at pages 37 -39 (page numbers in original document).

The latter three orders, each of which is directed to the FBI (the "three FBI pen-trap orders"), were issued in the three sealed magistrate's files (13 MAG 2258, 13 MAG 2274, 13 MAG 2275) which Mr. Ulbricht now wishes to examine.

Mr. Ulbricht argued in his motion to dismiss that the data collection resulting from the five pen-trap orders must be suppressed because this data collection required search warrants based on probable cause, and because the orders failed to adhere to statutory limitations. See

1

Doc. 48, Memorandum of Law in Support of Defendant Ross Ulbricht's Pre-Trial Motions to Suppress . . ., at page 37.  Mr. Ulbricht's pre-trial Motion to Suppress was hampered by the fact that the government had not disclosed the pen-trap data it had (allegedly) collected.  Because the government failed to disclose all of the pen-trap data, Mr. Ulbricht could only attack the scope of the pen-trap orders, *i.e.*, what they authorized.  Mr. Ulbricht was not able to separately attack, for example, whether the government's collection actually complied with the statute and with the terms of the pen-trap orders.

In a pre-trial discovery request, Mr. Ulbricht had requested from the government *any and all data obtained from pen registers judicially authorized in this case*.  Doc 70-3, par. 13, p. 3, letter from J. Dratel to AUSA S. Turner, et al.

The government responded to that defense discovery request:

*The Government has provided all available pen register data used to detect Ulbricht's email and Internet activity in September 2013, as well as pen register data received from Icelandic law enforcement authorities concerning the SR Server and the server described in the Tarbell Declaration as Server-1. To the extent any other pen register information was obtained in the course of the investigation, the Government objects to this request on the ground that such information is not material to the defense or otherwise required to be produced under Rule 16.* See Doc 70-4 at p. 5, 9/23/2014 letter from AUSA Serrin Turner to Joshua Dratel.

In this response to the defense discovery request, the government stated that it had provided *all available pen register data* used to detect Ulbricht's email and internet activity in September 2013, but *the government did not state that it had actually produced anything, or if it did, what other data was not available*.  That appears to have been a false or at best ambiguous statement unless some of the relevant collected data was then unavailable, *because the government did not, in fact, provide the pen-trap data referred to in the laptop search warrant affidavit.*  See below.

The only pen-trap data provided to the defense before trial was data that appears to have resulted from collection authorized in the 9/17/2013 Pen Trap Order in Case No. 13 MAG 2236. Declaration of Paul Grant In Support of Partial Unsealing, at par. 5-7. That order authorized a trap and trace device to identify the IP address of internet communications directed to, and a pen register to determine the destination IP addresses of, any Internet communications originating from the "Target Account," referring to a Comcast account.

Mr. Ulbricht has still not received the data resulting from the three FBI pen-trap orders identified above.  The government relied on the data supposedly obtained from those pen-trap orders, to monitor Ulbricht's online activity, to correlate his activity to that of DPR, and to establish, in the minds of investigators, that Ulbricht was DPR.  Those are the facts testified to in the laptop search warrant affidavit, facts used to establish probable cause for the laptop search warrant to issue.

In the laptop search warrant affidavit, the affiant, Christopher W. Tarbell, FBI Special Agent, testified, in relevant part:

5. . . . The computer contains a network adapter assigned the MAC address 88-53-2E-9C-81-96.

**PROBABLE CAUSE**
**OVERVIEW**
**IDENTIFICATION OF "DREAD PIRATE ROBERTS"**
**AS ROSS WILLIAM ULBRICHT**
**ULBRICHT'S USE OF THE SUBJECT COMPUTER**

. . .

35.  On September 20, 2013, the Government obtained a judicial order authorizing the FBI to use a pen register/trap and trace device . . .  Data obtained from the Wireless Router Pen-Trap the same day showed a computer with the MAC address 88-53-2E-9C-81-96 - that is, the SUBJECT COMPUTER - regularly accessing the router.

36.  Based on my training and experience . . . I determined that the manufacturer associated with the MAC address of the subject computer produces network cards for computers running the Windows operating system.  The Subject Computer is the only Windows-based computer that has been detected from the Wireless Routing Pen . . .

39.  On September 20, 2013, the FBI collected data from the Wireless Router Pen-Trap over the course of several hours, which showed the SUBJECT COMPUTER logging on and off the wireless router at the Subject Residence at the same time that DPR logged on and off of Pidgin.

40.  On September 20, 2013, the Government obtained a judicial order authorizing the FBI to use a pen register/trap and trace device . . .  to collect routing data . . .

41.  This surveillance yielded the following results:
        a.  At approximately 11:15 a.m., PDT, pen register data from the Subject Computer Pen-Trap showed the Subject Computer logging onto the internet at the Subject Residence . . .

42.  Based on the foregoing, I respectfully submit there is probable cause to believe that Ulbricht uses the SUBJECT COMPUTER and that he specifically uses it in connection with his operation of Silk Road.

3

Excerpts from Laptop Search Warrant.

Paragraphs 35, 39, and 41 refer to the <u>FBI pen-trap orders</u>, from which no data has ever been produced to the defense. Paragraph 42 in the affidavit shows the government relied on the pen-trap data described above, data resulting from the three FBI pen-trap orders, to establish probable cause to obtain the laptop search warrant.

The data collected pursuant to the three FBI pen-trap orders should be contained in the 3 magistrate's files (13 MAG 2258, 13 MAG 2274, 13 MAG 2275). See 18 U.S.C. § 3123. Mr. Ulbricht is requesting the magistrates' files be partially unsealed and the contents made available to counsel for both parties and to the defendant, because these files should contain the following material and discoverable information:

*a record which will identify (I) any officer or officers who installed the device and any officer or officers who accessed the device to obtain information from the network; (ii) the date and time the device was installed, the date and time the device was uninstalled, and the date, time, and duration of each time the device is accessed to obtain information; (iii) the configuration of the device at the time of its installation and any subsequent modification thereof; and (iv) any information which has been collected by the device.* 18 U.S.C. § 3123. "The record to be maintained must be provided *ex parte* and under seal to the court which authorized the installation and use of the device within 30 days after termination of the order." *Id.*

Mr. Ulbricht is entitled to examine the contents of the three magistrate files, to see if what the government claimed to have collected was collected, and to see how the data was collected. To withhold that data now would be unconscionable. That information was material to preparation by the defense, was in the possession of the FBI, both before and after the deadline by which the law required it to have been filed with the magistrates, and it should have been disclosed to the defense prior to trial. Rule 16(a)(1)(E)(I), Fed.R.Crim.P. The government told the court that these pen registers were not used to geo-locate Mr. Ulbricht - apparently without having access to the data collected pursuant to the three FBI pen-trap orders. Doc. 57, Tarbell Declaration at Page 9 of 10, par. 21. These files should help address that issue.

The government has never produced the data collected pursuant to four out of the five pen-trap orders, yet argued before trial against suppression of evidence obtained from the pen registers on the basis of the government's representation as to what each of the pen registers did and did not collect. If the government did not have the data, then providing the court with statements from the affidavit of an FBI special agent who should have provided them with the data itself, was incautious. If the government had the data, but did not produce it upon request, and  misrepresented what the data contained in argument to the court, that would be a serious problem; if the government had the data but simply did not produce it, that would constitute a serious discovery violation.

The government stated that the pen registers were used to establish when Ulbricht logged

onto and off of the internet, in defending the search warrant, in support of their argument that the search warrant applications to search for information to allow comparison with online activity were reasonable requests seeking relevant information, referencing Tarbell Decl. Ex. M., par. 33-41.  See Doc. 56 at 29.

Mr. Ulbricht has discovered new information, information which has just recently become available, that reveals that the government did use electronic surveillance to track his location, at the very same time, and as part of, its pen register data collection.  The government apparently used its WiFi sniffing and tracking surveillance (as part of the pen-trap data collection) to track and determine Ulbricht's precise location, and to determine when he logged in and out on his laptop, while Ulbricht was in his residence.  This information is provided in the the book titled *American Kingpin*, a book published in May 2017, long after the trial was concluded.

According to the author, Nick Bilton, his accounts are based, in part, on more than 250 hours spent with federal agents involved in the investigation, including FBI special agents [Tarbell and Kiernan], and including Homeland Security special agent Jared Der-Yeghiayan. Bilton's account of FBI surveillance correctly places Tarbell, Der-Yeghiayan, and Kiernan on site outside Ulbricht's residence, a short time before Ulbricht's arrest.  He describes the actions and observations of these agents, in considerable detail and in credible terms, in a manner consistent with material previously disclosed by the government.

Bilton describes the FBI surveillance of Ulbricht in his residence:

 "Jared [Der-Yeghiayan], Thom [Thomas Kiernan], and Brophy stood in front of the café near Ross' house, listening to Tarbell . . . They knew that Ross was at home because the FBI had an undercover SUV circling his block and monitoring the Wi-Fi traffic (this is pen register and trap and trace activity).  The system they were using (which should be described in the magistrates' files) would check the signal strength of the Wi-Fi on his computer and then, by triangulating that data from three different points they had captured as they drove around the block, they were able to figure out Ross's exact location, which at this very moment was his bedroom, on the third floor of his Monterey Boulevard apartment."  Bilton at 331.

Under Federal Rule of Criminal Procedure 16(a)(1)(E), the government is required to produce documents or data "if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense."  Rule 16(a)(1)(E) permits discovery related to the constitutionality of a search or seizure. *U.S. v. Hector Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016).  Materiality is a " low threshold; it is satisfied so long as the information . . . would have helped" to prepare a defense. *Id., quoting United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013).

The defendant was entitled to rely on the government's statement that it had provided all available pen-trap data related to monitoring Ulbricht's internet activity, and on the statement

5

that any other pen-trap data it may have was not material and not subject to production. *See United States v. Lee*, 573 F.3d 155, 161 (3d Cir. 2009).

It appears the government may now have the PRTT data that the FBI collected in September 2013 pursuant to the three FBI pen-trap orders. Declaration of Paul Grant In Support of Partial Unsealing, par. 10. Any relevant PRTT data the FBI had collected in 2013 was required by statute to have been placed in the three magistrate's files. That PRTT data in the magistrate's files may well be more extensive than the new PRTT data (or may not even include the same data) that the government is now prepared to disclose, and is data that would have been in possession of the FBI pre-trial in 2014, when the defense requested it. Any and all such data should have been provided to the defense prior to trial. That data was material and relevant to preparing the defense, particularly because the pen-traps were directly at issue.

The prosecutor is obligated to disclose to the defendant evidence which is favorable to the defense and suppression of the evidence which is material to either guilt or punishment, violates due process, regardless of the good faith or the bad faith of the prosecutor. *Brady v. Maryland*, 373 U.S. 83, 86-88. (1963). *Brady* itself is a case involving a post-conviction claim of newly discovered evidence. *See Id.*, at 85. "Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." *Id.*, at 88.

