# 18-691-CR

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
--------------------------------------------------X

UNITED STATES OF AMERICA,                    Docket No. 18-691

               Appellee,

        -v-

Ross William Ulbricht, aka Dread Pirate Roberts, aka Silk Road,
      aka Sealed Defendant 1, aka DPR,

          Defendant-Appellant.

_____

*On Appeal from the United States District Court*
*for the Southern District of New York (New York City)*

## REPLY BRIEF OF DEFENDANT-APPELLANT

Paul Grant
Counsel for Mr. Ulbricht
Law Office of Paul Grant
P.O. Box 2720
Parker, CO 80134
303-909-6133

# TABLE OF CONTENTS

**Page No.**

**TABLE OF AUTHORITIES**                                    **i**

**INTRODUCTION**                                            **1**

**ARGUMENT**                                                **7**

**I.**   **The Pen/Trap evidence that Ulbricht sought time and**
         **opportunity to examine would be newly discovered**
         **evidence because it was not provided to Ulbricht prior to**
         **trial, although requested from the government**            **7**

**II.**  **Ulbricht showed good cause when he asked for an extension**
         **of time to file his Rule 33 Motion, providing several grounds**
         **for the extension and showing his diligent efforts to pursue**
         **grounds for a new trial**                                   **11**

**CONCLUSION**                                              **20**

**CERTIFICATE OF COMPLIANCE**                               **21**

# TABLE OF AUTHORITIES

 **Page**

**Federal Cases**

*Brady v. Maryland*, 373 U.S. 83 (1963)                    20

*Davidson v. Keenan*, 740 F.2d 129 (2d Cir. 1984)          16

*Koon v. United States*, 518 U.S. 81 (1996)                16

*Sims v. Blot*, 534 F.3d 117 (2d Cir. 2008)                16

*United States v. Ferguson*, 246 F.3d 129 (2d. Cir. 2001)  17

*United States v. Lee*, 573 F.3d 155 (3d Cir. 2009)         9

**State Cases**

*Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn*,

    91 N.Y.2d 30 (1997)                  12

**Statutes**

18 U.S.C. § 3123                                         8, 15

**Rules**

Rule 16 (a)(1)(E), Fed.R.Crim.P.                            9

Rule 33(a), Fed.R.Crim.P.                                  19

**Other Authority**

Canon 3(B)(5), Code of Conduct for United States Judges                12

Opinion 1142, New York State Bar Association Committee on

    Professional Ethics (2018)                12

Rule 1.15 (c)(4), New York Rules of Professional Conduct (2017)        12

SDNY Local Civil Rule 1.5                12

SDNY Local Criminal Rule 1.1(b)                12

## INTRODUCTION

Mr. Ulbricht argued in his principal brief that the district court abused its discretion when denying his timely and unopposed request for an extension of time to submit his Rule 33 Motion for New Trial Based on Newly Discovered Evidence.

Ulbricht showed in his principal brief that the district court denied his request for extension of time in a matter of minutes after the motion was filed, and that the district court also denied, at the same time and with the same haste, his simultaneously filed Motion requesting Partial Unsealing of Magistrate Files. Br. 2, re A53-60.[1] Mr. Ulbricht's contemporaneously filed Motion for Recusal was also hastily denied, on that same day, by the district court. Br. 4, re A69-81; A82.

The district court also denied (on that same day) Ulbricht's request for an order authorizing him to examine the contents of three sealed magistrate's files, files which by statute requirement should contain the pen register and trap and trace data the FBI claimed (in two search warrant applications) to have lawfully collected while monitoring Ulbricht's laptop computer activity. A60. The district court said the request for access to those files was then moot because the court had [just] denied the request for extension of time, time that was needed, in part, to

---

[1] "A" refers to the Appendix filed with the Appellant's Brief. "Br." refers to Appellant's Brief. "G.Br." refers to the Appellee's (*i.e.*, the government's responsive) brief.

1

examine the contents of those sealed files.  A60.

In its handwritten denial of the Request for Extension of Time, the court offered several partial justifications, including statements to the effect that a Rule 33 Motion is not meant to be used as a fishing expedition, that it did not matter that post-conviction counsel who was researching grounds for the Rule 33 Motion had for the previous eight months been unable to obtain Ulbricht's complete client file from trial counsel, and that the possible new evidence that Mr. Ulbricht wanted time to investigate was already known to Ulbricht at the time of trial,  A52.

