# 18-691-CR

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
Docket No. 18-691

-------------------------------------------------X

UNITED STATES OF AMERICA,

                Appellee,            PETITION OF ROSS
                                           ULBRICHT
                                           FOR PANEL REHEARING
                                         OR REHEARING *EN BANC*

                - v -

ROSS WILLIAM ULBRICHT, AKA DREAD PIRATE ROBERTS,
AKA SILK ROAD, AKA SEALED DEFENDANT 1, AKA DPR,

           Defendant-Appellant.

-------------------------------------------------X

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Paul Grant
Law Office of Paul Grant
19501 E. Mainstreet, #200
Parker CO 80134
303-909-6133
 Counsel for Mr. Ulbricht

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................... 1

ARGUMENT .................................................................................. 2

I.     The district court abused its discretion by not granting
an extension of time to allow the defendant the opportunity
to retrieve his complete client file from trial counsel, and
to use that file in exercising his rights under Rule 33.  The
panel did not address this important issue. ................................. 2

II.    The panel decision conflicts with decisions of this court and
of the Supreme Court ................................................................. 7

a.    The panel decision conflicts with the decision of this court
in the case of *U.S. v. Parse*, 789 F.3d 83 (2nd Cir. 2015) ........... 7

b.    The panel decision conflicts with the teaching of the
Supreme Court in *U.S. v. Johnson*, 327 U.S. 106 (1946) ........... 9

c.    The panel decision conflicts with *Brady v. Maryland*,
373 U.S. 83 (1963) ................................................................... 10

III.    The panel decision reveals that the panel misapprehended or
overlooked several important points ........................................ 11

CONCLUSION ............................................................................ 15

# TABLE OF AUTHORITIES

*Cases:*

*Brady v. Maryland*, 373 U.S. 83 (1963) — 1, 10

*Kyllo v. United States*, 533 U.S. 27 (2001) — 11, 14

*Manning v. Foster*, 224 F.3d 1129 (9th Cir. 2000) — 5

*Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn*,
91 N.Y.2d 30 (1997) — 7

*U.S. v. Johnson*, 327 U.S. 106 (1946) — 1, 9

*U.S. v Munoz,* 605 F.3d 359 (6th Cir. 2010) — 5

*United States v. Owen*, 500 F.3d 83 (2d. Cir. 2007) — 4

*U.S. v. Parse*, 789 F.3d 83 (2nd Cir. 2015) — 1, 8, 9


*Statutes, Rules & Other Authorities:*

18 U.S.C. § 3123 — 14

Rule 33(a), Fed.R.Crim.P. — 8

Rule 45(b), Fed.R.Crim.P. — 15

Canon 3(B)(5), Code of Conduct for United States Judges — 7

Rule 1.15(c)(4), New York Rules of Professional Conduct (2017) — 7

## Preliminary Statement

Mr. Ulbricht respectfully submits his PETITION FOR PANEL

REHEARING OR FOR REHEARING *en banc*, pursuant to F.R.A.P. 35 and 40.

Mr. Ulbricht presents three points for consideration:

I. The court should rehear this matter *en banc* because it involves a question of

exceptional importance that the panel did not address, namely, whether trial

counsel's refusal to provide the defendant with his complete client file (1)

interfered with the defendant's exercise of his right to pursue Rule 33 relief; and

(2) established good cause for the defendant to obtain an extension of time as

needed to obtain his complete file, and to then research investigative leads which

may be in his file, in the search for new evidence that could require a new trial.

II.     The panel decision conflicts with the decision of this court in *U.S. v. Parse*,

789 F.3d 83, 109 (2nd Cir. 2015), where the court reversed a trial court's denial of

a new trial motion on the basis that the defendant learned after trial, that a juror had

lied in her answers during *voir dire* in order to be chosen to serve on the jury.

The panel decision conflicts with the teaching of the Supreme Court in *U.S.

v. Johnson*, 327 U.S. 106 (1946).  The panel decision conflicts with *Brady v.

Maryland*, 373 U.S. 83 (1963), where the Court held that new facts (exculpatory

evidence that was withheld by the government before trial) learned after trial about

1

evidence known to exist before trial, required the grant of a new trial.