It is clear that the government did not produce in discovery prior to trial the data that is, or should be, in the three magistrate's files; it appears that the government violated its disclosure obligations under Rule 16 and under *Brady*, and the defense has reason to believe that the evidence it failed to disclose will prove to be exculpatory.

Mr. Ulbricht was unable to review the data before trial, the pen-trap data upon which the government relied to establish probable cause for issuance of both the laptop and residence search warrants. Mr. Ulbricht was, therefore, denied his due process right to effectively challenge the constitutionality of the laptop and residence search warrants. The best way to begin to remedy that violation now, is to allow Mr. Ulbricht to access the data that the government improperly withheld prior to trial, PRTT data which by law should be located in the three magistrate's files.

PRTT evidence withheld in violation of Rule 16 discovery obligations or in violation of *Brady* obligations before trial, will be newly discovered evidence now. Mr. Ulbricht requires access to the material in the three magistrate's files, to determine whether that data is newly discovered evidence which will support his Rule 33 Motion for a New Trial.

The prosecutor should join in this motion, not oppose it. "The United States Attorney is the representative . . . of a sovereign whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88

(1935). Prosecutors have an ethical duty to reveal exculpatory evidence obtained after conviction. See ABA Model Rules of Professional Conduct, Rule 3.8(g) (2012). If the prosecutor opposes this motion, as they have stated they will, they will be supporting their own improper withholding of evidence prior to trial, and they will be supporting the misleading or misinformed statements they made to the defendant and the court.

Post-conviction judicial decisions should be made with the sole purpose of insuring justice. *See Imbler v. Poachtman*, 424 U.S. 409, 428 (1976). Mr. Ulbricht is serving a sentence to life without parole and under such dire circumstances, justice requires that this court order that the contents of the sealed magistrate's files be made available to counsel for both parties and to the defendant.

WHEREFORE, for all the reasons provided above, and in the interests of justice, Mr. Ulbricht requests that the court order the partial unsealing of three magistrate's files, namely files identified as 13 MAG 2258, 13 MAG 2274, 13 MAG 2275, and that the contents of those three files be made available for examination and review, to counsel for both parties and to the defendant. Mr. Ulbricht also requests such additional relief as the court finds to be just and equitable.

Respectfully submitted,

/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht

cc: Eun Young Choi (by ECF)
    Assistant United States Attorney

**PAUL GRANT**
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
303-909-6133

February 5, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:   *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
      Request to Partially Unseal and Make Available to Counsel and Defendant Three
      Magistrate's Files

Dear Judge Forrest:

I write on behalf of Defendant Ross Ulbricht to request that three SDNY magistrate's files (13 MAG 2258, 13 MAG 2274, 13 MAG 2275) be partially unsealed and that the entire contents of those files be made available to counsel for the parties and to Mr. Ulbricht, for examination and review and use in this case. I have contacted the government about this request, and AUSA Eun Young Choi advises the government will oppose this request.

As the court may recall from pre-trial suppression proceedings, the government obtained five pen-trap orders authorizing the pen register and trap and trace collection of data sent to and from Ulbricht's router or to and from a device (assumed to be Ulbricht's computer) associated with a particular MAC address, including: 13 MAG 22, a Sealed Order for the Secret Service, directed to Comcast to provide assistance; 13 MAG 2228, a Sealed Order for the Secret Service, directed to Comcast to provide assistance; 13 MAG 2258 (the 9.19.13 wireless router pen for FBI); 13 MAG 2274 ((9.20.13.Router Pen for FBI); and 13 MAG 2275 (9.20.13.MAC Address Pen for FBI). Doc. 48, Memorandum of Law in Support of Defendant Ross Ulbricht's Pre-Trial Motions to Suppress Evidence . . ., at pages 37 -39 (page numbers in original document).

The latter three orders, each of which is directed to the FBI (the "three FBI pen-trap orders"), were issued in the three sealed magistrate's files (13 MAG 2258, 13 MAG 2274, 13 MAG 2275) which Mr. Ulbricht now wishes to examine.

Mr. Ulbricht argued in his motion to dismiss that the data collection resulting from the five pen-trap orders must be suppressed because this data collection required search warrants based on probable cause, and because the orders failed to adhere to statutory limitations. *See*

1



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 23, 2014

By E-mail
Joshua L. Dratel, Esq.
2 Wall Street, 3rd Floor
New York, NY 10005

    Re:  *United States v. Ross William Ulbricht*, **14 Cr. 68 (KBF)**

Dear Mr. Dratel:

    The Government is in receipt of your discovery requests dated September 17, 2014 (the "September 17 Requests"). As set forth below, the Government objects to the September 17 Requests to the extent they concern the defendant's pending motion for suppression of the contents of the server that hosted the Silk Road website (the "SR Server"). The defense has failed to set forth any valid legal basis for its suppression motion that would support any corresponding discovery requests. Further, the Government objects to the discovery requests to the extent they call for the Government to search for material not in the possession of the prosecution team. Notwithstanding these objections, the Government is producing herewith certain material and information responsive to your requests in the interest of minimizing additional motion practice.

**A.  Objections**

    *1.  Materiality*

    Federal Rule of Criminal Procedure 16(a)(1) outlines the items subject to disclosure during criminal discovery. Such items include, *inter alia*, "papers, documents, data, photographs, tangible objects . . . or copies or portions of any of these items, if the item is within the government's possession, custody, or control and the item is material to preparing the defense . . . ." Fed. R. Crim. P. 16(a)(1)(E). In the context of this Rule, an item is "material" only if it "could be used to counter the government's case or to bolster a defense." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir.1993) (internal citations omitted). "Defense" means "the

defendant's response to the Government's case in chief," encompassing only items "which refute the Government's arguments that the defendant committed the crime charged." *United States v. Armstrong*, 517 U.S. 456, 462 (1996) (interpreting predecessor to Fed. R.Crim. P. 16(a)(1)(E)).

"It is defendant's burden to [show] that the documents sought are material to preparing his defense." *United States v. Giffen*, 379 F.Supp.2d 337, 342 (S.D.N.Y.2004) (citation omitted). "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *Id.* (internal quotation marks omitted). A showing of materiality cannot be made through conjecture or conclusory allegations. *Id.* Moreover, evidence is not material merely because it might be "'useful' in order [for a defendant] to meet [his] burden under Rule 16(a)(1)(E)" to obtain further discovery. *United States v. Rigas*, 258 F.Supp.2d 299, 307 (S.D.N.Y. 2003). In short, in contrast to civil discovery, criminal discovery is not exploratory. Only if a defendant can show at the outset how the requested materials will advance his defense to the Government's case-in-chief is he entitled to their disclosure.

In light of these basic legal principles, the Government objects to the September 17 Requests as a general matter on the ground that no adequate explanation has been provided as to how the requested items are material to the defense. Most of the requests appear to concern how the Government was able to locate and search the SR Server. Yet the Government has already explained why, for a number of reasons, there is no basis to suppress the contents of the SR Server: (1) Ulbricht has not claimed any possessory or property interest in the SR Server as required to establish standing for any motion to suppress; (2) the SR Server was searched by foreign law enforcement authorities to whom the Fourth Amendment does not apply in the first instance; (3) even if the Fourth Amendment were applicable, its warrant requirement would not apply given that the SR Server was located overseas; and (4) the search was reasonable, given that the FBI had reason to believe that the SR Server hosted the Silk Road website and, moreover, Ulbricht lacked any expectation of privacy in the SR Server under the terms of service pursuant to which he leased the server.

Particularly given these circumstances, it is the defendant's burden to explain how the contents of the SR Server were supposedly obtained in violation of the defendant's Fourth Amendment rights and how the defendant's discovery requests are likely to vindicate that claim. The defense has failed to do so, and the Government is unaware of any evidence – including any information responsive to the defense's discovery requests – that would support any viable Fourth Amendment challenge. Instead, the defense's discovery requests continue to be based on mere conjecture, which is neither a proper basis for discovery nor a proper basis for a suppression hearing. *See United States v. Persico*, 447 F. Supp. 2d 213, 217 (E.D.N.Y. 2006) ("basing discovery requests on nothing more than mere conjecture" is a "non-starter"); *United States v. Seijo*, No. 02 Cr. 1415, 2003 WL 21035245, at *4 (S.D.N.Y. May 7, 2003) ("A defendant seeking the suppression of evidence is not automatically entitled to an evidentiary hearing on his claim; rather, the defendant must first 'state sufficient facts which, if proven, would [require] the granting of the relief requested.'") (quoting *United States v. Kornblau*, 586 F.Supp. 614, 621 (S.D.N.Y.1984)). In the absence of any cognizable legal basis for the

defendant's suppression motion, the Government does not believe the defense is entitled to any discovery with respect to the motion.

>    2.    *Prosecution Team*

The Government also objects to the unbounded definition of the term "government" set forth in the September 17 Requests.  Specifically, the requests ask the prosecution to search for information within "not only the United States Attorney's Office for the Southern District of New York, but also the Offices in all other Districts, any and all government entities and law enforcement agencies, including but not limited to the Federal Bureau of Investigation, Central Intelligence Agency, Drug Enforcement Administration, Immigration and Customs Enforcement Homeland Security Investigations, National Security Agency, and any foreign government and/or intelligence agencies, particularly those with which the U.S. has a cooperative intelligence gathering relationship, *i.e.*, Government Communications Headquarters ("GCHQ"), the British counterpart to the NSA."

Even in the *Brady* context, the law is clear that a prosecutor has a duty to learn only of "evidence known to . . . others acting on the government's behalf in the case." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *see United States v. Payne,* 63 F.3d 1200, 1208 (2d Cir. 1995).  The imposition of an unlimited duty on a prosecutor to inquire of other offices and agencies not working with the prosecutor's office on the case in question would inappropriately reflect a "monolithic view of government that would "condemn the prosecution of criminal cases to a state of paralysis." *United States v. Gambino*, 835 F. Supp. 74, 95 (E.D.N.Y. 1993), *aff'd*, 59 F.3d 353 (2d Cir. 1995).  Accordingly, the Second Circuit and courts within it have repeatedly concluded that the prosecution team cannot be deemed to have constructive knowledge of evidence possessed by other government agencies not involved in its investigation of the defendant.  *See, e.g.*, *United States v. Avellino*, 136 F.3d 249, 256 (refusing to impute to federal prosecutor information gathered in state investigation); *Pina v. Henderson,* 752 F.2d 47, 49-50 (2d Cir. 1985) (concluding prosecution did not have constructive knowledge of information relayed to parole officer); *United States v. Stofsky*, 527 F.2d 237, 243-44 (2d Cir. 1975) (no imputation of witness's tax information held by the IRS); *United States v. Canniff*, 521 F.2d 565, 573-74 (2d Cir. 1975) (no imputation of information in witness's Pre-Sentence Report that was not in the government's possession); *United States v. Chalmers*, 410 F. Supp. 2d 278, 289-90 (S.D.N.Y. 2006) (refusing to impute evidence in custody of federal agencies that did independent investigation of United Nations Oil-For-Food program to prosecution team).