Ulbricht showed in his brief that those proffered justifications failed to address the serious reasons why the extension of time was needed by Ulbricht in order to exercise his due process right to research and then submit his Rule 33 Motion.  Ulbricht has also shown that the district court's denial was based on misunderstandings of the arguments in his motion and of relevant facts, on disregard for Ulbricht's rights to representation by loyal and informed counsel, and on a disregard for the interests of justice.

Ulbricht has shown that the district court's denial overlooked the fact that the government had recently discovered, and promised (on February 2, 2018, three days before the Rule 33 Motion filing deadline, and three days before the Request for Extension of Time was filed) to provide to post-conviction counsel for

2

Ulbricht. This was newly located Pen/Trap data that had not been produced prior to trial. Br. 10; A42.

The denial of the requested extension of time, coupled with the district court's lack of response to Ulbricht's request for court assistance in getting his complete file from trial counsel, combined with the denial of access to the sealed magistrate's files, prevented Ulbricht from exercising his due process right to research and submit his Rule 33 Motion. Ulbricht's diligent pursuit of evidence to support his Rule 33 Motion was not a fishing expedition, but a serious effort to exercise his right to challenge his conviction and life sentence. Ulbricht's efforts to exercise his Rule 33 rights to pursue relief from his conviction and life sentence have been impeded by trial counsel and by the district court.

The government responded to Ulbricht's arguments in its brief ("G.Br.") by arguing that the district court has broad discretion to deny a Rule 33 motion, and that Ulbricht failed to establish that the evidence he sought was newly discovered evidence that was material to his defense. The government also proposed a more demanding standard, stating that "Ulbricht cannot establish the 'most extraordinary circumstances' to warrant an extension of time to file a Rule 33 Motion." G.Br. 18.

The government now argues that Ulbricht's argument that trial counsel had

3

failed and refused to provide the complete file to post-conviction counsel (one basis for the requested extension of time), and his request for the district court's assistance in getting that file so he could research the bases for a possible Rule 33 Motion, constitute an untimely claim of ineffective assistance of counsel, and should not be raised on appeal.  G.Br. 15.  Ulbricht is not now arguing ineffective assistance of counsel, so the government's argument *makes no sense*.

The government now argues that the appropriate time for Ulbricht to complain about his inability to get his file from trial counsel, would be in a proceeding pursuant to 28 U.S.C. § 2255.  G.Br. 15.  Of course, Ulbricht would then be unable to show any prejudice from his failure to get his file.  The government's argument would, if accepted, enable trial counsel to interfere both with Ulbricht's Rule 33 rights and with his right, pursuant to 28 U.S.C. § 2255, to challenge the effectiveness of prior counsel during trial and on direct appeal.

Mr. Ulbricht requested the partial unsealing of three magistrate files because those three files should contain pen register and trap and trace ("PRTT")  data collected by the FBI pursuant to three separate pen-trap orders.  A53-56.  That FBI pen-trap data - if it existed - was never disclosed to the defense, despite the defense request for all pen-trap data, and despite the government's statement that it had produced all *available* relevant and material pen register [*sic*] data.  A54. The

4

government responded to the defense discovery request:

*"The Government has provided all available pen register data used to detect Ulbricht's email and Internet activity in September 2013, as well as pen register data received from Icelandic law enforcement authorities concerning the SR Server and the server described in the Tarbell Declaration as Server-1. To the extent any other pen register information was obtained in the course of the investigation, the Government objects to this request on the ground that such information is not material to the defense or otherwise required to be produced under Rule 16."* A54; A65 (re 9/23/2014 letter from AUSA Serrin Turner to Joshua Dratel).

Pen/Trap data supposedly collected in September 2013 by the FBI, pursuant to the three FBI pen-trap orders, was relied upon by the government in its applications for search warrants for Ulbricht's laptop and residence. A42-43; A55. That data has never been disclosed.  The searches of Mr. Ulbricht's laptop and of his residence pursuant to those warrants yielded substantial evidence that was vital to identifying Mr. Ulbricht as the supposed creator of the Silk Road, and to the government's case against him at trial.  Without that evidence, the government's case would have collapsed.