III.    The panel should rehear this matter because the panel decision reveals that the panel misapprehended or overlooked several important points, including (a) that Ulbricht argued that he needed his client file from trial counsel in order to effectively research his Rule 33 claim, not because he thought that file would contain newly discovered evidence; and (b) that Ulbricht could not obtain prior to trial the pen/trap data he now seeks because the government refused to produce it, despite his request; and (c) Ulbricht did not have reason to think that the government had used illegal electronic surveillance of his home in their pen/trap data collection, until the publication of *American Kingpin* in 2017; and (d) that the government notified Ulbricht three days before the Rule 33 filing deadline, that they had just located pen/trap data not previously disclosed, and would send that to Ulbricht's counsel.

## ARGUMENT

**I.    The district court abused its discretion by not granting an extension of time to allow the defendant the opportunity to retrieve his complete client file from trial counsel, and to use that file in exercising his rights under Rule 33.  The panel did not address this important issue.**

2

The district court denied Ulbricht's request for extension of time in part because "[a]s to an inability to obtain the file, that does not suggest any basis for a new trial or indeed, whatever is in the file was necessarily known to prior counsel." Doc. 309; A52.[1]  The panel echoed those thoughts: "We also agree that nothing in Ulbricht's prior counsel's files could possibly be 'newly discovered' evidence. The district court . . . did not abuse its discretion in finding that Ulbricht had not shown good cause for an extension on this ground."  Op at 5.

The district court and the panel both failed to address Ulbricht's contention, that trial counsel's failure to turn over the complete client file (despite eight months of efforts to obtain that file) "prevented Mr. Ulbricht from effectively pursuing his Rule 33 motion, as mentioned in his Request." A48; A89; Br at 19. This is an important issue which needs to be addressed.

The trial court's denial of the extension of time and the panel decision affirming that decision, send a signal that trial counsel can refuse to deliver the defendant's file and, thus, interfere with his client's right to pursue Rule 33 relief,[2] and the trial court need not intervene, even when the court's help is timely

---

[1] "A" refers to the Appendix filed by Ulbricht. "Br" refers to the Appellant's Brief. "Op" refers to the panel decision. "Rep Br" refers to Ulbricht's reply brief.

[2] Or relief pursuant to 28 U.S.C. § 2255 or other statutes or rules, by extending the district court's logic and panel ruling to other pre- or post-conviction contexts.

3

requested. Consideration by the full court is needed to resolve this important issue and to protect the rights of defendants to pursue pre- and post-conviction relief.

The trial court and the panel overlooked that an investigation looking for new evidence, if conducted by post-conviction counsel who did not try the case, will necessarily include a review of the client file to see what investigative leads were pursued by trial counsel, and what leads were not pursued. Trial counsel should have conducted independent investigation looking for evidence that would be helpful at trial. If the file shows that important leads were neglected, the defendant might fail with his Rule 33 motion because he could not show the exercise of due diligence in discovering important new evidence not found until after the trial. *See United States v. Owen*, 500 F.3d 83, 88 (2d. Cir. 2007).

If the client file shows that investigative leads were found after trial, and if they were not yet pursued but could lead to new evidence that would support a Rule 33 motion for a new trial, then Ulbricht has a right to use that information. His need for access to his file was good cause for the requested extension of time.

Ulbricht did not know and did not state that his client file contained newly discovered evidence. He needed his complete file in order to pursue his investigation seeking new evidence. A87. As Ulbricht stated in his request, prior counsel abandoned Ulbricht on May 31, 2017 (ostensibly because Ulbricht's

parents failed to pay all of trial counsel's fees), and prior counsel was terminated in writing by Ulbricht in the first week of June 2017. A89. Prior counsel officially abandoned his representation of Ulbricht on the day the direct appeal was denied (14 days before the deadline for filing a petition for rehearing). A88. The trial court's comments suggest that Ulbricht could safely rely on the efforts of trial counsel to discover new evidence or to submit a Rule 33 motion based on any evidence that might be in the client file, despite the obvious conflict of interest that trial counsel had with Ulbricht over non-payment of the lawyer (non-payment by a third party, not by Ulbricht). Trial counsel was also conflicted because he knew - as every criminal defense attorney who loses at trial knows - that he was facing a possible claim of ineffective assistance of counsel. "That an attorney would have great incentives to prevent a client from prevailing in an ineffective assistance claim is both self-evident and well documented in the case law. . ." *U.S. v Munoz,* 605 F.3d 359, 371 (6th Cir. 2010)*, quoting Manning v. Foster*, 224 F.3d 1129, 1134-1135 (9th Cir. 2000).

The court's suggestion that Ulbricht could rely on trial counsel to have presented any new evidence - during the eight months after he abandoned his representation and was conflicted - was manifestly unreasonable and the resulting decision *cannot be located within the range of permissible decisions*.