**B.    Responses**

Without waiving the objections set forth above, in the interest of minimizing any additional motion practice, the Government hereby provides the following responses to the September 17 Requests, based on the information available to the prosecution team:

**1.    The MD5 hash value of the device mapper for the partition sda4_crypt as well as the MD5 hash of the RAW (.dd) image of the partition, both of which should have been generated, when the following command was issued (according to the bash history attributable to the FBI): 2175 date ; md5sum /dev/mapper/sda4_crypt >**

Case 1:18-cr-00068-KBF   Document 70-4   Filed 10/01/14   Page 66 of 105
Case 1:14-cr-00068-KBF   Document 70-4   Filed 10/01/14   Page 4 of 8
A64

**/media/sv_13_0210/evidence/l1c1_sda4_crypt/sd4_md5.txt ; date ; md5sum**
**/media/sv_13_0210/evidence/l1c1_sda4_crypt/sda4_crypt.dd >**
**/media/sv_13_0210/evidence/l1c1_sda4_crypt/sda4_crypt.dd.md5.txt.**

The commands referenced were unsuccessful and did not return an MD5 hash.  The Government is not in possession of an MD5 value with regard to the "device mapper for partition sda4_crypt."  After the image was completed, an MD5 value was created for the raw .dd image. The hash value returned was 1e610e4a5f28b3d01bb8efd835ef0fed.

**2.     Any and all logs of communications between the front-end and back-end Silk Road Servers.**

If by "front-end" server you mean the server hosting the Silk Road hidden service and "back-end" server you mean the server hosting the Silk Road website, then the Government is not aware of logs of communications between the two other than any logs included on the images of the servers already provided to you in discovery.

**3.     Any and all traffic and communication logs for the Icelandic server assigned IP address 193.107.84.4.**

The Government has already provided these records to you.

**4.     Exact dates and times of access and/or attempted access to the Silk Road servers by former SA Tarbell and/or CY-2.**

Please see Attachment 1, which is an excerpt of a log file on the SR Server, reflecting the IP address used by former SA Tarbell to directly contact the SR Server outside of Tor, as described in the fourth sentence of paragraph 8 of the Tarbell Declaration.  The log file from which this excerpt is taken is found on the image of the 193.107.86.49 server ("orange21.tar" file) at /home/s/oldlogs/access.log.3.gz [6/11/2013:16:58:36 +0000].

**5.     The name of the software that was used to capture packet data sent to the FBI from the Silk Road servers.**

Other than Attachment 1, the Government is not aware of any contemporaneous records of the actions described in paragraphs 7 and 8 of the Tarbell declaration.  (Please note that Attachment 1 is marked "Confidential" and is subject to the protective order entered in this matter.)

**6.     A list of the "miscellaneous entries" entered into the username, password, and CAPTCHA fields on the Silk Road login page, referenced in the SA Tarbell's Declaration, at ¶ 7.**

*See* response to request #5.

7.      Any logs of the activities performed by SA Tarbell and/or CY-2, referenced in ¶ 7 of SA Tarbell's Declaration.

*See* response to request #5.

8.      Logs of any server error messages produced by the "miscellaneous entries" referenced in SA Tarbell's Declaration.

*See* response to request #5.

9.      Any and all valid login credentials used to enter the Silk Road site.

*See* response to request #5.

10.     Any and all invalid username, password, and/or CAPTCHA entries entered on the Silk Road log in page.

*See* response to request #5.

11.     Any packet logs recorded during the course of the Silk Road investigation, including but not limited to packet logs showing packet headers which contain the IP address of the leaked Silk Road Server IP address [193.107.86.49].

*See* response to request #5.

12.     Any server configuration files from the time period referenced in the Tarbell Declaration, at ¶ 7, including in particular, NGINX vhost configuration files obtained from the Silk Road Server in early June 2013.

Any server configuration files from the SR Server in the Government's possession are contained in the images of the SR Server already provided to you. Those images were created in late July 2013 and early October 2013.

13.     Any and all data obtained from pen registers judicially authorized in this case.

The Government has provided all available pen register data used to detect Ulbricht's email and Internet activity in September 2013, as well as pen register data received from Icelandic law enforcement authorities concerning the SR Server and the server described in the Tarbell Declaration as Server-1. To the extent any other pen register information was obtained in the course of the investigation, the Government objects to this request on the ground that such information is not material to the defense or otherwise required to be produced under Rule 16.

**14. Information and documentation regarding how the IP address (193.107.84.4) of the initial Silk Road Server was obtained.**

The Government objects to this request on the ground that it is not material to the defense. As noted in the Tarbell Declaration, although the Government originally asked Icelandic authorities for assistance with respect to this server – including obtaining subscriber information, collecting routing information, and covertly imaging the server – Icelandic authorities did not produce traffic data for Server-1 until May 2013. Thereafter, on June 12, 2013, the Government informed Icelandic authorities that it believed that the SR Server was now hosting the Silk Road website, and thus requested that Icelandic authorities search the SR Server instead. However, Icelandic authorities had already imaged the contents of Server-1 by this time, on or about June 6, 2013. Although the Government did not ask Icelandic authorities to share the image of Server-1, Icelandic authorities included the image on the same device on which it produced the image of the SR Server to the Government on or about July 29, 2013. The Government does not intend to use any contents from Server-1 at trial, and accordingly the Government objects to this request as immaterial.

**15. Any and all correspondence between the Reykjavik Metropolitan Police and the United States government (as described in fn. 1).**

The Government reasserts its general materiality objections set forth above. The only potential relevance of the requested correspondence is to the issue of whether U.S. officials had "authority to control or direct" the actions of the Reykjavik Metropolitan Police ("RMP") with regard to their search of the SR Server. *United States v. Getto*, 729 F.3d 221, 231 (2d Cir. 2013). The Government does not believe that the requested correspondence, which concern requests for foreign law enforcement assistance, would establish that U.S. officials had such authority. *See id.*, 729 F.3d at 230-31 (holding that the Fourth Amendment does not apply to actions of foreign officials merely because they undertook investigative steps only in response to an American MLAT request). But in any event, even if the facts could demonstrate that U.S. officials had "authority to control or direct" the actions of the RMP, the defendant has not articulated any viable theory of how the RMP's search violated his Fourth Amendment rights. Because the defendant has failed to assert any theory, let alone facts, that would establish such a violation, there is no justification for the defense to obtain wide-ranging discovery into the Government's communications with foreign law enforcement authorities. Collecting, reviewing, and producing the requested correspondence would not only be burdensome for the Government, but also, were such correspondence routinely subject to disclosure in any investigation involving international cooperation, candid and effective communications between foreign and U.S. law enforcement authorities would be inhibited. *Cf. United States v. Getto*, 729 F.3d 221, 230 (2d Cir. 2013) (citing *United States v. Morrow*, 537 F.2d 120, 140 (5th Cir.1976) ("Normal lines of communication between the law enforcement agencies of different countries are beneficial without question and are to be encouraged."); *cf. also United States v. Cherry*, 876 F. Supp. 547, 551-52 (S.D.N.Y. 1995) (rejecting request for discovery of investigative files of local law enforcement agency that cooperated with federal government in its investigation, finding that subjecting such materials to discovery "would in all likelihood inhibit cooperation between local and federal law enforcement agencies, to the benefit of criminals but to the detriment of the public good"). To the extent the Court determines, however, that it needs to resolve the question

of whether U.S. officials had "authority to control or direct" the actions of the RMP, the Government would propose to submit the requested correspondence to the Court *ex parte* for its review, in light of the Government's concern about the sensitivity of its communications with foreign law enforcement authorities.

**16.    A copy of the August 27, 2013, First Supplemental Request issued by U.S. Authorities to Icelandic Authorities.**

The Government objects to this request on the ground that it is not material to the defense, particularly because the First Supplemental Request does not concern the SR Server or any other evidence the defendant seeks to suppress.

**17.    The September image of the 193.107.86.49 server, referenced in item #9 of the government's March 21, 2014, discovery letter.**

The SR Server was originally imaged in July 2013.  The Government is not aware of any image of the SR Server made by Icelandic authorities in September 2013.  As far as the Government is aware, the SR Server was re-imaged by Icelandic authorities in October 2013 pursuant to an official U.S. request made in late September 2013 (which has been produced to you).  This image was produced to you as item #12 in the Government's March 21, 2014 discovery production.  To the extent that the Government's cover letter accompanying this production also references the server image in item #9, this appears to be an error.

**18.    In regard to the several .tar compressed archives (all.tar; home.tar; and orange21.tar) produced as part of item #1 of the government's March 21, 2014, discovery letter, please (a) identify when these .tar archives were created; (b) list the commands that were issued to create them; (c) state whether any cryptographic hash values were generated for the .tar archives at the time they were created.**

(a)  The creation dates of these archive files are reflected in their file properties.

(b)  According to information provided by the RMP, copying of the data was executed as follows:

    1.  Screen and keyboard are connected to the machine and restart it with ctrl + alt + del
    2.  Booted console in Single mode with bash shell to bypass password authentication (init = / bin / bash)
    3.  Copying machine with the following command line anti: tar-cvpzf / mnt/orange21.tar.gz- exclude = / mnt - exclude = / proc-exclude = / sys-exclude = / dev-exclude = / run /
    4.  USB Disk un-mounted and console rebooted and linked back to the network.
    5.  The machine boots back up normally.

(c) The Government is unaware of any records in its possession responsive to this request.

Sincerely,

PREET BHARARA
United States Attorney

By: _____

Serrin Turner
Assistant United States Attorney

Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

UNITED STATES OF AMERICA,                    14 Cr. 68 (KBF)

                          Plaintiff,                  MOTION FOR RECUSAL

            -v-

ROSS WILLIAM ULBRICHT,

                          Defendant.

----------------------------------------------------X

        Pursuant to 28 U.S.C. § 455, defendant Ross Ulbricht hereby moves the Court for an

Order recusing the court in this matter.  This motion is based upon the Memorandum of Law in

Support of Motion for Recusal, the Declaration of Ross Ulbricht, and the Declaration of Paul

Grant In Support of Motion for Recusal, each of which is submitted with this motion.