Ulbricht showed the district court that the data supposedly obtained pursuant

5

to the three FBI pen-trap orders, as well as descriptions of the methods used to obtain that data, should be contained in the three sealed magistrate files, because that is required by statute where the government (here, the FBI) relies on its own methods and hardware (not on the efforts of a third party) to conduct pen-trap data collection.  A43-44; A56.

Mr. Ulbricht submitted his Motion for Recusal on the afternoon of February 5, 2018.  A69-81.  That, too, was denied in a handwritten order dated that same day, February 5, 2018.  A82.

On Feb 20, 2018, Mr. Ulbricht submitted his petition for rehearing regarding the court's denial of his request for an extension of time.  A83-93. The court denied that petition on February 21, 2018, without comment.  A94.

In his brief, Mr. Ulbricht pointed out other relief he had requested from the district court in his motion for extension of time, including his request that the district court order trial counsel (Mr. Dratel) to collect and transfer the complete client file to post-conviction (*i.e.*, undersigned) counsel, at no cost to Mr. Ulbricht, who is indigent, and that Mr. Ulbricht be allowed the extension of time so that he could obtain and review client file materials before the Rule 33 motion filing deadline expired.  Br. 10.

The government's arguments do not address Mr. Ulbricht's argument that he

was, in effect, denied the time allowed to him to file his Rule 33 motion, by his trial counsel's refusal to turn over the complete client file. That refusal deprived Mr. Ulbricht of the opportunity to fully research the grounds for filing his Rule 33 motion.

## ARGUMENT

**I.**     **The Pen/Trap evidence that Ulbricht sought time and opportunity to examine would be newly discovered evidence because it was not provided to Ulbricht prior to trial, although requested from the government.**

Ulbricht explained in his request for extension of time that the extra time he requested was needed to examine the contents (Pen/Trap data and description of collection methods used) of three sealed magistrate's files, files which, according to statutory requirements, should contain "a record which will identify (i) any officer or officers who installed the device and any officer or officers who accessed the device to obtain information from the network; (ii) the date and time the device was installed, the date and time the device was uninstalled, and the date, time, and duration of each time the device is accessed to obtain information; (iii) the configuration of the device at the time of its installation and any subsequent modification thereof; *and (iv) any information which has been collected by the*

7

*device*." (emphasis added).  18 U.S.C. § 3123.  *See* A56.

In response to Ulbricht's pre-trial request for discovery of all Pen/Trap data, the government stated: **"***The Government has provided all available pen register data used to detect Ulbricht's email and Internet activity in September 2013,[2] as well as pen register data received from Icelandic law enforcement authorities concerning the SR Server and the server described in the Tarbell Declaration as Server-1. To the extent any other pen register information was obtained in the course of the investigation, the Government objects to this request on the ground that such information is not material to the defense or otherwise required to be produced under Rule 16.* See Doc 70-4 at p. 5, 9/23/2014 letter from AUSA Serrin Turner to Joshua Dratel." A54.

It is not clear whether this ambiguously-worded statement was intended to mislead, or whether it was intended to convey that the government had, or had not, ever disclosed any Pen/Trap data.  The only Pen/Trap data that was disclosed to Ulbricht before trial was data collected by Comcast pursuant to the 9/17/2013 Pen/Trap Order obtained in Case No. 13 MAG 2236.  A54.  Ulbricht has never received any of the Pen/Trap data supposedly collected by the FBI pursuant to the

---

[2] This is the period when the FBI claimed to have collected Pen/Trap data (pursuant to lawful pen-trap orders) that established probable cause to support issuance of search warrants for Ulbricht's laptop and residence.

three Pen/Trap orders contained in the three sealed magistrate files that Ulbricht has requested permission to examine. A54.

The government search warrant applications relied upon Pen/Trap data supposedly collected (but never disclosed). A55. That supposedly collected data was used to establish "probable cause to believe that Ulbricht uses the SUBJECT COMPUTER and that he specifically uses it in connection with his operation of Silk Road." A55.

Ulbricht was entitled to receive the data before trial. As he argued in his request for extension of time:

> Under Federal Rule of Criminal Procedure 16(a)(1)(E), the government is required to produce documents or data "if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense." A57. Rule 16(a)(1)(E) permits discovery related to the constitutionality of a search or seizure. *U.S. v. Hector Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016). A57. Materiality is a " low threshold; it is satisfied so long as the information . . . would have helped" to prepare a defense. *Id., quoting United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). A 57.