The trial court and the panel which denied this appeal both assumed, or speculated, without any basis of knowledge, that nothing in Ulbricht's client file "could possibly be newly discovered evidence." Op at 5. That is a clearly erroneous and unfounded assessment of the facts.

There may well be investigative leads in the client file that could, if followed, lead to new evidence that, for example, a trial juror hid her bias by lying during voir dire; or, that corrupt and now-imprisoned government agents Carl Mark Force and Sean Bridges <u>were involved</u> in gathering some of the evidence used to convict Ulbricht [the trial court excluded evidence of their corruption at trial, despite their involvement in the Silk Road investigation, on the basis that none of the evidence used against Ulbricht was tainted by their involvement)]; or, that an undercover government agent with administrative access to the Silk Road authored some of the posts found on the Silk Road Forum and used against Ulbricht at trial; or, that a government agent who testified as to how the government obtained the IP address of the Silk Road server, lied under oath. These are all examples of leads to new evidence that could be found in Ulbricht's client file. Such evidence could be grounds for granting a new trial.

Every experienced defense attorney has received communications from people, sometimes including experts, who think they have evidence which could

6

help an accused. A defense attorney who ignores all such "leads" or even leads from his client, may miss important evidence.

Trial counsel betrayed his duty to Ulbricht by refusing to deliver the complete client file to Ulbricht, who needed that file. *See* Rule 1.15(c)(4), New York Rules of Professional Conduct (2017); Reply Br at 16. The client is entitled to receive both end product and work product materials. *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn*, 91 N.Y.2d 30, 37 (1997); Reply Br at 16. The trial judge should have ordered (what Ulbricht asked for in his Request for Extension of Time) that trial counsel deliver the complete file to Ulbricht. A51-52; Reply Br at 15. A judge should take appropriate action upon learning that a lawyer violated applicable rules of professional conduct. Reply Br at 15-16; Canon 3(B)(5), Code of Conduct for United States Judges.

The district court and the panel were <u>wrong to assume</u> that nothing helpful to a Rule 33 motion could possibly be found in Ulbricht's client file. Ulbricht's statement that he needed his complete client file from prior counsel in order to pursue Rule 33 relief was *good cause* shown for the requested extension of time.

## II. The panel decision conflicts with decisions of this court and of the Supreme Court

### a. The panel decision conflicts with the decision of this court in the

**case of *U.S. v. Parse*, 789 F.3d 83 (2nd Cir. 2015)**

In *Parse*, this court reversed a trial court's denial of a new trial where the defendant learned after trial that a juror had lied during *voir dire* in order to be chosen to serve on the jury. *U.S. v. Parse*, 789 F.3d 83, 118-120 (2nd Cir. 2015). The defendant "knew" of the evidence during trial, in that the defendant had heard the responses of the juror during *voir dire*; the defendant did not learn until after trial that the juror had lied in order to get selected to serve on the jury; and the court held that the district court abused its discretion in denying a new trial. *See Id.* Knowing that evidence exists does not mean that one also knows the significance of the evidence, or even that one knows what is contained - or not contained - in the evidence. The panel's logic would foreclose relief where the defendant *knows* that a witness testified, but learns only after trial that this key government witness had committed perjury. That logic cannot serve the interests of justice, which is a requirement of Rule 33. Rule 33(a), Fed.R.Crim.P.

Contrary to the panel's statement that a new trial is warranted only if the defendant can show that an acquittal would likely result if the new evidence is used at a new trial, the court in *Parse* held that newly discovered evidence that *one* trial juror had concealed her bias, was evidence sufficient to require a new trial. *Id.*, at 109. Where the evidence established that the defendant was denied his Sixth

8

Amendment right to be tried by a fair and impartial jury, the court's refusal to exercise its discretion and grant a new trial was based on errors of law and erroneous findings of fact. *See Id.*, at 119.

**b.     The panel decision conflicts with the teaching of the Supreme Court in *U.S. v. Johnson*, 327 U.S. 106 (1946)**

The panel decision says that *new information about old evidence* cannot provide the basis for a Rule 33 grant of a new trial.  Op at 4.  In *Johnson*, the court stated, in reviewing a state trial court and appellate court response to a motion for new trial, that relief should be afforded if it clearly appears to the trial judge that *because of facts unknown at the time of trial*, substantial justice was not done. *Johnson*, 327 U.S. at 112 (emphasis added).  Johnson is not a case applying federal Rule 33, but it is a case where the Court held that, when important new evidence was discovered after trial, the interests of *substantial justice* required a new trial. The Court stated that the key question to be answered in determining whether a new trial was warranted, was *whether the new evidence* (about possible perjury in a witness' trial testimony), showed that the trial testimony [old evidence] was false). *Id.*, at 111.  New evidence that shines a light on previously known [to exist] evidence, can indeed provide the basis for granting a new trial.