Dated: 2/5/2018

                          Respectfully submitted,

                          /s/ Paul Grant____
                          Paul Grant
                          Law Office of Paul Grant
                          P.O. Box 2720
                          Parker CO 80134
                          Telephone: 303-909-6133
                          Email: paul_pglaw@yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------X

UNITED STATES OF AMERICA,                              14 Cr. 68 (KBF)

                                    Plaintiff,         MEMORANDUM OF LAW
                                                       IN SUPPORT OF MOTION
                                                       FOR RECUSAL


                       -v-

ROSS WILLIAM ULBRICHT,

                                    Defendant.

--------------------------------------------------X

On February 4, 2015, Defendant Ross Ulbricht was convicted by his jury of various

offenses and he was subsequently sentenced by the court to life imprisonment.  Mr. Ulbricht has

appealed his convictions and sentence to the Second Circuit Court of Appeals, and his appeal has

been denied.  On December 22, 2017, Mr. Ulbricht submitted his petition for writ of certiorari to

the Supreme Court, and his petition is currently pending.

There have been no proceedings in this court since Mr. Ulbricht was sentenced on May

29, 2015.  Mr. Ulbricht now intends to pursue his right to file a Rule 33 Motion for New Trial

Based on Newly Discovered Evidence, a motion which is due on or before February 5, 2018.

Mr. Ulbricht is entitled to have his Rule 33 Motion and all other proceedings in this case

presided over by a fair and impartial judge.  A judge "shall disqualify [herself] in a proceeding in

which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  A judge must

recuse herself in a proceeding in which the judge has a personal bias or prejudice concerning a

1

party. 28 U.S.C. § 455(b)(1). The requirement that a judge recuse herself whenever her impartiality might reasonably be questioned, is commonly linked to circumstances where the alleged impartiality originates with an extrajudicial source. *U.S. v. Carlton*, 534 F.3d 97, 100 (2nd Cir. 2008), citing *Liteky v. United States*, 510 U.S. 540, 544 (1994). Extrajudicial sources, although a common basis, are not the exclusive basis for establishing bias or prejudice. *Liteky v. United States*, 510 U.S. 540, 551 (1994). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988).

I.      **The trial court undermined the presumption of innocence and prejudiced the jurors against the defendant by empaneling an anonymous jury.**

The trial court began the trial with an *in camera*, unsolicited, unexplained, and unannounced decision to empanel an anonymous jury. Declaration of Paul Grant, par. 5, 6, 7. No one reviewing the transcripts of pre-trial proceedings or the court's docket could glean from the record that the court had determined to, or had empaneled an anonymous jury. Yet, the trial transcript reveals that the jurors' names were never mentioned in trial proceedings and that the jurors were advised at the conclusion of the trial that they would never need to reveal their names to anyone. Declaration of Paul Grant, par. 5.

The juror questionnaires administered to prospective jurors before the trial convened in open court, reveal that the prospective jurors had been told prior to the trial not to provide their names in the juror questionnaire. This is apparent as only three of the 183 prospective jurors filled in their names in the space provided. Declaration of Paul Grant, par. 4. Someone obviously instructed the prospective jurors not to write their names on the form.

2

During the first day of trial, after the anonymous jury had been empaneled, the trial court then concealed from the public and Mr. Ulbricht the fact that an anonymous jury had been empaneled. This was apparent when the trial court stated in open court that the presence of jury rights protesters and pamphleteers outside the courthouse might require the court to empanel an anonymous jury. Addressing defense counsel Joshua Dratel, the court stated: "I know, Mr. Dratel, you have objected and not wanted to have an anonymous jury. But if individuals are continuing, I don't really know if we've got much alternative." Tr. 1-13-2015 at 116.

It's not clear what the court was referring to, in mentioning defense counsel Dratel's "opposition" to an anonymous jury, for two reasons: (1) the court had just completed empaneling an anonymous jury without any objection from defense counsel, and (2) because undersigned counsel searched the public docket and the pre-trial hearing transcripts and found no indication in the record that the parties and trial court had ever addressed the possibility of empaneling an anonymous jury. Declaration of Paul Grant, par. 7. It may be that the trial court was threatening additional "anonymizing measures," measures that would have included having the jurors "brought out to a different place and brought in specially. I prefer for the defendant not to do that." Tr. 1-13-2015 at 102. "[W]e won't let it go any longer than that because it's a classic reason to allow for additional procedures." Tr. 1-13-2015 at 103.

What is clear is that neither the public nor Mr. Ulbricht had any idea that an anonymous jury had been empaneled. Mr. Ulbricht would have voiced his objection, had he been aware of the court's undisclosed action to empanel an anonymous jury, and had he been aware of the fact that he had been prejudiced by an erosion of the presumption of innocence. Declaration of Ross Ulbricht, par. 6, 7, 10, 11, 13, 14, 17.

3

"A district court may order the empaneling of an anonymous jury upon (a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected." The empaneling of an anonymous jury and its impact on the presumption of innocence must receive close judicial scrutiny and be evaluated in the light of reason, principle and common sense. *U.S. v. Thomas*, 757 F.2d 1359, 1363 (2nd Cir. 1985), *citing Estelle v. Williams*, 425 U.S. 501, 504, 96 S.Ct. 1691, 1693 (1976). Where a trial court examines the specific facts of the case, considers the arguments of counsel, determines the jury needs protection, and gives the jury an intelligent, reasonable and believable explanation for concealing the jurors' names that does not cast the defendant in an unfavorable light, *the defendant's interest in avoiding erosion of the presumption innocence may be overcome. Id.*, at 1364-1365.

If an anonymous jury is determined to be warranted, a defendant's fundamental rights must be protected "by the court's conduct of a voir dire designed to uncover bias as to issues in the cases and as to the defendant," and by "t[aking] care to give the jurors a plausible and nonprejudicial reason for not disclosing their identities or for taking other security measures." *United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 3029, 120 L.Ed.2d 900 (1992).

In this case, the court did not consider the arguments of counsel, did not on the record examine the facts of the case, did not provide a reasoned basis for empaneling an anonymous jury, and there is no record that the court ever provided to the jurors an intelligent, reasonable, and believable explanation for concealing the jurors' names. In fact, there is no record at all of

how the court made or implemented this decision. This decision appears to have been made privately, based on the trial court's own personal, undisclosed reasons.  The decision implies the trial court considered Mr. Ulbricht to pose a threat to the jurors. The jurors may well have inferred that the trial court thought they needed protection from Mr. Ulbricht or from persons associated with him, thus prejudicing Mr. Ulbricht's right to a fair trial and eroding his right to the presumption of innocence.

Mr. Ulbricht did not waive his right to the presumption of innocence; he did not waive his right to have his case presided over by a fair and impartial judge; he did not waive his right to trial by a fair and impartial jury; he did not knowingly or intelligently waive any of his fair trial or due process rights; and he did not authorize or consent to his trial counsel waiving any of those rights on his behalf.  Declaration of Ross Ulbricht, par. 2, 3, 4.

## II.    The trial court engaged in actions which would cause a reasonable person to doubt the impartiality of the court, when the court told the jury they would get all the evidence they needed to reach their verdict.  The statement also compromised the presumption of innocence.

During the in-court voir dire process, the trial court intervened on behalf of the government by advising the jurors that *"all of the evidence that you are going to need to render a verdict will be evidence received into evidence at this trial."*  Tr. 1-13-2015, Voir Dire at 17. This statement implied that the trial court had already previewed the government's evidence and determined that their evidence would be sufficient to prove the defendant guilty.  How else could the court assure the jurors they were going to receive all the evidence they needed to reach their verdicts? The only verdict that requires evidentiary support, is a verdict of guilty.

5

There is only one party with the burden of proof at trial, and that is the government. When the trial court told the jury they would receive all the evidence they needed, the trial court vouched for the strength and sufficiency of the government's evidence. The court certainly wasn't talking about the evidence that Mr. Ulbricht might produce, because he had no obligation to produce any evidence or prove his innocence. A jury doesn't need any evidence to render a verdict of acquittal.

A common trial strategy for the defense in many cases is to put on no evidence and argue at the close of evidence that the government's evidence was insufficient to prove beyond a reasonable doubt that the defendant committed the crime(s) charged. The court's assurances to the jury of the strength of the evidence, before any evidence was even introduced, deprived Mr. Ulbricht of that argument and of the presumption of innocence and of his right to a fair trial.

When addressing the jury, as in all aspects of trial administration, the trial court must avoid any appearance of partiality, to avoid running afoul of the maxim that "prosecution and judgment are two quite separate functions in the administration of justice; they must not merge." *United States v. Norris*, 873 F.2d 1519, 1527 (D.C.Cir. 1989) (*quoting United States v. Marzano*, 149 F.2d 923, 926 (2d Cr. 1945). Each judicial intervention raises the possibility that the jury will perceive the court as favoring one party over the other. *See Starr v. United States*, 153 U.S. 614, 626 (1894) ("It is obvious that under any system of jury trials the influence of the trial judge on the jury is necessarily and properly of great weight, and that his lightest word or intimation is received with deference, and may prove controlling.")

The trial court presented the appearance of judicial bias when its words implied that the court was vouching for the sufficiency of the government's evidence at the very beginning of the

trial, when instructing the jury about their role in the case and in advising them of what was to come, thus causing serious prejudice to Mr. Ulbricht's right to a fair trial.

The trial court didn't leave much room for doubt that it meant the jury really would receive all the evidence needed to convict, when on Day 2 of the trial, the court intervened in a manner that showed the intent of the court to help the government strengthen its presentation of evidence.

The court advised the prosecuting attorney that its first witness had described the Tor browser in a way that was just "mumbo jumbo to most people on the jury right now. . . [I]n terms of clarity, I do think clarity of the evidence is important here. The jury I do think needs to understand things. I wanted to give you a sense that there still is room for clarity." Tr. 1-14-2015 at 127. The government responded by telling the court that it was trying to explain the use of the Tor browser to the jury, and by informing the court what it was trying to communicate: "I think the point is, it hides an IP address and, therefore, allows people to anonymize their identities and locations. That's really all we're trying to get across." Tr. 1-14-2015 at 127.

The court then stated that it was not telling the government how to put on its evidence, it was just trying to help the government keep in mind that in trying to make something seem simple, they might make be making it sound more complex. Tr. 1-14-2015 at 127-128.

The government accepted the court's advice, and began the second day of testimony by having their witness re-explain what the Tor network was, how it worked, and what it allowed for, complete with a demonstration. Tr. 1-14-2015 at 135-139. This second-day testimony was much more clear and effective than the testimony presented through the same witness before the trial court intervened and advised the prosecutor about the weakness and lack of clarity of his

presentation.

That kind of judicial intervention presents a strong appearance of partiality. That judicial intervention had a clearly perceptible effect on the quality and clarity of the government's presentation of evidence, from that point forward in the trial. The court's intervention did help the government present its case.