Ulbricht was entitled to rely on the government's statement that it had provided all relevant and material data. *See United States v. Lee*, 573 F.3d 155, 161 (3d Cir. 2009). A57-58.

Contrary to the government's implied argument (G.Br. 14), Ulbricht has shown that - despite obstruction by trial counsel - he has exercised due diligence in

9

his efforts to discover the Pen/Trap data.  Yes, Ulbricht was aware of all five Pen/trap orders prior to trial, but the government never disclosed any of the relevant and material data - even though the government ambiguously denied that it had withheld any material and relevant data.  The government's own apparent discovery violations prevented Ulbricht from obtaining the data.

And yes, the trial court denied Ulbricht's motion to suppress the pen/trap data, but Ulbricht was never able to describe which data should be suppressed and why, because he never saw any of the relevant and material data.  Ulbricht could not, for instance, have argued that the FBI affiant lied in the search warrant applications about what data the FBI had collected, because Ulbricht never saw the data.  Ulbricht could not describe constitutional violations in the methods employed by the FBI to monitor his computer activity and track his movement within his residence and elsewhere while collecting any data, because the government did not disclose those methods.  Those methods were hidden from the defense and have not been challenged in litigation, but should be described in detail in reports contained in the three sealed magistrate's files to which the district court has denied access.

The government is now apparently arguing (G.Br. 14), that Ulbricht cannot present as newly discovered evidence, evidence that the government improperly

hid from Ulbricht before trial, evidence that the government had told him did not exist or had been produced. Apparently improper government action made that evidence *unavailable* before trial, and the government denied its existence, and now the government argues that unwritten Rule 33 limitations protect their discovery violations because Ulbricht *knew* of the undisclosed and hidden evidence before trial. The government does not cite any case law that supports their argument under such a fact scenario.

II. **Ulbricht showed good cause when he asked for an extension of time to file his Rule 33 Motion, providing several grounds for the extension and showing his diligent efforts to pursue grounds for a new trial**.

a. Ulbricht needed his complete client file from trial counsel to properly research what efforts prior counsel had made to discover relevant and material evidence prior to trial, but trial counsel had been uncooperative despite 8 months of efforts from post-conviction counsel. A41-42. Post-conviction counsel asked the district court to order trial counsel to provide Ulbricht with his complete client file. A45-46. The district court ignored that request.

Ulbricht was requesting appropriate relief, which the district court had the power and the obligation to provide. Canon 3 of the Code of Conduct for United

11

States Judges provides: "A judge should take appropriate action upon learning of reliable evidence indicating the likelihood that . . . a lawyer violated applicable rules of professional conduct."  Canon 3(B)(5), Code of Conduct for United States Judges.

Attorneys practicing in the SDNY are required to comply with the New York State Rules of Professional Conduct.  See SDNY Local Civil Rule 1.5, which is also applicable in all criminal proceedings (per SDNY Local Criminal Rule 1.1(b).

"A lawyer shall: promptly . . .  deliver to the client or third person as requested by the client or third person . . . properties in the possession of the lawyer that the client or third person is entitled to receive."  Rule 1.15 (c)(4), New York Rules of Professional Conduct (2017).  With limited exceptions, a client is entitled to his or her client file.  Opinion 1142, New York State Bar Association Committee on Professional Ethics (2018).  The former client is entitled to receive both end product documents and work product materials.  *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn*, 91 N.Y.2d 30, 37 (1997), *cited* in Opinion 1142, *supra*.

Ulbricht has shown that he was entitled to, but unable to obtain his complete file from trial counsel, thus unable to throughly research his Rule 33 Motion.  Br.

12

6-7; A41-46.  The district court abused its discretion by not addressing this

problem by (1) ordering trial counsel to provide post-conviction counsel with the

client file, and by (2) denying Ulbricht's post-conviction counsel the extension of

time needed to receive and use his file in researching his Rule 33 Motion.

b.     Ulbricht needed time to examine the *newly located* Pen/Trap evidence

that the government had promised (on 2/2/2018, 3 days before the Rule 33

Motion was due) to send to him.  A42-43.

c.     Ulbricht needed a court order (requested simultaneously with the

extension of time) to unseal, and then time to examine, three sealed

magistrate files that should contain all the Pen/Trap data supposedly

collected by the FBI in their efforts to track Ulbricht's internet activity.