9

c.     **The panel decision conflicts with *Brady v. Maryland*, 373 U.S. 83 (1963)**

The panel stated that the fact that Ulbricht knew about the pen/trap data before trial, is "the end of the inquiry" - meaning he cannot claim that anything he finds in that data post-trial is newly discovered evidence that could provide the basis for a Rule 33 grant of a new trial.  Op at 4.  That conflicts with *Brady*.

In *Brady*, the Court held that when the prosecutor withholds exculpatory evidence requested by the defendant, "that casts the prosecutor in the role of an architect of a proceeding that does not comport with the standards of justice." *Brady v. Maryland*, 373 U.S. 83, 88 (1963) (where the defendant knew before trial that the prosecutor had extrajudicial statements from the defendant's companion, and requested to examine them, but was not provided with all of them).  Brady was not provided with one of the statements [which statement was, in the words of the panel, "known" earlier] that contained exculpatory information, until after trial. *Id.*, at 83.  "Suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Id.*, at 88.

If the pen/trap data and reports in the magistrate's files, or the recently pen/trap data promised by the government to the defense, contain material

10

evidence previously withheld despite Ulbricht's request, that would constitute a

denial of due process and require a new trial.  If that evidence reveals that the

government used illegal surveillance methods, that could result in the suppression

of all evidence obtained as the result of illegal searches of Ulbricht's laptop and

residence.  See below, at 14, re *Kyllo v. United States*, 533 U.S. 27 (2001).

Without that evidence, the government's case would have collapsed.

**III.    The panel decision reveals that the panel misapprehended or**

**overlooked several important points**

The panel decision rested on the unwarranted assumption that the pen/trap

data he now seeks could have been obtained by Ulbricht prior to trial, with the

exercise of due diligence (Op at 4), and overlooked the fact what the government

had objected to any further disclosure:

*"The Government has provided all available pen register  data used to detect Ulbricht's email and Internet activity in September 2013 . . .  To the extent any other pen register information was obtained in the course of the investigation, the Government objects to this request on the ground that such information is not material to the defense or otherwise required to be produced under Rule 16."* (9/23/2014 letter from AUSA Serrin Turner to Joshua Dratel) A54; A65; Br at 3.

From September 2014 through the end of  trial (jury verdict February 4,

2015), Ulbricht had no inkling of what was to be revealed later (summer of 2017)

in *American Kingpin*.  Ulbricht could not have provided to the trial court

arguments in support of a motion to compel discovery, alleging that evidence of

11

illegal surveillance methods should be revealed in the sealed magistrate's files, since he didn't hear about the nature of that surveillance until two years after the trial. Ulbricht did all that he could have been expected to do, to gain access to the FBI-collected pen/trap, pen register data before trial.

If the panel's denial of Ulbricht's appeal stands, then that decision will stand as a lesson that the government can get away with discovery violations so long as the defendant doesn't learn about those violations until after his trial.

Ulbricht showed good cause for the requested extension of time in that -

(a) he had recently been notified by the government - three days before his Rule 33 motion was due - that the government had newly located "pen/trap" data that they had not produced in discovery prior to or during trial, and that they would send that data to Ulbricht's counsel. Br at 6, 20; A85, referencing A42.

(b) the author of a 2017-published book, *American Kingpin*, related that he learned from certain law enforcement agents (who had been involved in electronic surveillance of Ulbricht in his residence and in pen/trap data collection targeting his laptop computer), that they had been using [what were probably illegal] surveillance methods that allowed them to penetrate the walls of Ulbricht's residence and monitor Ulbricht's location, movement, and activities within his residence. A41-45; Br at 10.

12

(c) Ulbricht had reason to believe that evidence of the government's possibly illegal surveillance methods would be contained in three sealed magistrate's files. Br at 16.  A43-44; A56; Br at 3-4.

(d) *American Kingpin* had provided Ulbricht with reason to believe that the government may have falsely denied prior to trial that it had any undisclosed pen/trap data that was material to the defense. A41-45; Br at 10.