The trial court conducted Mr. Ulbricht's trial in a manner evidencing pre-judgment of Mr. Ulbricht (the jury needed protection from him) and in a manner evidencing pre-judgment of the evidence, telling the jury that the [government's] evidence presented would support their verdict. The trial court successfully persuaded the prosecutor as to the need to present his evidence more clearly, pointing out specific weaknesses in the government's first attempt to explain the Tor browser to the jury. The court's advice and observations resulted in the prosecutor presenting further testimony to more clearly explain the Tor browser. The trial court's actions and statements in the course of the trial presented the appearance of partiality and bias and actually appear to have helped the government in presenting its case.

Defense counsel did not object to these court interventions and statements but Mr. Ulbricht did not waive his right to object. Declaration of Ross Ulbricht, par. 11, 14, 15, 17. Nor did Mr. Ulbricht authorize defense counsel to waive his right to object to the court's intervention and statements which appeared designed to help and support the government. Declaration of Ross Ulbricht, par. 19.

### III.    The Trial Court Displayed Bias Against Mr. Ulbricht At Sentencing

The trial court displayed an animus against and fear of Mr. Ulbricht's philosophical views at sentencing, causing any reasonable observer to wonder whether the sentence imposed was a

sentence designed to punish him for his views and to suppress his political views, views which the trial court found to be "deeply troubling and terribly misguided and also very dangerous." Before pronouncing Mr. Ulbricht's sentence, the court again mentioned his philosophy: *". . . the reasons that you started Silk Road were philosophical and I don't know that it is a philosophy left behind."*

The trial court should not have concerned itself about Mr. Ulbricht's philosophy in determining his sentence. His freedom of expression (and belief) *"*is . . . protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest.*" Terminiello v. City of Chicago*, 337 U.S. 1, 4-5 (1949). The right to free speech embraces the liberty to discuss matters of public concern without . . . fear of subsequent punishment. *Thornhill v. Alabama*, 310 U.S. 88, 101-102 (1940).

The court's expressed concern about Mr. Ulbricht's "deeply troubling and terribly misguided and also very dangerous" political views, combined with the imposition of the harshest penalty the law allowed, gives the appearance that the sentence may well have been imposed to punish Mr. Ulbricht for his dangerous views and to prevent his views from being expressed or followed. The court's focus on Mr. Ulbricht's views provides the appearance, if not the proof, that the court was biased against Mr. Ulbricht because she found his views so troubling and dangerous.

A reasonable person can't read the sentencing transcript without questioning whether the trial court may have sentenced Mr. Ulbricht based on her disagreement with and fear of his views. The law forbids sentencing based on consideration of a defendant's political or

philosophical views: Sentencing based on "race, sex, national origin, creed, and socioeconomic status of offenders" is prohibited. See 28 U.S.C. § 994(d); U.S.S.G. § 5H1.10.

The trial court's expressed concerns about Mr. Ulbricht's philosophy provide the appearance that the trial court based his sentence on impermissible considerations, and provides the appearance of bias, irrespective of whether there was actual bias, and when under such circumstances the case is remanded for re-sentencing, . . . "[T]he better course is to remand to a different judge for re-sentencing as a matter of course, irrespective of whether there was actual bias . . ." *See United States v. Kaba,* 480 F.3d 152, 157 (2nd Cir. 2007).

The better course in this proceeding, will be for the trial court to recuse itself. The appearance of bias at sentencing would cause a reasonable person to question the impartiality of the court, and requires that the trial court recuse itself from further proceedings in this case.

**No Waiver of Right to Seek Recusal**

Mr. Ulbricht has never knowingly and intentionally waived his right to have his case presided over by a fair and impartial judge, nor has he waived his right to ask for recusal of the trial court based on actual or apparent bias. Declaration of Ross Ulbricht, par. 8, 12. Nor has he authorized his trial or appellate counsel to waive any of those rights, including the right to seek recusal where the trial court's actions and statements reveal actual bias or provide the appearance of bias. Declaration of Ross Ulbricht, par. 19, 20.

Mr. Ulbricht has never before had the opportunity to ask for the court's recusal in this case. He wasn't aware of his rights to request recusal at trial or sentencing, or of his rights to object to the court's actions described above.

Waiver is the intentional relinquishment of a known right. *United States v. Quinones,*

10

511 F.3d 289, 321 n.21 (2d Cir. 2007). Mr. Ulbricht did not knowingly and intentionally waive

any of his fair trial or due process rights, nor did he authorize his trial or appellate counsel to

waive any of his rights.  Declaration of Ross Ulbricht, par. 18, 19, 20. Mr. Ulbricht was not

aware that the trial court secretly empaneled an anonymous jury or how that would prejudice his

jury or what his rights were to object.  He was not aware of the implications of the trial court

vouching for the strength of the government's evidence.  He was not aware he had a right to

object to the trial court helping the prosecutor present his evidence. He was not aware he had the

right to move for recusal of the court at sentencing, for the trial court's prior actions and

statements exhibiting bias or the appearance of bias.

## CONCLUSION

The trial court's actions and words as described above, provide at least the appearance of

partiality and bias, and would cause a reasonable person to question the court's partiality.  Mr.

Ulbricht, in the interest of justice and on the basis of the facts and arguments submitted, hereby

moves the Court for an Order recusing the court in this matter, and for such other relief as is just

and proper.  The motion for recusal is based upon this Memorandum of Law in Support of

Motion for Recusal, and upon the Declaration of Paul Grant and the Declaration of Ross

Ulbricht, each of which is submitted with this motion.

Dated: 2/5/2018                                        Respectfully submitted,

                                                       /s/ Paul Grant
                                                       Paul Grant
                                                       Counsel for Ross Ulbricht
                                                       P.O. Box 2720
                                                       Parker CO 80134
                                                       Telephone: 303-909-6133
                                                       Email: paul_pglaw@yahoo.com

Case 18-691 Document 29-2 06/19/2018 2328483 Page 84 of 105
Case 1:14-cr-00068-KBF Document 301 Filed 02/05/18 Page 1 of 1
Case 1:14-cr-00068-KBF Document 301 Filed 02/05/18 Page 1 of 12
A83

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA,              14 Cr. 68 (KBF)

            Plaintiff,              MEMORANDUM OF LAW
                                          IN SUPPORT OF MOTION
                                          FOR RECUSAL

        -v-

ROSS WILLIAM ULBRICHT,

            Defendant.

-----------------------------------------------------X

*[handwritten: Ordered*
*This is frivolous and full of many misstatements of the record. It is DENIED without need for any further briefing.*
*[CoS.7ou]*
*GSDJ*
*2/5/18]*

     On February 4, 2015, Defendant Ross Ulbricht was convicted by his jury of various

offenses and he was subsequently sentenced by the court to life imprisonment. Mr. Ulbricht has

appealed his convictions and sentence to the Second Circuit Court of Appeals, and his appeal has

been denied. On December 22, 2017, Mr. Ulbricht submitted his petition for writ of certiorari to

the Supreme Court, and his petition is currently pending.

     There have been no proceedings in this court since Mr. Ulbricht was sentenced on May

29, 2015. Mr. Ulbricht now intends to pursue his right to file a Rule 33 Motion for New Trial

Based on Newly Discovered Evidence, a motion which is due on or before February 5, 2018.

     Mr. Ulbricht is entitled to have his Rule 33 Motion and all other proceedings in this case

presided over by a fair and impartial judge. A judge "shall disqualify [herself] in a proceeding in

which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must

recuse herself in a proceeding in which the judge has a personal bias or prejudice concerning a

**PAUL GRANT**
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
paul_pglaw@yahoo.com
303-909-6133

February 20, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:     *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
        Petition for Rehearing Re Denial of Request for Extension of Time
        to Submit Rule 33 Motion

Dear Judge Forrest:

        I write on behalf of Defendant Ross Ulbricht to submit this petition for rehearing, asking that the court vacate its February 5, 2018 order (Doc. 309) denying the request for extension of time. I have contacted the government about this request and AUSA Eun Young Choi advises that the government will take no position regarding this petition insofar as Mr. Ulbricht is requesting the court reconsider its denial of the request for extension of time. The government did not oppose the original request for an extension of time. The government is not endorsing Mr. Ulbricht's arguments.

        Mr. Ulbricht believes that the court has misapprehended, overlooked, or misapplied the following facts and pertinent law:

1.      The court is mistaken in not noting that the evidence Mr. Ulbricht brought to the court's attention is, in fact, new evidence that was neither disclosed nor known to exist at the time of trial. The court stated that the evidence to which Mr. Ulbricht now points (that the FBI was monitoring the defendant's online movements) was known at trial.

        What was known at the time of trial was that the FBI (claimed to have) monitored Mr. Ulbricht's online activities through the use of pen registers and trap and trace devices to collect pen register and trap and trace data ("PRTT data"), and that the FBI (claimed to have) conducted its activities pursuant to three pen/trap orders authorized by magistrates in the Southern District of New York. Doc. 307 at 2. What was known at the time of trial was that the government had stated that there was no undisclosed PRTT data that would be material to the preparation of the defense. Doc. 307 at 3.

1

What was not known prior to trial, and what the government then vehemently denied, was that the government was using unauthorized surveillance tools to track Mr. Ulbricht's physical movements and location within his residence. Unauthorized and unwarranted surveillance by the FBI has now been revealed in the book *American Kingpin*, where the author describes how the FBI used surveillance equipment located outside the house to physically track Mr. Ulbricht's movement and computer activity and to determine his precise location in his residence. Doc. 307 at 4-5. This is new evidence.

What was not known (and was denied by the government) before trial (but is known now), is that the government did have additional and material FBI-collected PRTT data, evidence that was material to the preparation of the defense because it is data the government relied on in its applications for the laptop and residence search warrants. The government apparently recently "found" some of this data and promised (on February 2, 2018) to deliver it to Mr. Ulbricht, for his review. Doc. 307 at 3. This is new evidence.

The government was required to produce the FBI-collected PRTT data prior to trial because the defense requested it. "Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense." Rule 16(a)(1)(E)(i), Fed.R.Crim.P. Prior to trial, the government denied such evidence existed. Doc. 307 at 3.

Mr. Ulbricht was entitled to rely on the government's statement that it had provided all available pen-trap data related to monitoring Ulbricht's internet activity, and that any other data it may have was not material and not subject to production. *See United States v. Lee*, 573 F.3d 155, 161 (3d Cir. 2009).

Rule 16(a)(1)(E) permits discovery related to the constitutionality of a search or seizure. *U.S. v. Hector Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016). Materiality is a "low threshold; it is satisfied so long as the information . . . would have helped" to prepare a defense. *Id., quoting United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013).