A44.

d.     The Pen/Trap data Ulbricht now seeks is material and relevant because

the government relied on the Pen/Trap data allegedly collected by the FBI to

establish probable cause in the laptop and residence search warrant

applications.  A42; A44; A55-57.  Without the evidence seized from

Ulbricht's laptop and Ulbricht's residence pursuant to those warrants, the

government's case against Ulbricht would have collapsed for lack of

evidence, likely resulting in dismissal or in a judgment of acquittal on all

charges.

e.      The Pen/Trap evidence Ulbricht sought to review - from three sealed magistrate files and the new Pen/Trap evidence just "found" and just promised by the government - would be newly discovered evidence because all material and relevant Pen/Trap data was requested before trial and none of the FBI-collected Pen/Trap evidence had ever been disclosed, despite the government's statement that it had disclosed all *available* material and relevant Pen/Trap evidence.

f.      Ulbricht made every reasonable effort to get the Pen/Trap evidence from the government prior to trial, and he was entitled at that very busy time to rely upon the government's statement that it had provided all material and relevant Pen/Trap evidence.

g.      The government's current argument that the evidence Ulbricht now seeks to obtain, examine, and use in his Rule 33 Motion is not newly discovered, is an argument that the government should be allowed to get away with (1) not disclosing material and relevant evidence prior to trial which would, if it existed, quite likely have resulted in suppression of evidence seized pursuant to what may be fraudulently obtained search warrants for the laptop and residence, leading to dismissal or to a verdict of

14

acquittal, and with (2) deceiving Ulbricht and the district court when stating that it had provided all material and relevant Pen/Trap evidence prior to trial. The government did not provide any relevant Pen/Trap evidence.

3.     **If the Pen/Trap evidence Ulbricht now seeks to discover is not contained in the three sealed magistrate files, then the government has violated the requirements of the Pen/Trap statute and any data collected <u>was not collected pursuant to lawful authority</u>.  *See* 18 U.S.C. § 3123.**

If the Pen/Trap evidence Ulbricht now seeks to discover is not contained in the sealed magistrate's files or in the newly located Pen/Trap evidence the government recently (February 2, 2018) promised to send to Ulbricht, then the government lied in the search warrant applications, because then the FBI's secret and undisclosed Pen/Trap data collection efforts would not have been pursuant to lawful orders.

Where, as here, only the court could provide Ulbricht with access to important evidence (the sealed magistrate files) which may lead to overturning his convictions, the court abused its discretion by denying that access. The court's only offered justification for denying access to the sealed files, was that the request was now moot because the court had just denied Mr. Ulbricht's request for an extension of time in which to examine the newly discovered evidence and submit

15

his Rule 33 Motion. The interests of justice should not be so casually denied.

The timing of the court's actions - first denying the requested extension of time, then, on the same day, denying the request for access to the sealed magistrate files, provides the appearance that the court did not want Mr. Ulbricht to learn what is in the sealed magistrate files.

Rulings on requests for extension of time are reviewed for abuse of discretion. *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984).

A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008). A district court abuses its discretion when it makes its ruling relying on an error of law. *Koon v. United States*, 518 U.S. 81, 100 (1996).

The government argues for a different standard, stating that "Ulbricht cannot establish the 'most extraordinary circumstances' to warrant an extension of time to file a Rule 33 Motion." (G.Br. 18). The government cites *United States v. Ferguson*, 246 F.3d 129, 133 (2d. Cir. 2001), for support. That's an extraordinary argument because *Ferguson* actually dealt with a different subject - review for abuse of discretion the district court's grant of a new trial pursuant to a post-trial

16

Rule 33 motion (not based on newly discovered evidence). *See United States v.*
*Ferguson*, 246 F.3d 129 (2d. Cir. 2001).

The district court was wrong to dismiss -  as "a fishing expedition" -  the
request for an extension of time to allow access to the three sealed magistrate files,
where the request sought time that was needed to obtain relevant and material
evidence which a statute required to be maintained and which the government had
been obligated to produce before trial.

Mr. Ulbricht's request for court assistance in obtaining the client file from
prior counsel, was also not a fishing expedition.  That was a request to ensure that
post-trial counsel would have the complete client file available to him in
investigating the possibility of valid post-trial claims for relief.  The request for
court assistance in getting the client file from prior counsel was evidence of the
good faith and diligent efforts of post-conviction counsel to research the bases for a
Rule 33 motion, and evidence of good cause shown for the requested extension.