(e) the refusal of Ulbricht's trial counsel to provide Ulbricht with his complete client file had prevented post-conviction counsel from determining what leads trial counsel had investigated and what he had not, and interfered with Ulbricht's efforts to investigate the possibility of newly discovered evidence, thus depriving him of the opportunity to exercise his rights under Rule 33.  A41-42; A45; A98; Br at 17-18.

As shown above, the trial court and the panel both mistakenly concluded that the data and reports that should be found in the sealed magistrate's files, <u>could not</u> constitute newly discovered evidence (and overlooked that the data and descriptions of FBI surveillance methods and hardware that *should be found in those files*,[3] could lead to newly discovered evidence).

---

[3] Where law enforcement uses its own devices for certain pen register and trap and trace data collection pursuant to court order, they are required to maintain a record of the data collected and description of hardware and methods, and to provide that record under seal to the magistrate who issued the order.  See A50; A55-56; 18 U.S.C. § 3123.

13

*American Kingpin* provided information which requires further investigation because the author claims that he relied on information he obtained from agents he names, agents known to have been involved in the FBI's pen/trap data collection, and he describes the actions of those agents in conducting electronic surveillance that penetrated the walls of Ulbricht's residence, and monitored his location, movement, and activity.

Tracking Mr. Ulbricht's movements and determining his location within his residence, without a warrant, would constitute an unlawful and unreasonable search of his residence. A85; *See Kyllo v. United States*, 533 U.S. 27 (2001). "Where . . . the government uses a device to explore details of the home that would previously have been unknowable without physical intrusion, the surveillance is a "search" and is presumptively unreasonable without a warrant." *Id.*, at 40; A86.

Had Ulbricht known of this illegal intrusion at the time of his trial, he would have moved to suppress the illegally obtained pen/trap evidence (and the fruits of that evidence), including the pen/trap evidence the government relied upon in the search warrant application which resulted in search warrants being issued for the seizure and search of Ulbricht's laptop and of his residence. Deprived of the evidence resulting from the searches of the laptop and residence, the government's case against Ulbricht would have been substantially weakened, probably resulting

14

in a different result, possibly in the dismissal of some or all of the charges.

The trial court's decision relied on clearly erroneous assessments of fact, on errors of law, and showed a disregard of the defendant's right to obtain his client file and use it in his Rule 33 effort. The panel overlooked or agreed with the misunderstandings and errors of the trial court.

## CONCLUSION

Rule 45(b), Federal Rules of Criminal Procedure, provides the court with discretion to grant an extension of time for good cause shown. Ulbricht made that showing. The Petition should be granted, the panel decision should be vacated, and the trial court's decision reversed.

Dated: Denver, Colorado
February 7, 2019

Respectfully submitted,

  /s/ Paul Grant
Paul Grant
Counsel for Mr. Ulbricht

## CERTIFICATE OF COMPLIANCE

Undersigned counsel hereby certifies that this petition complies with the page limits set out in Rules 35(b)(2) and 40(b) of the Federal Rules of Appellate Procedure.

  /s/ Paul Grant
Paul Grant

**OPINION**

18-691
*United States v. Ulbricht*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand nineteen.

Present:
>           ROBERT A. KATZMANN,
>                   *Chief Judge*,
>           PETER W. HALL,
>           GERARD E. LYNCH,
>                   *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>       *Appellee*,

>               v.                                          No. 18-691

ROSS WILLIAM ULBRICHT, AKA DREAD PIRATE
ROBERTS, AKA SILK ROAD, AKA SEALED DEFENDANT
1, AKA DPR,

>       *Defendant-Appellant*.

_____

For Appellant:                           Paul Grant, Law Office of Paul Grant, Parker, CO.

For Appellee:                            Eun Young Choi and Anna M. Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the denial of a motion for an extension of time to file a motion for a new trial

and a motion for reconsideration of the United States District Court for the Southern District of

New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the orders of the lower court are **AFFIRMED**.

Defendant Ross William Ulbricht appeals the denial of his motion for an extension of

time to file a motion for a new trial based on newly discovered evidence pursuant to Federal

Rule of Criminal Procedure 33, and of his subsequent motion for reconsideration, entered by the

United States District Court for the Southern District of New York (Forrest, *J.*). We assume the

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on

appeal.