The only obstacles that will prevent Mr. Ulbricht from inspecting, copying and using material information from the newly located PRTT data (and data in the magistrate's files) to challenge the warrants, should such information be contained in the data, are the court's February 5, 2018-dated orders denying Mr. Ulbricht the opportunity and the time to examine and use the data.

2. Mr. Ulbricht advised the court in his request for extension of time that he would need time to obtain and examine pen register and trap and trace ("PRTT") data from two sources: (1) the newly located PRTT data promised by the prosecutor, and (2) material from the now-sealed magistrate files, to see if those materials would provide the basis for his Rule 33 motion, *i.e.*,

whether newly discovered evidence will show that a new trial is required. Doc. 307 at 5.

What the court did not note and apparently overlooked in its order denying the extension, is that <u>the government advised undersigned counsel, on February 2, 2018, three days before the deadline expired for filing his Rule 33 Motion</u>, that they had located additional PRTT data collected in this case, and would provide it to the defense. Doc. 307 at 2.

The government promised it was sending this new evidence to undersigned counsel, but three days later, and before the package arrived, the court denied the request for extension of time.

As a result, Mr. Ulbricht cannot use this new evidence (and data from the three sealed magistrate's files) even if the data constitutes evidence that would establish that the laptop and residence search warrants were unconstitutionally obtained.

The court's denial of the request for extension will thwart the pursuit of justice, *i.e.*, it will prevent Mr. Ulbricht from examining the data that may show the government engaged in illegal and warrantless surveillance of his activities within the privacy of his home.

3.     Mr. Ulbricht advised the court in his Request that he was seeking to examine three now-sealed magistrate's files which, by law, should contain the pen register and trap and trace data collected by the FBI, as well as *a written description of the methods and equipment used in their surveillance*. Doc. 307 at 4.

After denying Mr. Ulbricht's request for extension of time to submit his Rule 33 Motion, on February 5, 2018, the court also denied (on the same day) "as moot" (Doc. # 311) Mr. Ulbricht's request to view the new evidence contained in the three magistrate's files.

The PRTT evidence in the three magistrate's files is new evidence because the government denied its existence in 2014, or denied that it would be material to the preparation of the defense.

The FBI-collected PRTT evidence in the magistrate's files was material because ***the laptop and residence search warrants applications depended on that data***. Doc. 307 at 2. It also appears material to preparation of the defense because those records should reveal details of the FBI surveillance described in *American Kingpin*.

Tracking Mr. Ulbricht's movements and determining his location within his residence, without a search warrant, would constitute an unreasonable search of his residence. *See Kyllo v. United States*, 533 U.S. 27 (2001). The FBI surveillance described in *American Kingpin* "involved officers on a public street engaged in more than naked-eye surveillance of a home." *See Kyllo* at 33. "Where . . . the government uses a device to explore details of the home that would previously have been unknowable without physical intrusion, the surveillance is a

"search" and is presumptively unreasonable without a warrant." *Id.*, at 40.

Mr. Ulbricht should be allowed the time and opportunity to examine the data and written record now concealed in the three sealed magistrate's files, and to use that information to vindicate his Fourth Amendment rights, if that improperly withheld data and record show Fourth Amendment violations.

4.    In the court's denial of the Request for Extension, the court stated: *The transcript reveals that the very evidence to which he points (that the FBI was monitoring the defendant's online movements [sic]) was explicitly known at trial.*  Doc. 309.

The court's statement is incorrect.  What Mr. Ulbricht pointed to in his Request for Extension of Time, was the passage in *American Kingpin* which reveals, for the first time, that the FBI was tracking Mr. Ulbricht's physical movement and location in his house:

*They knew that Ross was at home because the FBI had an undercover SUV circling his block and monitoring the Wi-Fi traffic (this is pen register and trap and trace activity). The system they were using (which should be described in the magistrates' files) would check the signal strength of the Wi-Fi on his computer and then, by triangulating that data from three different points they had captured as they drove around the block, they were able to figure out Ross's exact location, which at this very moment was his bedroom, on the third floor of his Monterey Boulevard apartment.* Doc. 307 at 5.

The court's statement refers to testimony from Der-Yeghiayan (Tr. 319, *et seq*) which described him monitoring DPR's (not Mr. Ulbricht's) online activity.  Der-Yeghiayan initiated online chats with DPR because and he was able to sign on and access staff chat with DPR. When he was chatting with DPR, he could tell that DPR was online.  Tr. 314.  What Der-Yeghiayan described in his testimony was FBI efforts to correlate DPR's chat activity with Mr. Ulbricht's online activity, in an effort to establish that DPR was Ulbricht. They were hoping to initiate a chat with DPR at the same time they were watching Mr. Ulbricht *in real life - i.e.*, in a public place and active on his laptop, to establish that DPR and Ulbricht were one and the same person.

The trial testimony that the court refers to does not refer to the FBI monitoring Mr. Ulbricht's online movements [*sic*], and does not reveal that the FBI was using surveillance technology that allowed them to track Mr. Ulbricht's physical movements in his home. What Mr. Ulbricht pointed to in his request for extension of time, is what Bilton described in *American Kingpin*, which is the [warrantless and unlawful] tracking of Ulbricht's physical movements and determination of his location within his home.  That is the newly discovered evidence which needs to be developed and if the FBI conducted such surveillance, and if they complied with the requirements for filing records as specified in 18 U.S.C. § 3123, then evidence describing such surveillance will be found in the sealed magistrate's files.

5.    Mr. Ulbricht asked for his extension of time in the interest of justice and for good cause shown.  Doc. 307 at 5.  There is no indication in the court's denial that the court considered the

interest of justice.  Rule 33 is premised on the interest of justice: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33, Fed.R.Crim.P.

According to the government, at least some of the PRTT data that was requested but not produced prior to trial, has recently been located and will now be provided to Mr. Ulbricht.  That data may provide Mr. Ulbricht with the basis for challenging the constitutionality of the laptop and residence search warrants.  But for this court's denial of the Request for Extension of Time and the nearly simultaneous denial of his Request to examine the three magistrate's files, Mr. Ulbricht would now have access to improperly withheld, FBI-collected data and descriptions of methods that might allow him to show that the laptop and residence search warrants were obtained in violation of his Fourth Amendment rights.

If Mr. Ulbricht's rights against unreasonable search and seizure were violated, then evidence seized as a result of invalid search warrants should have been suppressed.  Had the evidence resulting from the search of the defendant's laptop and residence not been used against him, he may well not have been convicted at trial, on some or all of the counts of the indictment. Justice requires that Mr. Ulbricht be allowed to determine whether the data just located by the prosecutor and the data and record hidden in the magistrate's files would have changed the outcome of his case.

5.     Mr. Ulbricht has been hindered and interfered with since the first week of June, 2017, in researching and preparing his Rule 33 Motion, by his trial counsel's refusal to turn over the complete client file.  Request at 1.  Mr. Ulbricht still does not have his complete file, and is not sure he has all discovery provided to the defense.  He asked this court for assistance, requesting an order addressed to trial counsel, Joshua L. Dratel, to turn over the complete client file to current counsel.  Doc. 307 at 5-6.  The court did not respond to that request.

The court's order denying the extension of time says prior counsel's refusal to turn over the client file doesn't matter, because prior counsel knew what was in the file. Doc. 309.  That statement from the court assumes that trial counsel had examined and comprehended everything in the file, that he had kept track of what was in the file, that trial counsel was actively pursuing the best interests of his client, and that it was okay that Mr. Ulbricht has not been able to persuade Mr. Dratel to transfer Mr. Ulbricht's complete file to current counsel, though he has been trying to get the complete file since the first week of June, 2017.  Those assumptions are either unreasonable or they are contradicted by known facts, for the following reasons, which Mr. Ulbricht asks the court to consider:

a.   Discovery provided by the government in this case amounted to some 6 terabytes of information.  It would take one technically proficient and extremely dedicated human being years to go through all of that data, depending on the format of the data and the hours available each day, each week, etc.  Human memory being what it is, after years of review anyone would have forgotten most of what they had reviewed.  The discovery contains data in several different

formats, many of which are unfamiliar or impenetrable to most lawyers.  Some of the unfamiliar-to-most lawyer file formats are *.pcap* (packet capture files that can be read in Wireshark), some require ftk imager, some require MySQL.  Even if one could examine the data, it would not be easy for most lawyers to comprehend and relate the data to issues in the case.  There is no reason to believe that Mr. Dratel (trial counsel) is an expert in these areas or that he hired an expert to spend thousands of hours to review the data, some of which Mr. Dratel apparently lost.  Declaration of Paul Grant in Support of Petition for Rehearing Re Request for Extension of Time to Submit Rule 33 Motion for New Trial ("Declaration"), at par. 3 - 4.

b.  Trial counsel apparently lost track of some of the discovery provided to him by the government.  For example, trial counsel claimed to have provided to undersigned counsel all of the discovery he received in this case, but trial counsel did not provide to undersigned counsel any of the *.pcap* files that resulted from packet capture data acquisition.  Undersigned counsel did eventually, and purely by happenstance, obtain the *.pcap* files that had been produced in discovery, not from trial counsel, but from the United States Attorney in September 2017, when they shipped a hard drive to undersigned counsel. The 4,499 *.pcap* files contained in a folder on that drive did contain PRTT data, but not the PRTT data that the government allegedly had relied upon in the laptop and residence search warrant affidavits. Declaration at par. 4 - 6.

After obtaining expert assistance and discovering what was missing from those files, on October 10, 2017, undersigned counsel requested the United States Attorneys Office provide the missing PRTT data.  On February 2, 2018, the AUSA confirmed that they had located additional PRTT data and would be sending it to undersigned counsel.  Declaration at par. 6.

There is no indication that trial counsel ever looked at the content of any packet capture files, or that he even kept a copy of the discovery folder containing these files.  Declaration at par. 7.

c.  Discovery data was provided in numerous formats so it is impossible to describe "how much" data was included in that 6 terabytes. It is estimated that 1 terabyte of text is equivalent to about 38,000 copies of Webster's Unabridged Dictionary.  Needless to say, it is not reasonable to assume that anyone could know what was contained in 6 terabytes of data.

d.  Trial counsel abandoned his duties to Mr. Ulbricht at least eight months ago, and perhaps much earlier. On May 31, 2017, trial counsel Joshua L. Dratel wrote to Mr. Ulbricht's parents notifying them that the Second Circuit had that day affirmed Mr. Ulbricht's conviction and sentence. In that email message, Mr. Dratel, still counsel of record for Mr. Ulbricht in the Second Circuit, informed Mr. Ulbricht's parents that he would not prepare Mr. Ulbricht's petition for rehearing, which was due in 14 days.  Declaration at par. 8.  Mr. Dratel reminded Mr. Ulbricht's parents that he had previously warned them that *he would no longer represent their son because they had stopped paying Mr. Dratel's bills*.  Declaration at par. 8.

As of May 31, 2017, Mr. Dratel had neither sought nor received permission from this

6

court or from the Second Circuit Court of Appeals to withdraw from Mr. Ulbricht's case. Declaration at par. 9.

On June 6, 2016, Mr. Dratel notified Mr. Ulbricht's parents in writing that *he would not gather together Mr. Ulbricht's file and ship it to undersigned counsel, unless they first paid Mr. Dratel a suitable retainer* to cover Mr. Dratel's time and expenses. Declaration at par. 10.

Prior counsel was officially terminated in writing by Mr. Ulbricht the first week of June 2017 and counsel's failure to turn over the complete client file to undersigned counsel since that time (more than eight months) has prevented Mr. Ulbricht from effectively pursuing his Rule 33 motion (and from fully investigating claims under 28 U.S.C. § 2255), as mentioned in his Request. Doc. 307 at 2.

Prior counsel abandoned Mr. Ulbricht, on May 31, 2017, or before. Any thought about what prior counsel may have known cannot justify denying Mr. Ulbricht's timely Request for Extension of Time.

## CONCLUSION

Justice requires that prior counsel, Joshua L. Dratel, be ordered to gather together and deliver the complete client file to undersigned counsel, that Mr. Ulbricht be allowed the time to receive and examine the newly located PRTT data promised by the government, that the contents of the three magistrate's files be made available to Mr. Ulbricht for his examination and use, and that the requested extension of time be granted for Mr. Ulbricht to file his Rule 33 Motion.

The government should not be allowed to profit from its discovery violations and possible unlawful surveillance, and Mr. Ulbricht should not be forced to serve a sentence to life imprisonment, because the court denies Mr. Ulbricht the time needed to examine the relevant and important newly located and newly discovered evidence which he and the government both believe is now available.

The good cause shown by Mr. Ulbricht in his request for extension of time consists of his diligent efforts to pursue new and important evidence (in the face of discovery violations by the government and obstruction and abandonment by his trial counsel); his discovery of important new evidence in *American Kingpin* and in the hands of the United States Attorney (who searched for and recently found FBI-collected PRTT evidence at the defendant's request); and in his discovery of new evidence in the magistrate's files (despite the government's pre-trial denial that there was any undisclosed, material PRTT data). These magistrate's files should contain FBI-collected PRTT data (relied on to get the laptop and residence search warrants) and a description of the configuration of equipment and the surveillance methods used, including the invasive methods (described in *American Kingpin*) used to monitor and track Mr. Ulbricht's movement and computer activity and his location within his home.

The extension of time requested would not result in prejudice to any legitimate interest. There is no legitimate interest in the finality of a judgment that may result from discovery violations by the government and from hidden Fourth Amendment violations.  The interests of justice cannot be served by preserving an unjust conviction obtained through discovery violations and through what may prove to be illegal searches and seizures.

Granting the requested extension now will serve the interests of justice and the public appearance of justice by showing the public and Mr. Ulbricht that the court agrees that he should be allowed the opportunity to examine material evidence that should have been disclosed by the prosecutor prior to his trial. Denying the extension of time disserves the interests of justice.

For all the reasons stated above, the request for extension of time should be granted.  Mr. Ulbricht therefore respectfully requests the court consider the arguments and facts provided herein and in his Request for Extension, grant this petition, vacate the order denying the request for extension, and provide him with a 90 day extension of time, from the date of the court's new order, in which to submit his Rule 33 Motion.

Respectfully submitted,

/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht

cc: Eun Young Choi (by ECF)
    Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X

UNITED STATES OF AMERICA,                              14 Cr. 68 (KBF)

                                  Plaintiff,           DECLARATION OF PAUL
                                                       GRANT IN SUPPORT OF
                                                       PETITION FOR REHEARING RE
                                                       REQUEST FOR EXTENSION OF
                                                       TIME TO SUBMIT RULE 33
                                                       MOTION FOR NEW TRIAL

                         -v-

ROSS WILLIAM ULBRICHT,

                                  Defendant.
---------------------------------------------------X

I, Paul Grant, pursuant to 28 U.S.C. § 1746, hereby affirm under penalty of perjury:

I am an attorney licensed in the State of Colorado and admitted *pro hac vice* in this case for

purposes of my representation of Ross Ulbricht in this matter. I state the following to be true:

1.      I represent Mr. Ulbricht on post-conviction matters in this case, and on related matters

before the Second Circuit.

2.      I have received some discovery in this case from prior counsel, Joshua L. Dratel, and

some additional discovery from the United States Attorney.

3.      The discovery provided to me by Mr. Dratel amounted to some 6 terabytes of digitally

stored material.

4.      I have spent hundreds of hours reviewing the discovery but have barely scratched the

surface of the material contained therein.  I am not an expert in many of the formats in which the

discovery is stored, including *.pcap* (packet capture files that can be read in Wireshark), ftk

imager, and MySQL.  I require expert assistance to review and understand the data.

5.      I found no *.pcap* - formatted files in any of the discovery provided to me by prior
counsel.

6.      I have found 4,499 *.pcap* - formatted files in some discovery inadvertently provided to
me by the United States Attorney.  Those files apparently do include PRTT data, but not the FBI-
collected PRTT data described in the laptop and residence search warrant applications.  Upon
learning that, on October 10, 2017, I requested the United States Attorney provide me with the
missing data.  On February 2, 2018, the AUSA confirmed to me in writing that they had found
and would be sending me some recently located PRTT data files.

7.      I have reviewed all of the client file materials provided to me by prior counsel to the best
of my ability, and have seen no evidence that prior counsel ever looked at or even retained any of
the *.pcap* data files provided in discovery.

8.      Mr. Dratel sent Mr. Ulbricht's parents an email dated May 31, 2017, advising them that
the Second Circuit had on that day denied Mr. Ulbricht's appeal, affirming his conviction and
sentence.  Mr. Dratel informed the parents that he would not be preparing Mr. Ulbricht's petition
for rehearing, which was due in 14 days.  Mr. Dratel stated as his reason the fact that the parents
had stopped paying his bills and he reminded them that he had previously warned them that he
would not represent Mr. Ulbricht after the Second Circuit ruled on the appeal.

9.      As of  May 31, 2017, Mr. Dratel was still counsel of record for Mr. Ulbricht in the
Second Circuit and he had not filed a motion to withdraw in either the Second Circuit or in the
Southern District of New York.

10.      On June 6, 2017, Mr. Dratel sent an email to Mr. Ulbricht's parents, advising them that
he had received my request for the client file.  Mr. Dratel said his firm "cannot" undertake the
task of locating and assembling and preparing and sending the file materials to me, without being

paid up front for their time.  Mr. Dratel required a "suitable retainer" <u>from Mr. Ulbricht's parents</u>
before he would undertake this task.  Mr. Dratel has provided some file materials to undersigned
counsel since that date.

11.     As of today's date, February 19, 2018, Mr. Dratel continues to refuse to provide
additional file materials to undersigned counsel, or even to search for relevant email messages,
without some payment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my
knowledge and belief.

Executed this 19th day of February, 2018.

<u>/s/ Paul Grant</u>
Paul Grant

Case 1:18-cr-00068-KBF   Document 29-2   06/19/2018   2328492   Page 96 of 105
**A94**
Case 1:14-cr-00068-KBF   Document 316   Filed 02/20/18   Page 1 of 8

**PAUL GRANT**
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
paul_pglaw@yahoo.com
303-909-6133

February 20, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:   *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
      Petition for Rehearing Re Denial of Request for Extension of Time
      to Submit Rule 33 Motion

Dear Judge Forrest:

I write on behalf of Defendant Ross Ulbricht to submit this petition for rehearing, asking that the court vacate its February 5, 2018 order (Doc. 309) denying the request for extension of time. I have contacted the government about this request and AUSA Eun Young Choi advises that the government will take no position regarding this petition insofar as Mr. Ulbricht is requesting the court reconsider its denial of the request for extension of time. The government did not oppose the original request for an extension of time. The government is not endorsing Mr. Ulbricht's arguments.

Mr. Ulbricht believes that the court has misapprehended, overlooked, or misapplied the following facts and pertinent law:

1.      The court is mistaken in not noting that the evidence Mr. Ulbricht brought to the court's attention is, in fact, new evidence that was neither disclosed nor known to exist at the time of trial. The court stated that the evidence to which Mr. Ulbricht now points (that the FBI was monitoring the defendant's online movements) was known at trial.

What was known at the time of trial was that the FBI (claimed to have) monitored Mr. Ulbricht's online activities through the use of pen registers and trap and trace devices to collect pen register and trap and trace data ("PRTT data"), and that the FBI (claimed to have) conducted its activities pursuant to three pen/trap orders authorized by magistrates in the Southern District of New York. Doc. 307 at 2. What was known at the time of trial was that the government had stated that there was no undisclosed PRTT data that would be material to the preparation of the defense. Doc. 307 at 3.

1

**Criminal Notice of Appeal - Form A**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **MAR 0 9 2018**

# NOTICE OF APPEAL

## United States District Court

Southern _____ District of New York

Caption:

United States of America ,v.

Ross William Ulbricht

Docket No.: 14 Cr. 68 (KBF)

Hon. Katherine B. Forrest

(District Court Judge)

Notice is hereby given that _Ross William Ulbricht_ appeals to the United States Court of

Appeals for the Second Circuit from the judgment ____, other | ✓ Order denying request for extension, Doc 309, Order Re Pet Rehearing Doc 319

(specify)

entered in this action on _Doc 309 - 2/5/2018 Doc 319 2/21/2018_ .

(date)

This appeal concerns: Conviction only | ___ Sentence only | ___ | Conviction & Sentence | ___ Other | ✓

Defendant found guilty by plea | | trial | | N/A | ✓ .

Offense occurred after November 1, 1987? Yes | ✓ | No | N/A [

Date of sentence: _____ N/A | ✓ |

Bail/Jail Disposition: Committed | ✓ Not committed | N/A |

Appellant is represented by counsel? Yes ✓ | No | If yes, provide the following information:

| | |
|---|---|
| Defendant's Counsel: | Paul Grant |
| Counsel's Address: | Law Office of Paul Grant 19501 E. Mainstreet, # 200 |
| | Parker, CO 80138 |
| Counsel's Phone: | 303-909-6133 |
| Assistant U.S. Attorney: | Eun Young Choi |
| AUSA's Address: | United States Attorney's Office  Southern District of New York |
| | One St. Andrew's Plaza   New York NY 10007 |
| AUSA's Phone: | 212-637-2187 |

Signature

Case 18-691, Document 29-2, 06/19/2018, 2328483, Page98 of 105

FedEx carbon-neutral
envelope shipping

Express

PARKER, CO 80138
UNITED STATES US

ATTN: CASHIERS
UNITED STATES DISTRICT COURT
500 PEARL ST

NEW YORK NY 10087



FedEx
Express

E

FedEx
TRK# 7899 1681 4760
0201

WED - 07 MAR 10:30A
PRIORITY OVERNIGHT

E3 PCTA

10007
NY-US
EWR

USM
SDNY

RECEIVED
2018 MAR -9 PM 2:39
CLERK'S OFFICE
S.D.N.Y.

Track your package or shipment with FedEx Tracking          https://www.fedex.com/apps/fedextrack/?tracknumbers=789916814760

Case 18-691 Document 39-3 06/19/2018 2389460 Page 99 of 105
Case 14-cb00d063KBrien Document 5231 Filed 03/09/18 Page 33 of 3
A97

**Ex.**

Sign In

PARKER, CO US                     **Delivered**                     NEW YORK CITY, NY US
                              Signed for by: G.GELANDI

## Travel History

| Date/Time | Activity | Location |
|---|---|---|
| **3/09/2018 - Friday** | | |
| 12:20 pm | Delivered | New York, NY |
| 8:18 am | On FedEx vehicle for delivery | NEW YORK, NY |
| 7:40 am | At local FedEx facility | NEW YORK, NY |
| **3/08/2018 - Thursday** | | |
| 10:12 pm | At local FedEx facility | NEW YORK, NY |
| 12:57 pm | Delivery exception | NEW YORK, NY |
| | Customer not available or business closed | |
| 8:50 am | On FedEx vehicle for delivery | NEW YORK, NY |
| 8:47 am | At local FedEx facility | NEW YORK, NY |
| **3/07/2018 - Wednesday** | | |
| 8:53 pm | At local FedEx facility | NEW YORK, NY |
| 1:45 pm | Delivery exception | NEW YORK, NY |
| | Customer not available or business closed | |
| 1:25 pm | On FedEx vehicle for delivery | NEW YORK, NY |
| 12:23 pm | Delivery exception | NEW YORK, NY |
| | Package at station, arrived after courier dispatch | |
| 12:23 pm | At local FedEx facility | NEW YORK, NY |
| 10:11 am | In transit | NEW YORK, NY |
| 10:11 am | Address corrected | |
| 9:09 am | At local FedEx facility | NEW YORK, NY |
| 6:55 am | Arrived at FedEx location | NEWARK, NJ |
| 3:55 am | Departed FedEx location | MEMPHIS, TN |
| 12:43 am | Arrived at FedEx location | MEMPHIS, TN |
| **3/06/2018 - Tuesday** | | |
| 7:26 pm | Left FedEx origin facility | LITTLETON, CO |
| 5:41 pm | Picked up | LITTLETON, CO |
| 3:15 pm | Shipment information sent to FedEx | |
| 2:15 pm | Picked up | DENVER, CO |
| | Tendered at FedEx Office | |

## Shipment Facts

| | | | | |
|---|---|---|---|---|
| **Tracking Number** | 789916814760 | **Service** | FedEx Priority Overnight |
| **Weight** | 0.5 lbs / 0.23 kgs | **Delivered To** | Receptionist/Front Desk |
| **Total pieces** | 1 | **Total shipment weight** | 0.5 lbs / 0.23 kgs |
| **Terms** | Third Party | **Packaging** | FedEx Envelope |
| **Special handling section** | Deliver Weekday | **Standard transit** | 3/07/2018 by 10:30 am |

Ask FedEx ×

**OUR COMPANY**

About FedEx

Our Portfolio

Investor Relations

**MORE FROM FEDEX**

FedEx Blog

Corporate Responsibility

Newsroom

FedEx Compatible

Developer Resource Center

FedEx Cross Border

**LANGUAGE**

Change Country

1    to use Internet and that we would be able to initiate a chat

2    with them.

3    Q.   Initiate a chat with who?

4    A.   With the defendant.

5    Q.   OK.  In terms of -- let's see.  So the plan was to observe

6    Mr. Ulbricht --

7             MR. DRATEL:  Objection, your Honor.

8    Q.   I just want to be clear.  When you are talking about

9    initiating a chat, who were you in a position to initiate a

10   chat with?

11   A.   I was going to utilize my access to the staff chat with DPR

12   to start a chat with DPR once -- if we could get Ross Ulbricht

13   into an area where he would be in a public setting.

14   Q.   I just want to distinguish throughout this discussion the

15   DPR you are seeing with any surveillance, physical surveillance

16   of the defendant.  Can you agree to do that?

17   A.   Yes.

18   Q.   OK.  So what was the point of the plan?  What was the

19   purpose of planning the arrest that way?

20   A.   The purpose of that was to -- if indeed Ross Ulbricht was

21   Dread Pirate Roberts, if I was to initiate a chat with him

22   while I was in a public setting, that we would try to get his

23   computer in a nonencrypted -- in an open state where we could

24   then observe the same chat on his computer that I would be

25   having with Dread Pirate Roberts.

1   Q.  When you say "unencrypted," get the laptop in an

2   unencrypted state, what do you mean?

3   A.  What I mean by that is if it's protected by a password, get

4   in a place where he has already logged in with that password so

5   that the computer is open then.

6   Q.  When you say "open," what do you mean?

7   A.  Open and all of the files are available that are on the

8   computer.

9   Q.  What could cause a computer to lock up?

10  A.  Just by shutting it down, just by closing -- if it is a

11  laptop, by closing the lid, by -- you could set up other type

12  of triggers that could cause it to then turn on the password.

13  So there could be hot keys you could set up that could turn it

14  on, or you could actually just click shut down on it as well.

15  Q.  So where was the defendant living at this time?

16  A.  In San Francisco, California.

17  Q.  Where did the defendant's arrest take place?

18  A.  In San Francisco, California, at the Glen Park library.

19  Q.  Glen Park is a suburb or a part of San Francisco?

20  A.  I believe so.  I'm not sure, though.

21          MR. DRATEL:  Objection.

22          MR. TURNER:  Withdrawn.

23  Q.  On what date, again, did the arrest take place?

24  A.  The arrest took place on October 1, 2013.

25  Q.  And approximately what time of day did the arrest occur?

1   A.  It occurred around like 3 p.m., 3:15-ish.

2   Q.  When did you arrive in San Francisco for the arrest?

3   A.  I arrived September 30, 2013.

4   Q.  The day before?

5   A.  The day before.

6   Q.  And in October 1st, 2013, where did you go to meet the

7   arrest team?

8   A.  That day, around -- probably around noontime Pacific Time I

9   met up with the rest of the arrest team a few blocks away from

10  Mr. Ulbricht's home.

11  Q.  Why were you told to -- where did you meet specifically?

12  A.  It was the Bello -- it was right outside the Bello Cafe.

13  It was an Internet cafe that was there.

14  Q.  Why were you told to go there?

15  A.  That's where the team was assembling.

16  Q.  Do you know why they were assembled there?

17  A.  It was far away enough from the home where we were not --

18  if we were going to be seen in a group together, that might be

19  unusual or to try to -- it might gain his attention.  And,

20  also, that area was somewhere where he was observed the day

21  beforehand in a public Internet cafe on his computer.

22  Q.  And how many members of the arrest team were there,

23  approximately, do you know, roughly?

24  A.  There might have been five or six at the time.

25  Q.  Were the people in plainclothes or official law enforcement

 1  gear, or what?

 2  A.  They were -- everyone was in street clothes that day.

 3  Q.  Did you see everybody there with you, or were they spread

 4  out in the area?

 5  A.  I didn't know everyone that was there that day.  They were

 6  spread out in different locations.  There was people in

 7  different cafes up and down the area.

 8  Q.  Was the plan definitely to arrest him that day, or was

 9  there flexibility built into the plan?

10  A.  There was flexibility.  I mean, there was --

11  Q.  What was the contingent on in terms of the decision to

12  arrest him that day?

13  A.  Based upon the previous day and seeing him in the cafe, we

14  decided that it would be better to try to see if -- return to

15  that same cafe and use his computer as well so I could initiate

16  the chat on that day.  If he hadn't gone anywhere that day,

17  then we would wait until the next day or even the day later.

18  Q.  What ability did you have to monitor whether the Dread

19  Pirate Roberts was online at the time you were in this area

20  setting up the arrest?

21  A.  I had my laptop computer on me the entire day.  Pretty much

22  had it on almost 24 hours at that point, and I was connected to

23  the Internet using a mobile hot spot that was with me.  So I

24  had my laptop with me and my Internet connection that I could

25  take with me anywhere.

F1edulb6                  Der-Yeghiayan-Direct

1    Q.  And so how were you monitoring him, DPR?

2    A.  Through the staff chat primarily because -- and the forum

3    as well.  The forum would show when he was online, and the

4    staff chat would tell me, too, if he was online.

5    Q.  Can you take a look at Government Exhibit 128A?

6    A.  OK.

7    Q.  Do you recognize this document?

8    A.  I do.

9    Q.  What is it?

10   A.  It is an overview of the area where the arrest took place

11   around the Glen Park library.

12   Q.  And based on your experience there, can you say whether the

13   map fairly and accurately depicts the area surrounding the

14   place of arrest?

15   A.  Yes, it does.

16          MR. TURNER:  The government offers Exhibit 128A into

17   evidence.

18          MR. DRATEL:  No objection, your Honor.

19          THE COURT:  Received.

20          (Government's Exhibit 128A received in evidence)

21   Q.  Could you point with your laser pointer?  Do you still have

22   it up there?

23   A.  Yes.

24   Q.  Where did you go to initially set up for the arrest?

25   A.  OK.  So this is the Cafe Bello, and we were standing

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

1   primarily most of the time around that corner right there.

2   Q.   Which corner?

3   A.   I'm sorry.  Right on the edge, right there in front of Cafe

4   Bello, which is right next to the Glen Park library.

5   Q.   When you say "we," who were you with?

6   A.   I was with a computer specialist from FBI Tom Kiernan as

7   well as Special Agent Chris Tarbell of the FBI.

8   Q.   And Kiernan, K-i-e-r-n-a-n, is that how you spell that?

9   A.   I believe so.

10  Q.   So approximately when did you arrive in that area?

11  A.   Around like later in the afternoon, so like around 12:40,

12  1 o'clock p.m.

13  Q.   What happened next?  What happened after you arrived?

14  A.   After I arrived, I was instructed to go to the cafe where I

15  was the previous day and to wait there to see if he would show

16  up during the day.

17  Q.   And did he?

18  A.   No, he did not.

19  Q.   And were you monitoring DPR's online activity during this

20  time?

21  A.   Yes, I was.

22  Q.   What was the status of that?

23  A.   He was online at the time.  DPR was online on the staff

24  chat, and he remained online through the time that I was in

25  that cafe.