The district court stated that it was unimportant that post-conviction counsel
had been unable to obtain the client file from prior [trial] counsel, because prior
counsel knew what was in the file and [apparently] would have known if it
contained newly discovered evidence.  A52.  That statement displayed a shocking
disregard for Mr. Ulbricht's right to have conflict-free counsel, counsel of his

17

choice, representing him in post-conviction matters, and a misunderstanding as to how newly discovered evidence can be researched and where it might be discovered.  It wasn't likely to be found in trial counsel's file, but evidence of his efforts to find new evidence  - or of his lack of efforts - should be in that file.

The district court's disregard for and denial of the importance of Mr. Ulbricht's access to his own client file in order to research a possible Rule 33 Motion, its rejection of his request to have access to relevant and material evidence from the sealed magistrate files, its rejection of his request to have time to investigate new evidence about previously unknown FBI surveillance of the interior of his residence, and its rejection of his request for the opportunity to review newly located evidence just found and promised for delivery by the government, are all actions which display a disregard for Mr. Ulbricht's due process right to pursue justice and Rule 33 relief,  and "cannot be located within the range of permissible decisions."

Since the district court's denial of his Request for Extension of Time and of his Petition for Rehearing had the effect of denying Ulbricht the opportunity to present his Rule 33 Motion, the Court's decision should have been based in part on consideration of the purposes of Rule 33 and on the fact that denying the extension of time would, and did, have the effect of denying Mr. Ulbricht's pursuit of justice

18

- *i.e.*, showing that he was entitled to relief from his conviction and life sentence. Rule 33 requires consideration of the interest of justice: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33(a), Fed.R.Crim.P.   The district court abused its discretion by not considering these purposes.

     The district court's abrupt and hasty denial of the timely and unopposed request for extension of time, its disregard of the defendant's request for assistance in obtaining his client file, its categorization of legitimate and well-founded requests for access to court files as a fishing expedition, its apparent use of the denial of the request for extension of time to justify denying access to what appears to be important and material evidence which should have been disclosed prior to trial, and its statements that suggest Mr. Ulbricht is not entitled to have conflict-free counsel assist him in post-conviction matters, all raise concerns about the appearance of bias or prejudice.   These circumstances make necessary reassignment to a different judge.

     The government did not oppose Ulbricht's requested extension of time to file the Rule 33 Motion because they could not, in good faith, have done so.   As shown in the Request for Extension of Time, three days before the Rule 33 Motion was due and the request for extension of time was filed, the government notified

19

Ulbricht's post-conviction counsel that they had located additional Pen-Trap

evidence, and they promised to provide that data to defense counsel. A 42-43.

The district court's abrupt and unfair denial of the request for extension of

time prevented Ulbricht from examining and using the government's newly located

Pen/Trap evidence before the time for filing the Rule 33 Motion expired.  Mr.

Ulbricht is disappointed to see that the government now argues that the district

court's denial was not an abuse of discretion.

"Society wins not only when the guilty are convicted but when criminal

trials are fair; our system of the administration of justice suffers when any accused

is treated unfairly."  *Brady v. Maryland*, 373 U.S. 83, 88.

## CONCLUSION

For the reasons stated above, and in the interests of justice, the district

court's denial of the petition for rehearing and of the request for extension of time

should both be vacated.  The district court should be ordered to grant the requested

extension of time to submit the Rule 33 Motion.

The district court should be ordered to make available to the defendant the

contents of the three sealed magistrate files.  The district court should also be

directed to order that trial counsel promptly provide Mr. Ulbricht with his complete

client file, at no charge to Mr. Ulbricht, who is indigent, per what Ulbricht asked

the court to order in his request for extension of time. Mr. Ulbricht does not believe that oral argument is necessary.

Dated October 12, 2018
Parker, Colorado

Respectfully submitted,

 /s/ Paul Grant
Paul Grant
Law Office of Paul Grant
P.O. Box 2720
Parker, Colorado 80134
303-909-6133
*Counsel for Defendant-Appellant Ross Ulbricht*

## CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)

1.     This brief complies with the word limitations of Fed.R.App.P. 32(a)(7)(B), since it contains 4537 words, as determined by the software.

2.     This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5)(A) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Corel WordPerfect in Times New Roman, 14 point font.

Respectfully submitted,

 /s/ Paul Grant
Paul Grant