On February 4, 2015, a jury convicted Ulbricht of various counts stemming from his

founding and operation of an online black market called "Silk Road," which facilitated the sale

of millions of dollars of illegal goods and services. Before trial, Ulbricht moved to exclude

evidence obtained pursuant to five "pen/trap orders" under 18 U.S.C. §§ 3121-27. These orders

allow the Government to, among other things, record the Internet Protocol addresses ("IP

addresses") associated with users of specific networks and the websites they visit. The district

court denied Ulbricht's motion to suppress this evidence, and we affirmed. *United States v.*

*Ulbricht*, 858 F.3d 71, 97-98, 135 (2d Cir. 2017), *abrogated on other grounds by United States v.*

*Zodhiates*, 901 F.3d 137 (2d Cir. 2018).

On February 5, 2018, Ulbricht moved for an extension of time to file a motion for a new

trial based on newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33. A

Rule 33 motion must be filed within three years of the guilty verdict. Fed. R. Crim. P. 33(b)(1).

The normal deadline, February 4, 2018, fell on a Sunday, so the deadline became February 5, 2018. Ulbricht offered three justifications for an extension. First, his attorneys had not yet received the client file from trial and appellate counsel, who had for eight months refused to gather those materials unless someone paid them to do so. Second, Ulbricht was simultaneously seeking pen/trap data that had not been turned over before trial. Along with his motion for an extension, Ulbricht moved for a partial unsealing of magistrate files that, pursuant to 18 U.S.C. § 3123, should contain details about three pen/traps that the magistrate ordered during the investigation. The Government represented before trial that it had produced all relevant pen/trap data, but it had not produced the data in these three files, despite apparently relying on that data in its application for a search warrant for Ulbricht's laptop and residence. The Government had also recently agreed to turn over some unspecified other pen/trap data. Third, a recently published book—*American Kingpin* by Nick Bilton—reported that FBI agents used the pen/trap to determine Ulbricht's location inside his home.

The district court denied the motion for an extension, holding that the evidence Ulbricht hoped to acquire would not be "new evidence" under the law, so any motion based on that evidence would be futile. It then denied as moot the motion to unseal the magistrate's files. On February 20, 2018, Ulbricht filed a motion for reconsideration. **A83-93.** The district court denied that motion on February 21, 2018. This timely appeal followed.

Relief under Rule 33 based on newly discovered evidence may be granted only if (1) the evidence was discovered after trial, (2) the court can infer from the facts alleged that the movant acted with due diligence to obtain the evidence, (3) the evidence is material and would likely result in an acquittal, and (4) the evidence is not simply cumulative or impeaching. *United States v. Forbes*, 790 F.3d 403, 406-07 (2d Cir. 2015). Evidence is only "newly discovered" under Rule

33 if it "was discovered after trial" and "could not with due diligence have been discovered before or during trial." *Id.* at 409.[1] The parties agree that we should review the district court's decision for abuse of discretion.

We agree with the district court that the data collected from the three pen/traps is not "newly discovered" under Rule 33, meaning a motion based on that evidence would be futile. Accordingly, denial of Ulbricht's motion for an extension was not an abuse of discretion. Ulbricht argues that the data from the three pen/traps is newly discovered because the government claimed before trial that all unproduced data from the pen/traps was immaterial, which prevented Ulbricht from obtaining the data. He also notes that the purported revelation in *American Kingpin* that FBI agents were using these pen/traps to track his actual location in his house makes this evidence potentially more material. But it is undisputed that Ulbricht knew about these three pen/traps, and Ulbricht does not claim that the warrant applications that cite data collected from those pen/traps were unavailable prior to trial. As to *American Kingpin*, new information about old evidence—evidence that was available before trial and could have been obtained with the exercise of due diligence—does not change the fact that the old evidence itself was known and could have been obtained with the exercise of due diligence. *Cf. United States v. Owen*, 500 F.3d 83, 89 (2d Cir. 2007) (Rule 33 new trials cannot be granted based on evidence that was known but unavailable before trial simply because the evidence becomes available after trial). Ulbricht knew about the pen/trap data. That is the end of the inquiry.[2]

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

[2] *American Kingpin* is not itself new evidence that could form the basis for a successful Rule 33 motion, as it is entirely hearsay, and, even if it weren't, is insufficient to show that any evidence should have been excluded from trial, much less that it would have resulted in an acquittal.

We also agree that nothing in Ulbricht's prior counsel's files could possibly be "newly discovered" evidence. The district court therefore did not abuse its discretion in finding that Ulbricht had not shown good cause for an extension on this ground.

We have considered all of Ulbricht's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk